IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

HSH NORDBANK AG NEW YORK
BRANCH, as Administrative Agent for
Itself and Certain Lenders

    Plaintiff,

  v.

MICHAEL SWERDLOW, BRIAN
STREET, and JAMES COHEN,

    Defendants.

**08 CV 6131**

Civil Action No. _____

**COMPLAINT**

RECEIVED

JUL 0 3 2008

U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff HSH NORDBANK AG NEW YORK BRANCH ("Plaintiff" or "HSH

Nordbank"), as Administrative Agent for itself and certain other lenders, by and through its

attorneys Sonnenschein Nath & Rosenthal LLP, alleges as follows for its complaint against

defendants MICHAEL SWERDLOW ("Swerdlow"), BRIAN STREET ("Street"), and JAMES

COHEN ("Cohen") (collectively, "Defendants" or "Guarantors"):

### NATURE OF THE ACTION

1. In December 2005, HSH Nordbank agreed to make a loan of up to a maximum

principal amount of $192 million (the "Loan") to Holly Hill I Associates, Ltd. (the "Borrower")

for the development of a residential condominium project in Holly Hill, Florida (the

"Development Project"). In 2006, the Loan was syndicated among Plaintiff and five other

lenders. Plaintiff is authorized to act as the Administrative Agent on behalf of itself and the

other lenders.

2. Guarantors, who were principals of Borrower at the time the Loan was made,

executed three guaranties in favor of Plaintiff, in support of Borrower's obligations under the

Loan. In December 2005, Guarantors provided a Guaranty of Payment (the "Payment

Guaranty"), which jointly and severally guaranteed, *inter alia*, "full payment when due of all interest on the Loan," as well as a Completion Costs Guaranty. In June 2006, as consideration for an amendment to the Loan, Guarantors executed a Principal Guaranty that jointly and severally guaranteed "payment when due... of the outstanding principal balance of the Loan" up to $40 million. (Collectively, the Payment Guaranty and the Principal Guaranty are referred to herein as the "Guaranties.")

3.    As the Florida real estate market has weakened over the last eighteen months, Borrower's Development Project has foundered. Through the first six months of 2008, numerous construction liens were filed against the Development Project. The filing of these liens and Borrower's failure to discharge them constitutes a default of Borrower's obligations under the operative Loan documents. On April 1, 2008, Borrower failed to make scheduled interest and other payments to Plaintiff, which failure constitutes another default of Borrower's Loan obligations to Plaintiff. As a result of Borrower's defaults, Plaintiff elected, by written demand dated April 3, 2008, to accelerate the Loan, causing the entire outstanding principal amount of $132,684,433.69, plus all accrued interest and fees, as well as other incurred fees and expenses, to become immediately due and payable.

4.    Plaintiff, by letters dated April 4, 2008, duly notified each of the Guarantors that Borrower had defaulted on the Loan, and that all outstanding principal, interest and other amounts owed were then immediately due and payable. Plaintiff demanded that Guarantors immediately make all payments required by the Guaranties.

5.    Notwithstanding their unequivocal obligations under the Guaranties, Guarantors have improperly ignored Plaintiff's demand that they fulfill their joint and several obligations to make a $40 million principal payment to Plaintiff and to pay the additional amounts that they

- 2 -

currently owe under the Guaranties for interest, fees and expenses. By virtue of their failure to comply with Plaintiff's demands, Guarantors have breached the Guaranties.

6.      By this action, HSH Nordbank, as Administrative Agent on behalf of itself and other lenders, seeks to recover all amounts that Guarantors currently owe pursuant to the terms of the Guaranties.

### THE PARTIES

7.      Plaintiff HSH Nordbank, the New York branch of a foreign bank licensed under the laws of the State of New York, is a citizen of the State of New York. HSH Nordbank is the Administrative Agent for itself and certain other lenders that agreed to lend up to a principal amount of $192 million to Borrowers for the development of residential condominiums in Holly Hill, Florida.

8.      Upon information and belief, Defendant Swerdlow is a citizen and resident of the State of Florida.

9.      Upon information and belief, Defendant Street is a citizen and resident of the State of Florida.

10.     Upon information and belief, Defendant Cohen is a citizen and resident of the State of Florida.

### JURISDICTION AND VENUE

11.     This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because this case is between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

12.     Venue is proper in this district because Defendants irrevocably submitted to the jurisdiction of this Court in the Guaranties. In addition, venue is proper pursuant to 28 U.S.C. §1391(a)(2). The funds owed by Guarantors were required to be disbursed to Plaintiff's New

York bank account. The Loan documents and Guaranties were, in significant part, negotiated, drafted and developed in New York, with the assistance of New York counsel for both Plaintiff and Defendants.

## STATEMENT OF FACTS

### The Loan Documents

13.    Pursuant to a loan agreement dated December 15, 2005, by and between Borrower and Plaintiff, Plaintiff agreed to loan Borrower the maximum principal amount of $192 million in order to finance the Development Project.

14.    The loan agreement was amended on March 7, 2006, May 18, 2006, and July 6, 2006 (collectively, the loan agreement and the three amendments to the loan agreement are referred to herein as the "Loan Agreement."). A true and correct copy of the Loan Agreement is annexed as Exhibit A and incorporated herein by reference.

15.    The Loan Agreement defines "Default" as "any event which, if it were to continue uncured, would, with notice or lapse of time or both, constitute an Event of Default." (Loan Agreement, Ex. A, §1.1 at p. 10.) Events of Default include:

> 14.1    **Payments**. Borrower's failure to pay (x) any regularly scheduled installment of principal, interest…or other amount due under the Loan Documents… on the date when due, (y) Borrower's failure to pay the Loan at the Maturity Date, whether by acceleration or otherwise or (z) any other amount required to be paid by Borrower hereunder or under any of the other Loan Documents within the time periods applicable to any such payment set forth herein or therein[.]
>
> 14.5 **Specific Covenants**. If there occurs a violation of any of the provisions of [Section 12.5 of the Loan Agreement, which states: Borrower will not suffer or permit any construction or mechanics' or materialmens' Lien claims to be filed or otherwise asserted against the Project].

(*Id.*, Ex. A, §§ 14.1, 14.5 at pp. 86-7.)

16.    The Loan Agreement also states that in the event Borrower fails:

> to make any payment or perform any act required by the Loan Documents, then after the occurrence of an Event of Default, and without notice to or demand upon Borrower... [HSH Nordbank] may (but shall not be obligated to) make such payment or perform such act for the account of and at the expense of Borrower, and shall have the right to enter upon the Project for such purpose and to take all such action thereon and with respect to the Project as it may deem necessary or appropriate.

(*Id.*, Ex. A, §15.3 at p. 90.)

17.    In connection with the Loan, Borrower executed and delivered to Plaintiff a First Renewed and Restated Future Advance Secured Promissory Note dated December 15, 2005, in the principal face amount of $192 million (the "First Renewed Note"). Subsequent to the execution of the Loan Agreement and the First Renewed Note, Borrower executed and delivered a series of Replacement First Renewed and Restated Future Advance Secured Promissory Notes in connection with the syndication of the Loan (the "Replacement Notes"), which in the aggregate replaced the First Renewed Note. The Replacement Notes, all of which are dated November 10, 2006, were entered into by and between Borrower and each of the following lenders individually, in the following principal amounts:

a.    HSH Nordbank for $40 million;

b.    Deutsche Hypothekenbank (Actien-Gesellschaft) for $22.5 million;

c.    Bank of Scotland (n/k/a Bank of Scotland PLC) for $27.5 million;

d.    Natixis Banques Populaires (n/k/a/ Natixis, New York Branch) for $40 million;

e.    KBC Bank, NV for $22.5 million;

f.    LRP Landesbank Rheinland-Pfalz for $27.5 million.

True and correct copies of the First Renewed Note and the Replacement Notes are annexed as Exhibit B and incorporated herein by reference. (Collectively, HSH Nordbank, Deutsche Hypothekenbank (Actien-Gesellschaft), Bank of Scotland (n/k/a Bank of Scotland PLC), Natexis

Banques Populaires (n/k/a Natixis, New York Branch), KBC Bank, NV, and LRP Landesbank

Rheinland-Pfalz are referred to herein as the "Lenders".)

18.    Borrower's Loan obligations were secured by, among other things, the

Guaranties. The Payment Guaranty, dated December 15, 2005, is an irrevocable, absolute, and

continuing guaranty of payment and performance, and not merely a guaranty of collection. A

true and correct copy of the Payment Guaranty is annexed as Exhibit C and incorporated herein

by reference.

19.    In Section 1 of the Payment Guaranty, titled "Guaranty", Guarantors agreed, *inter*

*alia*, to "unconditionally, jointly and severally guarantee … full payment when due of all interest

on the Loan … and to pay any and all expenses (including reasonable counsel fees and expenses)

incurred by [HSH Nordbank] in enforcing any rights under this Guaranty." (Payment Guaranty,

Ex. C, § 1 at pp. 1-2.) Section 1 states in its entirety as follows:

> Guarantors hereby unconditionally, jointly and severally guarantee
> (i) full payment and performance of all Borrower's obligations
> under the Tax Indemnity Agreement,(ii) the full payment, when
> due, of all Operating Expenses, Real Estate Taxes, condominium
> charges and fees, Condominium Unit sales and marketing costs,
> and any and all other taxes related to the Project besides Real
> Estate Taxes, (iii) the full payment when due of all Impermissible
> Assignment Prepayments, (iv) the full payment when due of a
> portion of the principal amount of the Loan equal to the aggregate
> of the original full Sales Price payable under each Condominium
> Unit Contract which has been the subject of an Impermissible
> Assignment, and (v) full payment when due of all interest on the
> Loan, including, but limited to, all Additional Interest, Report
> Margin Increases, Open Conditions Margin Increases and
> Impermissible Assignment Margin Increases (including all
> Retroactive Portions) (all such obligations listed in clauses (i) - (v)
> being referred to herein as the "**Obligations**"), and agree to pay
> any and all expenses (including reasonable counsel fees and
> expenses) incurred by Administrative Agent in enforcing any
> rights under this Guaranty.

20.    To induce HSH Nordbank to execute the Third Amendment to the Loan

Agreement and Certain Other Loan Documents and effectuate the changes set forth therein, each

Guarantor executed the Principal Guaranty. The Principal Guaranty, dated July 6, 2006, is an irrevocable, absolute, and continuing guaranty of payment and performance, and not merely a guaranty of collection. In Section 1(a) of the Principal Guaranty, titled "Guaranty", the Guarantors agreed to:

> …jointly and severally, irrevocably and unconditionally guarantee to [HSH Nordbank, as administrative agent for the benefit of itself and the Lenders,] the performance and punctual payment when due, whether at stated maturity, by acceleration, lapse of time or otherwise, of the outstanding principal balance of the Loan now or hereafter existing from time to time in an amount, singly or in the aggregate, up to but not in excess of $40,000,000 (the "**Guaranteed Obligation**"), and agree to pay any and all expenses (including reasonable counsel fees and expenses) incurred by [HSH Nordbank] in enforcing any rights under this Guaranty. Each of the Guarantors hereby irrevocably and unconditionally covenants and agrees that he is jointly and severally liable for the Guaranteed Obligation, as a primary obligor.

(Principal Guaranty, Ex. D, § 1 at p. 2.) A true and correct copy of the Principal Guaranty is annexed as Exhibit D and incorporated herein by reference.

21.     Pursuant to Article 17 of the Loan Agreement, Plaintiff has been appointed as Administrative Agent for the Lenders, with full power and authority to collect and administer the Loan, and to exercise all rights and remedies of the Lenders under the Loan Agreement, the Replacement Notes, the Guaranties and all other related Loan documents (collectively, the "Loan Documents"), including taking action with respect to a Default under the Loan Documents. As Administrative Agent for the Lenders, Plaintiff is entitled to all of the rights and remedies provided for under the Loan Documents, in law or equity.

## Borrower's Default Under The Loan Agreement and Guarantors' Default Under the Guaranties

22.     To date, over 115 liens in an aggregate amount exceeding $9,000,000 have been filed against the Development Project. Pursuant to Section 14.5 of the Loan Agreement, the filing of these liens and Borrower's failure to discharge them within 15 days of filing constitutes

- 7 -

an Event of Default.  By letters dated January 22, 2008, March 10, 2008, March 14, 2008, and

March 19, 2008, HSH Nordbank notified Borrower of liens filed by at least nine entities and of

Borrower's default under the Loan Agreement.  True and correct copies of the Notices of Default

with attachments are annexed as Exhibit E and incorporated herein by reference.

  23. By written notice dated April 3, 2008, Plaintiff notified Borrower of Borrower's

failure to make a scheduled payment of interest due on the Loan in the amount of $626,913.32,

together with an Administration Fee in the amount of $2,500 and a Late Payment Fee of

$31,470.67, all of which were due on or about April 1, 2008 (the "April Payment Default").

Pursuant to Section 14.1 of the Loan Agreement, the April Payment Default constitutes an Event

of Default.

  24. As a result of the above-referenced Events of Default, Plaintiff, in its April 3,

2008 notice to Borrower, accelerated the balance due on the Loan and declared all sums

outstanding to be immediately due and payable in full.  A true and correct copy of the April 3,

2008 notice of default and acceleration is annexed as Exhibit F and incorporated herein by

reference.

  25. Plaintiff also notified Guarantors, by written notice dated April 4, 2008, that

Borrower had defaulted on its obligations under the Loan Agreement, and that Lenders had

elected to accelerate the Loan.  Plaintiff demanded that Guarantors make immediate payment of

the $40 million owed under the Principal Guaranty, as well as all interest due and fees on the

loan – which totaled $660,883.99 as of April 4, 2008 and continues to accrue for as long as the

Loan is in default – owed pursuant to the Payment Guaranty.  True and correct copies of the

April 4, 2008 notices of default are annexed as Exhibits G and H and incorporated herein by

reference.

26.    On or about April 9, April 21, May 1, May 27, and June 9, 2008, pursuant to
Section 15.3 and other provisions of the Loan Agreement and other Loan documents, and in
order to ensure continuity of essential services to and at the Development Project, Plaintiff made
protective advances for the purpose of paying certain necessary operating expenses for the
Development Project such as insurance premiums, utility bills, pool supplies and pest control, all
of which had fallen into arrears. The total amount of the protective advances made by Plaintiff
to date is $928,770.86. These protective advances also constitute guaranteed obligations under
the Payment Guaranty. True and correct copies of the April 9, April 21, May 1, May 27, and
June 9, 2008 notices of protective advances are annexed as Exhibit I and incorporated herein by
reference.

27.    To date, Guarantors have made none of the payments required by the Guaranties.
By letter dated May 16, 2008, Plaintiff notified Guarantors that they had defaulted on their
obligations under the Guarantees by virtue of their failure to comply with Plaintiff's payment
demands. A true and correct copy of the May 16, 2008 letter is annexed as Exhibit J and
incorporated herein by reference.

### FIRST CAUSE OF ACTION
### Breach of the Principal Guaranty

28.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1-27 of this
Complaint as if fully set forth herein.

29.    Pursuant to the Principal Guaranty, dated July 6, 2006, Guarantors jointly and
severally, irrevocably and unconditionally guaranteed to HSH Nordbank, as Administrative
Agent for the benefit of itself and the Lenders, the performance and punctual payment, when
due, of the outstanding principal balance of the Loan up to $40 million, and agreed to pay any
and all expenses (including reasonable counsel fees and expenses) incurred by HSH Nordbank in
enforcing any rights under the Principal Guaranty.

30.    As set forth above, Borrower has defaulted on the Loan, and Plaintiff has elected to accelerate the balance due on the Loan. The outstanding principal balance of the loan, in the amount of $132,684,433.69 as of the date of acceleration, is currently due and owing.

31.    By written notice dated April 4, 2008, Plaintiff notified Guarantors of Borrower's default, and demanded immediate payment of $40 million from Guarantors pursuant to the terms of the Principal Guaranty.

32.    Despite this demand, Guarantors have failed to pay any portion of the $40 million that is due to Plaintiff under the terms of the Principal Guaranty. Guarantors have thus breached the Principal Guaranty.

33.    As a result of Guarantors' breach of the Principal Guaranty, Plaintiff has been damaged in the amount of at least $40 million, as well as pre-judgment and post-judgment interest and attorneys' fees and costs to which Plaintiff also is entitled.

### SECOND CAUSE OF ACTION
### Breach of the Payment Guaranty

34.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1-33 of this Complaint as if fully set forth herein.

35.    Pursuant to the Payment Guaranty, dated December 15, 2005, Guarantors unconditionally, jointly and severally guaranteed the full payment, when due, of, *inter alia*, all operating expenses and interest on the Loan, and agreed to pay any and all expenses (including reasonable counsel fees and expenses) incurred by HSH Nordbank in enforcing any rights under the Payment Guaranty.

36.    As described above, Borrower has failed to pay interest on the Loan in the amount of $626,913.32, together with an Administration Fee in the amount of $2,500 and a late Payment Fee in the amount of $31,470.67, all of which were due on or about April 1, 2008.

37.    By written notice dated April 4, 2008, Plaintiff notified Guarantors of Borrower's default under the Loan, and demanded immediate payment of all interest and fees due on the Loan – which was $660,883.99 as of the date of the notice and continues to accrue for as long as the Loan is in default – from Guarantors pursuant to the terms of the Payment Guaranty.

38.    Despite this demand, Guarantors have failed to pay any portion of the more than $660,883.99 that is due to Plaintiff under the terms of the Payment Guaranty.  Guarantors have thus breached the Payment Guaranty.

39.    Since the time of Borrower's default, as permitted by the Loan Agreement, Plaintiff has made protective advances for the purpose of paying certain necessary operating expenses for the Development Project in the amount of $928,770.86.  These protection advances constitute part of the guaranteed obligations under the Payment Guaranty.

40.    As a result of Guarantors' breach of the Payment Guaranty, Plaintiff has been damaged in an amount equal to the interest, fees, protective advances of operating expenses, and other charges that have accrued and will continue to accrue through the date of judgment, as well as pre-judgment and post-judgment interest and attorneys' fees and costs to which Plaintiff also is entitled.

**WHEREFORE**, HSH Nordbank demands judgment against all Defendants, jointly and severally, as follows:

a) On the first cause of action, for breach of the Principal Guaranty, for the sum of $40 million, plus all additional sums found due under the Principal Guaranty, including pre-judgment and post-judgment interest, attorneys' fees and costs incurred by Plaintiff to enforce its rights under the Principal Guaranty;

b) On the second cause of action, for breach of the Payment Guaranty, for judgment against all Defendants, jointly and severally, for all interest, fees, protective advances of

- 11 -

operating expenses, and other charges that have accrued and will continue to accrue through

the date of judgment, as well as all additional sums found due under the Payment Guaranty,

including pre-judgment and post-judgment interest, attorneys' fees and costs incurred by

Plaintiff to enforce its rights under the Payment Guaranty; and

    c) Such other and further relief as the Court may deem just and proper.

Dated: July 3, 2008

                SONNENSCHEIN NATH & ROSENTHAL LLP

                By: _____
                    Michael H. Barr (MB-3171)
                    Justin N. Kattan (JK-9724)

                    1221 Avenue of the Americas
                    New York, New York 10020
                    (212) 768-6700 (phone)

                    *Attorneys for Plaintiff*

- 12 -

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| HSH NORDBANK AG NEW YORK BRANCH, as Administrative Agent for Itself and Certain Lenders <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL SWERDLOW, BRIAN STREET, and JAMES COHEN, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No.



**EXHIBITS TO COMPLAINT**

**VOL. 2 OF 2**

# EXHIBIT B
# (1 of 2)

**Execution Copy**

# FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTE

US $192,000,000                                    Dated as of December 15, 2005

       FOR VALUE RECEIVED, the undersigned, **HOLLY HILL I ASSOCIATES, LTD.**, a Florida limited partnership (the "**Maker**"), hereby covenants and promises to pay to the order of **HSH NORDBANK AG NEW YORK BRANCH**, having an office at 230 Park Avenue, New York, New York 10169-0005 (the "**Payee**"), in immediately available funds to the Payee, at the account specified below, the principal sum of ONE HUNDRED NINETY-TWO MILLION and 00/100 DOLLARS ($192,000,000) (the "**Principal Amount**"), or so much thereof as may be outstanding under this Note and the Loan Agreement of even date herewith between the Maker, the Payee, as Administrative Agent, and the Lenders described therein (the "**Loan Agreement**"), on or before December 18, 2008 (the "**Maturity Date**"), in lawful money of the United States of America, with interest on the unpaid principal sum owing thereunder at the rate or rates or in the amounts computed as set forth in the Loan Agreement, together with all other amounts due the Payee for the account of the Lenders under the Loan Agreement, all payable in the manner and at the time or times provided in the Loan Agreement. Capitalized terms used herein, but not defined, shall have the meanings assigned to them in the Loan Agreement. Unless otherwise specified by the Payee, all payments hereunder shall be made to Administrative Agent by wire transfer of immediately available funds to JP Morgan Chase, NYC, ABA No. 021000021, for the account of HSH Nordbank New York Branch, Account 400 949 687, Reference: Holly Hill Construction Loan, Attention: Loan Operations, or, subject to providing notice to the Maker, to such other account as the Administrative Agent may designate in writing.

       This First Renewed and Restated Future Advance Secured Promissory Note (this "**Note**") is referred to in and is secured by a certain First Renewed and Restated

---

NOTE TO RECORDER: THIS FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTE (THIS "NOTE") RENEWS AND RESTATES THAT CERTAIN REPLACEMENT CONSOLIDATED AND RESTATED RENEWAL AND ADDITIONAL ADVANCE SECURED PROMISSORY NOTE #1 DATED AS OF JUNE 30, 2005 (THE "PRIOR NOTE") WITH A CURRENT OUTSTANDING PRINCIPAL BALANCE OF $14,000,000.00 (THE "PRIOR LOAN"). A TRUE COPY OF THE PRIOR NOTE IS ATTACHED HERETO. ALL DOCUMENTARY STAMP TAXES AND INTANGIBLE TAXES DUE IN CONNECTION WITH THE PRIOR LOAN WERE PAID IN CONNECTION WITH THE RECORDING OF A CERTAIN CONSOLIDATED, SPREAD AND RESTATED MORTGAGE, ASSIGNMENT OF RENTS AND LEASES, SECURITY AGREEMENT, FIXTURE FILING THAT WAS RECORDED IN OFFICIAL RECORDS BOOK 5591, PAGE 4709, IN THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA. THE PRIOR LOAN WAS ASSUMED BY MAKER PURSUANT TO A CERTAIN NOTE AND MORTGAGE ASSUMPTION AGREEMENT (THE "ASSUMPTION AGREEMENT") RECORDED CONTEM-PORANEOUSLY HEREWITH. ALL DOCUMENTARY STAMP TAXES DUE IN CONNECTION WITH THE ASSUMPTION OF THE PRIOR LOAN ARE BEING PAID IN CONNECTION WITH THE RECORDING OF THE ASSUMPTION AGREEMENT. NO INTANGIBLE TAXES ARE DUE IN CONNECTION WITH THE RECORDING OF THE ASSUMPTION AGREEMENT. THIS NOTE EVIDENCES A FUTURE ADVANCE IN THE AMOUNT OF $178,000,000.00 (THE "FUTURE ADVANCE"). ALL DOCUMENTARY STAMP TAXES AND INTANGIBLE TAXES DUE IN CONNECTION WITH THE FUTURE ADVANCE ARE BEING PAID IN CONNECTION WITH THE RECORDING OF A FIRST RENEWED AND RESTATED MORTGAGE, ASSIGNMENT OF RENTS AND LEASES, SECURITY AGREEMENT AND FIXTURE FILING OF EVEN DATE HEREWITH.

17488042\V-3

Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing dated as of the date hereof (the "**Mortgage**") and the Loan Agreement.  The Loan Agreement and the Mortgage contain provisions for the acceleration of the maturity of this Note upon the occurrence of certain defaults and/or other events specified therein.

If this Note or any interest hereon becomes due and payable on a day which is not a Business Day, the maturity hereof and/or the applicable interest payment date shall be extended to the next succeeding Business Day, unless such next succeeding Business Day is in a different calendar month, in which case the applicable maturity or interest payment date shall be the immediately preceding Business Day.  In the event payment of principal is extended under the preceding sentence, interest shall be payable thereon at the rate then in effect during each extension.

If not sooner due and payable in accordance with the Loan Agreement, the Maker shall pay to the Payee all amounts due and unpaid under this Note and the Loan Agreement on the Maturity Date.

The Maker, co-makers, sureties, endorsers and guarantors, and each of them, expressly waive demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, notice of intent to accelerate the maturity hereof, notice of the acceleration of the maturity hereof, bringing of suit and diligence in taking any action to collect amounts called for hereunder and in the handling of securities at any time existing in connection herewith; and except as otherwise expressly set forth in the Loan Agreement and the other Loan Documents, such parties are and shall be jointly, severally, directly and primarily liable for the payment of all sums owing and to be owing hereon, regardless of and without any notice, diligence, act or omission as or with respect to the collection of any amount called for hereunder or in connection with any right, lien, interest or property at any and all times had or existing as security for any amount called for hereunder.

This Note evidences all advances made, interest due and all amounts otherwise owed to the Payee in connection with the Loan under Loan Agreement.  This Note is executed in conjunction with the Loan Agreement and is secured by the liens and security interests created under the Loan Documents.  Reference is made to the Loan Agreement for provisions relating to repayment of the Indebtedness evidenced by this Note, including mandatory repayment, acceleration following an Event of Default, late charges, interest at the Default Rate, limitations on interest, restrictions on prepayment, and participation interest (if any).

This Note has been executed and delivered in and shall be construed in accordance with and governed by the laws of the State of New York and of the United States of America.

This Note restates, amends and supersedes in its entirety the provisions of that certain Replacement Consolidated and Restated Renewal and Additional Advance Secured Promissory Note #1 (the "**Prior Note**") dated as of June 30, 2005, executed by

Holly Hill Associates, Ltd., in the original principal amount of $14,000,000, so that, from and after the date hereof, this Note shall evidence an indebtedness in the aggregate principal amount of $192,000,000, inclusive of the $14,000,000 advanced and outstanding under the Prior Note. All of the existing and future obligations and liabilities of Holly Hill Associates, Ltd. under the Prior Note were assumed by Maker under and pursuant to a certain Note and Mortgage Assumption Agreement dated as of the date hereof, between Maker and Payee.

Maker hereby confirms its agreement to assume any and all obligations and liabilities of Holly Hill Associates, Ltd., presently existing or hereafter arising, under the Prior Note, as restated, amended and superseded by this Note. Furthermore, Maker hereby confirms and acknowledges that, as of the date hereof, the outstanding principal amount of this Note is $28,000,000, together with interest accrued and/or to accrue thereon.

The provisions of **Section 21.1** of the Loan Agreement shall apply to the Maker's obligations under this Note and are incorporated herein as if fully set forth herein.

[Balance of page intentionally left blank]

IN WITNESS HEREOF, this Note has been duly authorized, executed acknowledged and delivered by the Maker to the Payee on the date first written above.

**HOLLY HILL I ASSOCIATES, LTD.**, a Florida limited partnership

By:   Boca Holly Hill I GP, Inc., a Florida corporation, its General Partner

By: _____

Name: _Theodore R. Stotzer_

Title: _Vice President_

17488042

STATE OF FLORIDA        )
                        )ss.:
COUNTY OF   BROWARD     )

On the 15th day of December, 2005, before me, the undersigned, a Notary Public in and for said state, personally appeared   Theodore R. Stotzer  , personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacities and that by his signature on the instrument, the persons or the entities upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

_____
                    Notary Public

Celeste M. Orlins
Commission # DD338393
Expires August 24, 2008
Bonded Troy Fain - Insurance, Inc. 800-385-7019

17488042

**NEXT DOCUMENT**

**HSH**
**EXECUTION COPY**

## REPLACEMENT FIRST RENEWED AND RESTATED
## FUTURE ADVANCE SECURED PROMISSORY NOTE

US $40,000,000.00                    Dated as of November 10, 2006

FOR VALUE RECEIVED, the undersigned, **HOLLY HILL I ASSOCIATES, LTD.**, a Florida limited partnership (the "**Maker**"), hereby covenants and promises to pay to the order of **HSH NORDBANK AG NEW YORK BRANCH**, having an office at 230 Park Avenue, New York, New York 10169-0005 (the "**Payee**"), in immediately available funds to the Payee, at the account specified below, the principal sum of Forty Million and No/00 Dollars ($40,000,000.00) (the "**Principal Amount**"), or so much thereof as may be outstanding under this Replacement First Renewed and Restated Future Advance Secured Promissory Note (this "**Note**") and the Loan Agreement dated as of December 15, 2005 between the Maker, the Payee, as Administrative Agent (the "**Agent**"), and the Lenders described therein; as amended by a certain First Amendment to Loan Agreement and Certain Other Loan Documents dated as of March 7, 2006, by and among the Maker, Michael Swerdlow, Brian Street and James Cohen (Michael Swerdlow, Brian Street and James Cohen are herein referred to collectively as the "**Guarantors**"), and the Agent; as further amended by a certain Second Amendment to Loan Agreement and Certain Other Loan Documents dated as of June 1, 2006, by and among the Maker, the Guarantors, and the Agent; and as further amended by a certain Third Amendment to Loan Agreement and Certain Other Loan Documents dated as of July 6, 2006 (the "**Third Amendment**"), by and among the Maker, the Guarantors and the Agent (as the same in the future may be further amended from time to time, the "**Loan Agreement**"), on or before December 18, 2008 (the "**Maturity Date**"), in lawful money of the United States of America, with interest on the unpaid principal sum owing thereunder at the rate or rates or in the amounts computed as set forth in the Loan Agreement, together with all other amounts due the Payee under the Loan Agreement, all payable in the manner and at the time or times provided in the Loan Agreement. Capitalized terms used herein, but not defined, shall have the meanings assigned to them in the Loan Agreement. Unless otherwise specified by the Payee, all payments hereunder shall be made to the Agent by wire transfer of immediately available funds to JP Morgan Chase, NYC, ABA No. 021000021, for the account of HSH Nordbank AG New York Branch, Account 400 949 687, Reference: Holly Hill

---

THIS REPLACEMENT FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTE (THIS "NOTE") RENEWS 22.222222% OF THE PRINCIPAL BALANCE OUTSTANDING FROM TIME TO TIME UNDER THAT CERTAIN FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTE DATED AS OF DECEMBER 15, 2005 (THE "ORIGINAL NOTE"), IN THE ORIGINAL PRINCIPAL AMOUNT OF $192,000,000. ALL DOCUMENTARY STAMP TAXES DUE ON THE OBLIGATION EVIDENCED BY THE ORIGINAL NOTE WERE PAID UPON RECORDATION OF THAT CERTAIN FIRST RENEWED AND RESTATED MORTGAGE, ASSIGNMENT OF RENTS AND LEASES, SECURITY AGREEMENT AND FIXTURE FILING DATED AS OF DECEMBER 15, 2005 AND RECORDED ON DECEMBER 20, 2005 IN O.R. BOOK 5728, AT PAGE 2335 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA, AS PROVIDED IN THE ORIGINAL NOTE. THE MAKER OF THIS NOTE IS THE SAME OBLIGOR AS THE MAKER UNDER THE ORIGINAL NOTE AND NO NEW FUNDS HAVE BEEN ADVANCED IN CONNECTION HEREWITH. ACCORDINGLY, PURSUANT TO FLORIDA STATUTE SECTION 201.09, NO FURTHER DOCUMENTARY STAMP TAXES ARE DUE HEREON. THIS NOTE TOGETHER WITH THOSE CERTAIN OTHER REPLACEMENT FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTES IN THE RESPECTIVE PRINCIPAL AMOUNTS OF $22,500,000, $27,500,000, $22,500,000, $40,000,000, AND $27,500,000 ALSO MADE BY THE SAME OBLIGOR, RENEW, REPLACE AND SUPERSEDE THE ORIGINAL NOTE IN ITS ENTIRETY EFFECTIVE AS OF THE STATED DATE HEREOF. THE ORIGINAL NOTE OR A CERTIFIED COPY THEREOF IS ATTACHED HERETO.

17540190

Construction Loan., Attention: Loan Operations, or, subject to providing notice to the Maker, to such other account as the Agent may designate in writing.

This Note is one of six (6) Replacement First Renewed and Restated Future Advance Secured Promissory Notes which, as of the date hereof, replace that certain First Renewed and Restated Future Advance Secured Promissory Note dated as of December 15, 2005 issued by the Maker to the order of the Agent on behalf of certain Lenders in the stated principal amount of $192,000,000 (the "**Original Note**"). As a result of a prepayment of the outstanding principal amount of the Original Note in the amount of $12,000,000 made pursuant to the terms of the Third Amendment, the maximum principal amount which now or in the future at any time may be outstanding under the Original Note has been irrevocably reduced to $180,000,000, and this Note, together with the DH Note, the LRP Note, the KBC Note, the NBP Note and the BOS Note (all as defined below), in order to reflect such prepayment, have an aggregate, stated principal amount of $180,000,000. This Note is secured by a certain First Renewed and Restated Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing dated as of December 15, 2005 (the "**Mortgage**") and the Loan Agreement. This Note, together with that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of Deutsche Hypothekenbank (Actien-Gesellschaft) in the stated principal amount of $22,500,000.00 (the "**DH Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of LRP Landesbank Rheinland-Pfalz in the stated principal amount of $27,500,000.00 (the "**LRP Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of KBC Bank, NV in the stated principal amount of $22,500,000.00 (the "**KBC Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of Natexis Banques Populaires in the stated principal amount of $40,000,000.00 (the "**NBP Note**"), and that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of Bank of Scotland in the stated principal amount of $27,500,000.00 (the "**BOS Note**"), as of the date hereof replace the Original Note and evidence the Loan. The Loan Agreement and the Mortgage contain provisions for the acceleration of the maturity of this Note upon the occurrence of certain defaults and/or other events specified therein.

If this Note or any interest hereon becomes due and payable on a day which is not a Business Day, the maturity hereof and/or the applicable interest payment date shall be extended to the next succeeding Business Day, unless such next succeeding Business Day is in a different calendar month, in which case the applicable maturity or interest payment date shall be the immediately preceding Business Day. In the event payment of principal is extended under the preceding sentence, interest shall be payable thereon at the rate then in effect during each extension.

2

17540190

If not sooner due and payable in accordance with the Loan Agreement, the Maker shall pay to the Payee all amounts due and unpaid under this Note and the Loan Agreement on the Maturity Date.

The Maker, co-makers, sureties, endorsers and guarantors, and each of them, expressly waive demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, notice of intent to accelerate the maturity hereof, notice of the acceleration of the maturity hereof, bringing of suit and diligence in taking any action to collect amounts called for hereunder and in the handling of securities at any time existing in connection herewith; and except as otherwise expressly set forth in the Loan Agreement and the other Loan Documents, such parties are and shall be jointly, severally, directly and primarily liable for the payment of all sums owing and to be owing hereon, regardless of and without any notice, diligence, act or omission as or with respect to the collection of any amount called for hereunder or in connection with any right, lien, interest or property at any and all times had or existing as security for any amount called for hereunder.

This Note evidences all advances made, interest due and all amounts otherwise owed to the Payee in connection with the Loan under Loan Agreement. This Note is secured by the liens and security interests created under the Loan Documents. Reference is made to the Loan Agreement for provisions relating to repayment of the Indebtedness evidenced by this Note, including mandatory repayment, acceleration following an Event of Default, late charges, interest at the Default Rate, limitations on interest, restrictions on prepayment, and participation interest (if any).

This Note has been executed and delivered in and shall be construed in accordance with and governed by the Laws of the State of New York and of the United States of America.

The provisions of Section 21.1 of the Loan Agreement shall apply to the Maker's obligations under this Note and are incorporated herein as if fully set forth herein.

This Note, together with the DH Note, the LRP Note, the KBC Note, the NBP Note and the BOS Note, are the six (6) Replacement First Renewed and Restated Future Advance Secured Promissory Notes that, as of the date hereof, replace the Original Note.

*[signature page follows]*

17540190

IN WITNESS HEREOF, this Note has been duly authorized, executed acknowledged and delivered by the Maker to the Payee on the date first written above.

**HOLLY HILL I ASSOCIATES, LTD.,** a Florida limited partnership

By:    Boca Holly Hill I GP, Inc., a Florida corporation, its General Partner

By: _____

Name: _Theodore R. Stotzer_

Title: _Vice President_

17540190

STATE OF FLORIDA          )
                          )ss.:
COUNTY OF _Broward_       )

        On the _1st_ day of November, 2006, before me, the undersigned, a Notary Public in and for said state, personally appeared _Theodore P. Stitzer VP_, personally <u>known to me</u> or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacities and that by his signature on the instrument, the persons or the entities upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

                        _Celeste M. Orlins_
                           Notary Public

**Celeste M. Orlins**
Commission # DD338393
Expires August 24, 2008
Bonded Troy Fain - Insurance, Inc. 800-385-7019

17540190

**NEXT DOCUMENT**

**DH**
**EXECUTION COPY**

## REPLACEMENT FIRST RENEWED AND RESTATED
## FUTURE ADVANCE SECURED PROMISSORY NOTE

US $22,500,000.00                                     Dated as of November 10, 2006

      FOR VALUE RECEIVED, the undersigned, **HOLLY HILL I ASSOCIATES, LTD.**, a Florida limited partnership (the "**Maker**"), hereby covenants and promises to pay to the order of **DEUTSCHE HYPOTHEKENBANK (ACTIEN-GESELLSCHAFT)**, having an office at Georgsplatz 8, 30159 Hanover, Germany (the "**Payee**"), in immediately available funds to the Payee, at the account specified below, the principal sum of Twenty-Two Million Five Hundred Thousand and No/00 Dollars ($22,500,000.00) (the "**Principal Amount**"), or so much thereof as may be outstanding under this Replacement First Renewed and Restated Future Advance Secured Promissory Note (this "**Note**") and the Loan Agreement dated as of December 15, 2005 between the Maker, HSH Nordbank AG New York Branch, as Administrative Agent (the "**Agent**"), and the Lenders described therein; as amended by a certain First Amendment to Loan Agreement and Certain Other Loan Documents dated as of March 7, 2006, by and among the Maker, Michael Swerdlow, Brian Street and James Cohen (Michael Swerdlow, Brian Street and James Cohen are herein referred to collectively as the "**Guarantors**"), and the Agent; as further amended by a certain Second Amendment to Loan Agreement and Certain Other Loan Documents dated as of June 1, 2006, by and among the Maker, the Guarantors, and the Agent; and as further amended by a certain Third Amendment to Loan Agreement and Certain Other Loan Documents dated as of July 6, 2006 (the "**Third Amendment**"), by and among the Maker, the Guarantors and the Agent (as the same in the future may be further amended from time to time, the "**Loan Agreement**"), on or before December 18, 2008 (the "**Maturity Date**"), in lawful money of the United States of America, with interest on the unpaid principal sum owing thereunder at the rate or rates or in the amounts computed as set forth in the Loan Agreement, together with all other amounts due the Payee under the Loan Agreement, all payable in the manner and at the time or times provided in the Loan Agreement. Capitalized terms used herein, but not defined, shall have the meanings assigned to them in the Loan Agreement. Unless otherwise specified by the Payee, all payments hereunder shall be made to the Agent by wire transfer of immediately available funds to JP Morgan Chase, NYC, ABA No. 021000021, for the account of HSH Nordbank AG New York Branch, Account 400 949

---

THIS REPLACEMENT FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTE (THIS "NOTE") RENEWS 12.500000% OF THE PRINCIPAL BALANCE OUTSTANDING FROM TIME TO TIME UNDER THAT CERTAIN FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTE DATED AS OF DECEMBER 15, 2005 (THE "ORIGINAL NOTE"), IN THE ORIGINAL PRINCIPAL AMOUNT OF $192,000,000. ALL DOCUMENTARY STAMP TAXES DUE ON THE OBLIGATION EVIDENCED BY THE ORIGINAL NOTE WERE PAID UPON RECORDATION OF THAT CERTAIN FIRST RENEWED AND RESTATED MORTGAGE, ASSIGNMENT OF RENTS AND LEASES, SECURITY AGREEMENT AND FIXTURE FILING DATED AS OF DECEMBER 15, 2005 AND RECORDED ON DECEMBER 20, 2005 IN O.R. BOOK 5728, AT PAGE 2335 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA, AS PROVIDED IN THE ORIGINAL NOTE. THE MAKER OF THIS NOTE IS THE SAME OBLIGOR AS THE MAKER UNDER THE ORIGINAL NOTE AND NO NEW FUNDS HAVE BEEN ADVANCED IN CONNECTION HEREWITH. ACCORDINGLY, PURSUANT TO FLORIDA STATUTE SECTION 201.09, NO FURTHER DOCUMENTARY STAMP TAXES ARE DUE HEREON. THIS NOTE TOGETHER WITH THOSE CERTAIN OTHER REPLACEMENT FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTES IN THE RESPECTIVE PRINCIPAL AMOUNTS OF $40,000,000, $40,000,000, $27,500,000, $27,500,000, AND $22,500,000 ALSO MADE BY THE SAME OBLIGOR, RENEW, REPLACE AND SUPERSEDE THE ORIGINAL NOTE IN ITS ENTIRETY EFFECTIVE AS OF THE STATED DATE HEREOF. THE ORIGINAL NOTE OR A CERTIFIED COPY THEREOF IS ATTACHED HERETO.

9978496

687, Reference: Holly Hill Construction Loan., Attention: Loan Operations, or, subject to providing notice to the Maker, to such other account as the Agent may designate in writing.

This Note is one of six (6) Replacement First Renewed and Restated Future Advance Secured Promissory Notes which, as of the date hereof, replace that certain First Renewed and Restated Future Advance Secured Promissory Note dated as of December 15, 2005 issued by the Maker to the order of the Agent on behalf of certain Lenders in the stated principal amount of $192,000,000 (the "**Original Note**"). As a result of a prepayment of the outstanding principal amount of the Original Note in the amount of $12,000,000 made pursuant to the terms of the Third Amendment, the maximum principal amount which now or in the future at any time may be outstanding under the Original Note has been irrevocably reduced to $180,000,000, and this Note, together with the Agent Note, the LRP Note, the KBC Note, the NBP Note and the BOS Note (all as defined below), in order to reflect such prepayment, have an aggregate, stated principal amount of $180,000,000. This Note is secured by a certain First Renewed and Restated Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing dated as of December 15, 2005 (the "**Mortgage**") and the Loan Agreement. This Note, together with that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of the Agent in the stated principal amount of $40,000,000.00 (the "**Agent Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of Natexis Banques Populaires in the stated principal amount of $40,000,000.00 (the "**NBP Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of LRP Landesbank Rheinland-Pfalz in the stated principal amount of $27,500,000.00 (the "**LRP Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of Bank of Scotland in the stated principal amount of $27,500,000.00 (the "**BOS Note**") and that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of KBC Bank, NV in the stated principal amount of $22,500,000.00 (the "**KBC Note**"), as of the date hereof replace the Original Note and evidence the Loan. The Loan Agreement and the Mortgage contain provisions for the acceleration of the maturity of this Note upon the occurrence of certain defaults and/or other events specified therein.

If this Note or any interest hereon becomes due and payable on a day which is not a Business Day, the maturity hereof and/or the applicable interest payment date shall be extended to the next succeeding Business Day, unless such next succeeding Business Day is in a different calendar month, in which case the applicable maturity or interest payment date shall be the immediately preceding Business Day. In the event payment of principal is extended under the preceding sentence, interest shall be payable thereon at the rate then in effect during each extension.

If not sooner due and payable in accordance with the Loan Agreement, the Maker shall pay to the Payee all amounts due and unpaid under this Note and the Loan Agreement on the Maturity Date.

The Maker, co-makers, sureties, endorsers and guarantors, and each of them, expressly waive demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, notice of intent to accelerate the maturity hereof, notice of the acceleration of the maturity hereof, bringing of suit and diligence in taking any action to collect amounts called for hereunder and in the handling of securities at any time existing in connection herewith; and except as otherwise expressly set forth in the Loan Agreement and the other Loan Documents, such parties are and shall be jointly, severally, directly and primarily liable for the payment of all sums owing and to be owing hereon, regardless of and without any notice, diligence, act or omission as or with respect to the collection of any amount called for hereunder or in connection with any right, lien, interest or property at any and all times had or existing as security for any amount called for hereunder.

This Note evidences all advances made, interest due and all amounts otherwise owed to the Payee in connection with the Loan under Loan Agreement. This Note is secured by the liens and security interests created under the Loan Documents. Reference is made to the Loan Agreement for provisions relating to repayment of the Indebtedness evidenced by this Note, including mandatory repayment, acceleration following an Event of Default, late charges, interest at the Default Rate, limitations on interest, restrictions on prepayment, and participation interest (if any).

This Note has been executed and delivered in and shall be construed in accordance with and governed by the Laws of the State of New York and of the United States of America.

The provisions of Section 21.1 of the Loan Agreement shall apply to the Maker's obligations under this Note and are incorporated herein as if fully set forth herein.

This Note, together with the Agent Note, the NBP Note, the LRP Note, the BOS Note and the KBC Note, are the six (6) Replacement First Renewed and Restated Future Advance Secured Promissory Notes that, as of the date hereof, replace the Original Note.

*[signature page follows]*

IN WITNESS HEREOF, this Note has been duly authorized, executed acknowledged and delivered by the Maker to the Payee on the date first written above.

**HOLLY HILL I ASSOCIATES, LTD.,** a Florida limited partnership

By:     Boca Holly Hill I GP, Inc., a Florida
        corporation, its General Partner

By:     _____
        Name:  Theodore R. Stotzer
        Title:  Vice President

9978496

STATE OF FLORIDA          )
                          )ss.:
COUNTY OF _Broward_       )

On the _8th_ day of November, 2006, before me, the undersigned, a Notary Public in and for said state, personally appeared _Theodore R. Horzen, VP_ personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacities and that by his signature on the instrument, the persons or the entities upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

_____
Notary Public

**Celeste M. Orlins**
Commission # DD338393
Expires August 24, 2008
Bonded Troy Fain - Insurance, Inc. 800-385-7019

9978496

# NEXT DOCUMENT

BOS
EXECUTION COPY

**REPLACEMENT FIRST RENEWED AND RESTATED
FUTURE ADVANCE SECURED PROMISSORY NOTE**

US $27,500,000.00                          Dated as of November 10, 2006

FOR VALUE RECEIVED, the undersigned, **HOLLY HILL I ASSOCIATES, LTD.**, a Florida limited partnership (the "**Maker**"), hereby covenants and promises to pay to the order of **BANK OF SCOTLAND**, having an office at 565 Fifth Avenue, New York, New York 10017 (the "**Payee**"), in immediately available funds to the Payee, at the account specified below, the principal sum of Twenty-Seven Million Five Hundred Thousand and No/00 Dollars ($27,500,000.00) (the "**Principal Amount**"), or so much thereof as may be outstanding under this Replacement First Renewed and Restated Future Advance Secured Promissory Note (this "**Note**") and the Loan Agreement dated as of December 15, 2005 between the Maker, HSH Nordbank AG New York Branch, as Administrative Agent (the "**Agent**"), and the Lenders described therein; as amended by a certain First Amendment to Loan Agreement and Certain Other Loan Documents dated as of March 7, 2006, by and among the Maker, Michael Swerdlow, Brian Street and James Cohen (Michael Swerdlow, Brian Street and James Cohen are herein referred to collectively as the "**Guarantors**"), and the Agent; as further amended by a certain Second Amendment to Loan Agreement and Certain Other Loan Documents dated as of June 1, 2006, by and among the Maker, the Guarantors, and the Agent; and as further amended by a certain Third Amendment to Loan Agreement and Certain Other Loan Documents dated as of July 6, 2006 (the "**Third Amendment**"), by and among the Maker, the Guarantors and the Agent (as the same in the future may be further amended from time to time, the "**Loan Agreement**"), on or before December 18, 2008 (the "**Maturity Date**"), in lawful money of the United States of America, with interest on the unpaid principal sum owing thereunder at the rate or rates or in the amounts computed as set forth in the Loan Agreement, together with all other amounts due the Payee under the Loan Agreement, all payable in the manner and at the time or times provided in the Loan Agreement. Capitalized terms used herein, but not defined, shall have the meanings assigned to them in the Loan Agreement. Unless otherwise specified by the Payee, all payments hereunder shall be made to the Agent by wire transfer of immediately available funds to JP Morgan Chase, NYC, ABA No. 021000021, for the account of HSH Nordbank AG New York Branch, Account 400 949 687, Reference: Holly Hill

---

THIS REPLACEMENT FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTE (THIS "NOTE") RENEWS 15.277778% OF THE PRINCIPAL BALANCE OUTSTANDING FROM TIME TO TIME UNDER THAT CERTAIN FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTE DATED AS OF DECEMBER 15, 2005 (THE "ORIGINAL NOTE"), IN THE ORIGINAL PRINCIPAL AMOUNT OF $192,000,000. ALL DOCUMENTARY STAMP TAXES DUE ON THE OBLIGATION EVIDENCED BY THE ORIGINAL NOTE WERE PAID UPON RECORDATION OF THAT CERTAIN FIRST RENEWED AND RESTATED MORTGAGE, ASSIGNMENT OF RENTS AND LEASES, SECURITY AGREEMENT AND FIXTURE FILING DATED AS OF DECEMBER 15, 2005 AND RECORDED ON DECEMBER 20, 2005 IN O.R. BOOK 5728, AT PAGE 2335 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA, AS PROVIDED IN THE ORIGINAL NOTE. THE MAKER OF THIS NOTE IS THE SAME OBLIGOR AS THE MAKER UNDER THE ORIGINAL NOTE AND NO NEW FUNDS HAVE BEEN ADVANCED IN CONNECTION HEREWITH. ACCORDINGLY, PURSUANT TO FLORIDA STATUTE SECTION 201.09, NO FURTHER DOCUMENTARY STAMP TAXES ARE DUE HEREON. THIS NOTE TOGETHER WITH THOSE CERTAIN OTHER REPLACEMENT FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTES IN THE RESPECTIVE PRINCIPAL AMOUNTS OF $40,000,000, $40,000,000, $27,500,000, $22,500,000, AND $22,500,000 ALSO MADE BY THE SAME OBLIGOR, RENEW, REPLACE AND SUPERSEDE THE ORIGINAL NOTE IN ITS ENTIRETY EFFECTIVE AS OF THE STATED DATE HEREOF. THE ORIGINAL NOTE OR A CERTIFIED COPY THEREOF IS ATTACHED HERETO.

9978494\

Construction Loan., Attention: Loan Operations, or, subject to providing notice to the Maker, to such other account as the Agent may designate in writing.

This Note is one of six (6) Replacement First Renewed and Restated Future Advance Secured Promissory Notes which, as of the date hereof, replace that certain First Renewed and Restated Future Advance Secured Promissory Note dated as of December 15, 2005 issued by the Maker to the order of the Agent on behalf of certain Lenders in the stated principal amount of $192,000,000 (the "**Original Note**"). As a result of a prepayment of the outstanding principal amount of the Original Note in the amount of $12,000,000 made pursuant to the terms of the Third Amendment, the maximum principal amount which now or in the future at any time may be outstanding under the Original Note has been irrevocably reduced to $180,000,000, and this Note, together with the DH Note, the LRP Note, the KBC Note, the NBP Note and the Agent Note (all as defined below), in order to reflect such prepayment, have an aggregate, stated principal amount of $180,000,000. This Note is secured by a certain First Renewed and Restated Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing dated as of December 15, 2005 (the "**Mortgage**") and the Loan Agreement. This Note, together with that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of the Agent in the stated principal amount of $40,000,000.00 (the "**Agent Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of Natexis Banques Populaires in the stated principal amount of $40,000,000.00 (the "**NBP Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of LRP Landesbank Rheinland-Pfalz in the stated principal amount of $27,500,000.00 (the "**LRP Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of Deutsche Hypothekenbank (Actien-Gesellschaft) in the stated principal amount of $22,500,000.00 (the "**DH Note**") and that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of KBC Bank, NV in the stated principal amount of $22,500,000.00 (the "**KBC Note**"), as of the date hereof replace the Original Note and evidence the Loan. The Loan Agreement and the Mortgage contain provisions for the acceleration of the maturity of this Note upon the occurrence of certain defaults and/or other events specified therein.

If this Note or any interest hereon becomes due and payable on a day which is not a Business Day, the maturity hereof and/or the applicable interest payment date shall be extended to the next succeeding Business Day, unless such next succeeding Business Day is in a different calendar month, in which case the applicable maturity or interest payment date shall be the immediately preceding Business Day. In the event payment of principal is extended under the preceding sentence, interest shall be payable thereon at the rate then in effect during each extension.

If not sooner due and payable in accordance with the Loan Agreement, the Maker shall pay to the Payee all amounts due and unpaid under this Note and the Loan Agreement on the Maturity Date.

The Maker, co-makers, sureties, endorsers and guarantors, and each of them, expressly waive demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, notice of intent to accelerate the maturity hereof, notice of the acceleration of the maturity hereof, bringing of suit and diligence in taking any action to collect amounts called for hereunder and in the handling of securities at any time existing in connection herewith; and except as otherwise expressly set forth in the Loan Agreement and the other Loan Documents, such parties are and shall be jointly, severally, directly and primarily liable for the payment of all sums owing and to be owing hereon, regardless of and without any notice, diligence, act or omission as or with respect to the collection of any amount called for hereunder or in connection with any right, lien, interest or property at any and all times had or existing as security for any amount called for hereunder.

This Note evidences all advances made, interest due and all amounts otherwise owed to the Payee in connection with the Loan under Loan Agreement. This Note is secured by the liens and security interests created under the Loan Documents. Reference is made to the Loan Agreement for provisions relating to repayment of the Indebtedness evidenced by this Note, including mandatory repayment, acceleration following an Event of Default, late charges, interest at the Default Rate, limitations on interest, restrictions on prepayment, and participation interest (if any).

This Note has been executed and delivered in and shall be construed in accordance with and governed by the Laws of the State of New York and of the United States of America.

The provisions of Section 21.1 of the Loan Agreement shall apply to the Maker's obligations under this Note and are incorporated herein as if fully set forth herein.

This Note, together with the Agent Note, the NBP Note, the LRP Note, the DH Note and the KBC Note, are the six (6) Replacement First Renewed and Restated Future Advance Secured Promissory Notes that, as of the date hereof, replace the Original Note.

*[signature page follows]*

IN WITNESS HEREOF, this Note has been duly authorized, executed acknowledged and delivered by the Maker to the Payee on the date first written above.

**HOLLY HILL I ASSOCIATES, LTD.**, a Florida limited partnership

By:    Boca Holly Hill I GP, Inc., a Florida corporation, its General Partner

By:    _____

Name: Theodore R. Stotzer

Title:  Vice President

9978494.

**EXHIBIT B**
**(2 of 2)**

STATE OF FLORIDA )

 )ss.:

COUNTY OF *Broward* )

       On the *8th* day of November, 2006, before me, the undersigned, a Notary Public in and for said state, personally appeared *Theodore P. Stover, V.P.*, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacities and that by his signature on the instrument, the persons or the entities upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

_____
Notary Public

**Celeste M. Orlins**
Commission # DD338393
Expires August 24, 2008 ·
Bonded Troy Fain · Insurance, Inc. 800-385-7019

9978494

NEXT DOCUMENT

BOS
EXECUTION COPY

## REPLACEMENT FIRST RENEWED AND RESTATED
## FUTURE ADVANCE SECURED PROMISSORY NOTE

US $27,500,000.00                                Dated as of November 10, 2006

FOR VALUE RECEIVED, the undersigned, **HOLLY HILL I ASSOCIATES, LTD.**, a Florida limited partnership (the "**Maker**"), hereby covenants and promises to pay to the order of **BANK OF SCOTLAND**, having an office at 565 Fifth Avenue, New York, New York 10017 (the "**Payee**"), in immediately available funds to the Payee, at the account specified below, the principal sum of Twenty-Seven Million Five Hundred Thousand and No/00 Dollars ($27,500,000.00) (the "**Principal Amount**"), or so much thereof as may be outstanding under this Replacement First Renewed and Restated Future Advance Secured Promissory Note (this "**Note**") and the Loan Agreement dated as of December 15, 2005 between the Maker, HSH Nordbank AG New York Branch, as Administrative Agent (the "**Agent**"), and the Lenders described therein; as amended by a certain First Amendment to Loan Agreement and Certain Other Loan Documents dated as of March 7, 2006, by and among the Maker, Michael Swerdlow, Brian Street and James Cohen (Michael Swerdlow, Brian Street and James Cohen are herein referred to collectively as the "**Guarantors**"), and the Agent; as further amended by a certain Second Amendment to Loan Agreement and Certain Other Loan Documents dated as of June 1, 2006, by and among the Maker, the Guarantors, and the Agent; and as further amended by a certain Third Amendment to Loan Agreement and Certain Other Loan Documents dated as of July 6, 2006 (the "**Third Amendment**"), by and among the Maker, the Guarantors and the Agent (as the same in the future may be further amended from time to time, the "**Loan Agreement**"), on or before December 18, 2008 (the "**Maturity Date**"), in lawful money of the United States of America, with interest on the unpaid principal sum owing thereunder at the rate or rates or in the amounts computed as set forth in the Loan Agreement, together with all other amounts due the Payee under the Loan Agreement, all payable in the manner and at the time or times provided in the Loan Agreement. Capitalized terms used herein, but not defined, shall have the meanings assigned to them in the Loan Agreement. Unless otherwise specified by the Payee, all payments hereunder shall be made to the Agent by wire transfer of immediately available funds to JP Morgan Chase, NYC, ABA No. 021000021, for the account of HSH Nordbank AG New York Branch, Account 400 949 687, Reference: Holly Hill

---

THIS REPLACEMENT FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTE (THIS "NOTE") RENEWS 15.277778% OF THE PRINCIPAL BALANCE OUTSTANDING FROM TIME TO TIME UNDER THAT CERTAIN FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTE DATED AS OF DECEMBER 15, 2005 (THE "ORIGINAL NOTE"), IN THE ORIGINAL PRINCIPAL AMOUNT OF $192,000,000. ALL DOCUMENTARY STAMP TAXES DUE ON THE OBLIGATION EVIDENCED BY THE ORIGINAL NOTE WERE PAID UPON RECORDATION OF THAT CERTAIN FIRST RENEWED AND RESTATED MORTGAGE, ASSIGNMENT OF RENTS AND LEASES, SECURITY AGREEMENT AND FIXTURE FILING DATED AS OF DECEMBER 15, 2005 AND RECORDED ON DECEMBER 20, 2005 IN O.R. BOOK 5728, AT PAGE 2335 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA, AS PROVIDED IN THE ORIGINAL NOTE. THE MAKER OF THIS NOTE IS THE SAME OBLIGOR AS THE MAKER UNDER THE ORIGINAL NOTE AND NO NEW FUNDS HAVE BEEN ADVANCED IN CONNECTION HEREWITH. ACCORDINGLY, PURSUANT TO FLORIDA STATUTE SECTION 201.09, NO FURTHER DOCUMENTARY STAMP TAXES ARE DUE HEREON. THIS NOTE TOGETHER WITH THOSE CERTAIN OTHER REPLACEMENT FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTES IN THE RESPECTIVE PRINCIPAL AMOUNTS OF $40,000,000, $40,000,000, $27,500,000, $22,500,000, AND $22,500,000 ALSO MADE BY THE SAME OBLIGOR, RENEW, REPLACE AND SUPERSEDE THE ORIGINAL NOTE IN ITS ENTIRETY EFFECTIVE AS OF THE STATED DATE HEREOF. THE ORIGINAL NOTE OR A CERTIFIED COPY THEREOF IS ATTACHED HERETO.

9978494\

Construction Loan., Attention:  Loan Operations, or, subject to providing notice to the Maker, to such other account as the Agent may designate in writing.

        This Note is one of six (6) Replacement First Renewed and Restated Future Advance Secured Promissory Notes which, as of the date hereof, replace that certain First Renewed and Restated Future Advance Secured Promissory Note dated as of December 15, 2005 issued by the Maker to the order of the Agent on behalf of certain Lenders in the stated principal amount of $192,000,000 (the "**Original Note**").  As a result of a prepayment of the outstanding principal amount of the Original Note in the amount of $12,000,000 made pursuant to the terms of the Third Amendment, the maximum principal amount which now or in the future at any time may be outstanding under the Original Note has been irrevocably reduced to $180,000,000, and this Note, together with the DH Note, the LRP Note, the KBC Note, the NBP Note and the Agent Note (all as defined below), in order to reflect such prepayment, have an aggregate, stated principal amount of $180,000,000.  This Note is secured by a certain First Renewed and Restated Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing dated as of December 15, 2005 (the "**Mortgage**") and the Loan Agreement.  This Note, together with that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of the Agent in the stated principal amount of $40,000,000.00 (the "**Agent Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of Natexis Banques Populaires in the stated principal amount of $40,000,000.00 (the "**NBP Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of LRP Landesbank Rheinland-Pfalz in the stated principal amount of $27,500,000.00 (the "**LRP Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of Deutsche Hypothekenbank (Actien-Gesellschaft) in the stated principal amount of $22,500,000.00 (the "**DH Note**") and that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of KBC Bank, NV in the stated principal amount of $22,500,000.00 (the "**KBC Note**"), as of the date hereof replace the Original Note and evidence the Loan.  The Loan Agreement and the Mortgage contain provisions for the acceleration of the maturity of this Note upon the occurrence of certain defaults and/or other events specified therein.

        If this Note or any interest hereon becomes due and payable on a day which is not a Business Day, the maturity hereof and/or the applicable interest payment date shall be extended to the next succeeding Business Day, unless such next succeeding Business Day is in a different calendar month, in which case the applicable maturity or interest payment date shall be the immediately preceding Business Day.  In the event payment of principal is extended under the preceding sentence, interest shall be payable thereon at the rate then in effect during each extension.

If not sooner due and payable in accordance with the Loan Agreement, the Maker shall pay to the Payee all amounts due and unpaid under this Note and the Loan Agreement on the Maturity Date.

The Maker, co-makers, sureties, endorsers and guarantors, and each of them, expressly waive demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, notice of intent to accelerate the maturity hereof, notice of the acceleration of the maturity hereof, bringing of suit and diligence in taking any action to collect amounts called for hereunder and in the handling of securities at any time existing in connection herewith; and except as otherwise expressly set forth in the Loan Agreement and the other Loan Documents, such parties are and shall be jointly, severally, directly and primarily liable for the payment of all sums owing and to be owing hereon, regardless of and without any notice, diligence, act or omission as or with respect to the collection of any amount called for hereunder or in connection with any right, lien, interest or property at any and all times had or existing as security for any amount called for hereunder.

This Note evidences all advances made, interest due and all amounts otherwise owed to the Payee in connection with the Loan under Loan Agreement. This Note is secured by the liens and security interests created under the Loan Documents. Reference is made to the Loan Agreement for provisions relating to repayment of the Indebtedness evidenced by this Note, including mandatory repayment, acceleration following an Event of Default, late charges, interest at the Default Rate, limitations on interest, restrictions on prepayment, and participation interest (if any).

This Note has been executed and delivered in and shall be construed in accordance with and governed by the Laws of the State of New York and of the United States of America.

The provisions of Section 21.1 of the Loan Agreement shall apply to the Maker's obligations under this Note and are incorporated herein as if fully set forth herein.

This Note, together with the Agent Note, the NBP Note, the LRP Note, the DH Note and the KBC Note, are the six (6) Replacement First Renewed and Restated Future Advance Secured Promissory Notes that, as of the date hereof, replace the Original Note.

*[signature page follows]*

IN WITNESS HEREOF, this Note has been duly authorized, executed acknowledged and delivered by the Maker to the Payee on the date first written above.

**HOLLY HILL I ASSOCIATES, LTD.**, a Florida limited partnership

By:     Boca Holly Hill I GP, Inc., a Florida corporation, its General Partner

By:     _____
        Name: Theodore R. Statzer
        Title: Vice President

9978494.

STATE OF FLORIDA     )
                     )ss.:
COUNTY OF *Broward*  )

     On the *8th* day of November, 2006, before me, the undersigned, a Notary Public in and for said state, personally appeared *Theodore R. Narzer, V.P.*, personally <u>known to me</u> or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacities and that by his signature on the instrument, the persons or the entities upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

                                 Notary Public

**Celeste M. Orlins**
Commission # DD338393
Expires August 24, 2008
Bonded Troy Fain - Insurance, Inc. 800-385-7019

9978494

# NEXT DOCUMENT

**NBP**
EXECUTION COPY

## REPLACEMENT FIRST RENEWED AND RESTATED
## FUTURE ADVANCE SECURED PROMISSORY NOTE

US $40,000,000.00                                    Dated as of November 10, 2006

FOR VALUE RECEIVED, the undersigned, **HOLLY HILL I ASSOCIATES, LTD.**, a Florida limited partnership (the "**Maker**"), hereby covenants and promises to pay to the order of **NATEXIS BANQUES POPULAIRES**, having an office at 1251 Avenue of the Americas, 34th Floor, New York, New York 10020 (the "**Payee**"), in immediately available funds to the Payee, at the account specified below, the principal sum of Forty Million and No/00 Dollars ($40,000,000.00) (the "**Principal Amount**"), or so much thereof as may be outstanding under this Replacement First Renewed and Restated Future Advance Secured Promissory Note (this "**Note**") and the Loan Agreement dated as of December 15, 2005 between the Maker, HSH Nordbank AG New York Branch, as Administrative Agent (the "**Agent**"), and the Lenders described therein; as amended by a certain First Amendment to Loan Agreement and Certain Other Loan Documents dated as of March 7, 2006, by and among the Maker, Michael Swerdlow, Brian Street and James Cohen (Michael Swerdlow, Brian Street and James Cohen are herein referred to collectively as the "**Guarantors**"), and the Agent; as further amended by a certain Second Amendment to Loan Agreement and Certain Other Loan Documents dated as of June 1, 2006, by and among the Maker, the Guarantors, and the Agent; and as further amended by a certain Third Amendment to Loan Agreement and Certain Other Loan Documents dated as of July 6, 2006 (the "**Third Amendment**"), by and among the Maker, the Guarantors and the Agent (as the same in the future may be further amended from time to time, the "**Loan Agreement**"), on or before December 18, 2008 (the "**Maturity Date**"), in lawful money of the United States of America, with interest on the unpaid principal sum owing thereunder at the rate or rates or in the amounts computed as set forth in the Loan Agreement, together with all other amounts due the Payee under the Loan Agreement, all payable in the manner and at the time or times provided in the Loan Agreement. Capitalized terms used herein, but not defined, shall have the meanings assigned to them in the Loan Agreement. Unless otherwise specified by the Payee, all payments hereunder shall be made to the Agent by wire transfer of immediately available funds to JP Morgan Chase, NYC, ABA No. 021000021, for the account of HSH Nordbank AG New York Branch, Account 400 949 687,

---

THIS REPLACEMENT FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTE (THIS "NOTE") RENEWS 22.222222% OF THE PRINCIPAL BALANCE OUTSTANDING FROM TIME TO TIME UNDER THAT CERTAIN FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTE DATED AS OF DECEMBER 15, 2005 (THE "ORIGINAL NOTE"), IN THE ORIGINAL PRINCIPAL AMOUNT OF $192,000,000. ALL DOCUMENTARY STAMP TAXES DUE ON THE OBLIGATION EVIDENCED BY THE ORIGINAL NOTE WERE PAID UPON RECORDATION OF THAT CERTAIN FIRST RENEWED AND RESTATED MORTGAGE, ASSIGNMENT OF RENTS AND LEASES, SECURITY AGREEMENT AND FIXTURE FILING DATED AS OF DECEMBER 15, 2005 AND RECORDED ON DECEMBER 20, 2005 IN O.R. BOOK 5728, AT PAGE 2335 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA, AS PROVIDED IN THE ORIGINAL NOTE. THE MAKER OF THIS NOTE IS THE SAME OBLIGOR AS THE MAKER UNDER THE ORIGINAL NOTE AND NO NEW FUNDS HAVE BEEN ADVANCED IN CONNECTION HEREWITH. ACCORDINGLY, PURSUANT TO FLORIDA STATUTE SECTION 201.09, NO FURTHER DOCUMENTARY STAMP TAXES ARE DUE HEREON. THIS NOTE TOGETHER WITH THOSE CERTAIN OTHER REPLACEMENT FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTES IN THE RESPECTIVE PRINCIPAL AMOUNTS OF $40,000,000, $27,500,000, $27,500,000, $22,500,000, AND $22,500,000 ALSO MADE BY THE SAME OBLIGOR, RENEW, REPLACE AND SUPERSEDE THE ORIGINAL NOTE IN ITS ENTIRETY EFFECTIVE AS OF THE STATED DATE HEREOF. THE ORIGINAL NOTE OR A CERTIFIED COPY THEREOF IS ATTACHED HERETO.

9978484

Reference: Holly Hill Construction Loan., Attention: Loan Operations, or, subject to providing notice to the Maker, to such other account as the Agent may designate in writing.

This Note is one of six (6) Replacement First Renewed and Restated Future Advance Secured Promissory Notes which, as of the date hereof, replace that certain First Renewed and Restated Future Advance Secured Promissory Note dated as of December 15, 2005 issued by the Maker to the order of the Agent on behalf of certain Lenders in the stated principal amount of $192,000,000 (the "**Original Note**"). As a result of a prepayment of the outstanding principal amount of the Original Note in the amount of $12,000,000 made pursuant to the terms of the Third Amendment, the maximum principal amount which now or in the future at any time may be outstanding under the Original Note has been irrevocably reduced to $180,000,000, and this Note, together with the DH Note, the LRP Note, the KBC Note, the Agent Note and the BOS Note (all as defined below), in order to reflect such prepayment, have an aggregate, stated principal amount of $180,000,000. This Note is secured by a certain First Renewed and Restated Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing dated as of December 15, 2005 (the "**Mortgage**") and the Loan Agreement. This Note, together with that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of the Agent in the stated principal amount of $40,000,000.00 (the "**Agent Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of Bank of Scotland in the stated principal amount of $27,500,000.00 (the "**BOS Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of LRP Landesbank Rheinland-Pfalz in the stated principal amount of $27,500,000.00 (the "**LRP Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of Deutsche Hypothekenbank (Actien-Gesellschaft) in the stated principal amount of $22,500,000.00 (the "**DH Note**") and that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of KBC Bank, NV in the stated principal amount of $22,500,000.00 (the "**KBC Note**"), as of the date hereof replace the Original Note and evidence the Loan. The Loan Agreement and the Mortgage contain provisions for the acceleration of the maturity of this Note upon the occurrence of certain defaults and/or other events specified therein.

If this Note or any interest hereon becomes due and payable on a day which is not a Business Day, the maturity hereof and/or the applicable interest payment date shall be extended to the next succeeding Business Day, unless such next succeeding Business Day is in a different calendar month, in which case the applicable maturity or interest payment date shall be the immediately preceding Business Day. In the event payment of principal is extended under the preceding sentence, interest shall be payable thereon at the rate then in effect during each extension.

9978484

2

If not sooner due and payable in accordance with the Loan Agreement, the Maker shall pay to the Payee all amounts due and unpaid under this Note and the Loan Agreement on the Maturity Date.

The Maker, co-makers, sureties, endorsers and guarantors, and each of them, expressly waive demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, notice of intent to accelerate the maturity hereof, notice of the acceleration of the maturity hereof, bringing of suit and diligence in taking any action to collect amounts called for hereunder and in the handling of securities at any time existing in connection herewith; and except as otherwise expressly set forth in the Loan Agreement and the other Loan Documents, such parties are and shall be jointly, severally, directly and primarily liable for the payment of all sums owing and to be owing hereon, regardless of and without any notice, diligence, act or omission as or with respect to the collection of any amount called for hereunder or in connection with any right, lien, interest or property at any and all times had or existing as security for any amount called for hereunder.

This Note evidences all advances made, interest due and all amounts otherwise owed to the Payee in connection with the Loan under Loan Agreement. This Note is secured by the liens and security interests created under the Loan Documents. Reference is made to the Loan Agreement for provisions relating to repayment of the Indebtedness evidenced by this Note, including mandatory repayment, acceleration following an Event of Default, late charges, interest at the Default Rate, limitations on interest, restrictions on prepayment, and participation interest (if any).

This Note has been executed and delivered in and shall be construed in accordance with and governed by the Laws of the State of New York and of the United States of America.

The provisions of Section 21.1 of the Loan Agreement shall apply to the Maker's obligations under this Note and are incorporated herein as if fully set forth herein.

This Note, together with the Agent Note, the BOS Note, the LRP Note, the DH Note and the KBC Note, are the six (6) Replacement First Renewed and Restated Future Advance Secured Promissory Notes that, as of the date hereof, replace the Original Note.

*[signature page follows]*

9978484

3

IN WITNESS HEREOF, this Note has been duly authorized, executed acknowledged and delivered by the Maker to the Payee on the date first written above.

**HOLLY HILL I ASSOCIATES, LTD.**, a Florida limited partnership

By:     Boca Holly Hill I GP, Inc., a Florida
        corporation, its General Partner

        By:     _____
                Name:  Theodore R. Stotzer
                Title:  Vice President

9978484

STATE OF FLORIDA          )
                          )ss.:
COUNTY OF *Broward*       )

On the *8th* day of November, 2006, before me, the undersigned, a Notary Public in and for said state, personally appeared *Theodore Polyozer VP* personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacities and that by his signature on the instrument, the persons or the entities upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

_____
Notary Public

Celeste M. Orlins
Commission # DD338393
Expires August 24, 2008
Bonded Troy Fain - Insurance, Inc. 800-385-7019

9978484

# NEXT DOCUMENT

**KBC**
**EXECUTION COPY**

## REPLACEMENT FIRST RENEWED AND RESTATED
## FUTURE ADVANCE SECURED PROMISSORY NOTE

US $22,500,000.00                                    Dated as of November 10, 2006

FOR VALUE RECEIVED, the undersigned, **HOLLY HILL I ASSOCIATES, LTD.**, a Florida limited partnership (the "**Maker**"), hereby covenants and promises to pay to the order of **KBC BANK, NV**, having an office at 1177 Avenue of the Americas, New York, New York 10036 (the "**Payee**"), in immediately available funds to the Payee, at the account specified below, the principal sum of Twenty-Two Million Five Hundred Thousand and No/00 Dollars ($22,500,000.00) (the "**Principal Amount**"), or so much thereof as may be outstanding under this Replacement First Renewed and Restated Future Advance Secured Promissory Note (this "**Note**") and the Loan Agreement dated as of December 15, 2005 between the Maker, HSH Nordbank AG New York Branch, as Administrative Agent (the "**Agent**"), and the Lenders described therein; as amended by a certain First Amendment to Loan Agreement and Certain Other Loan Documents dated as of March 7, 2006, by and among the Maker, Michael Swerdlow, Brian Street and James Cohen (Michael Swerdlow, Brian Street and James Cohen are herein referred to collectively as the "**Guarantors**"), and the Agent; as further amended by a certain Second Amendment to Loan Agreement and Certain Other Loan Documents dated as of June 1, 2006, by and among the Maker, the Guarantors, and the Agent; and as further amended by a certain Third Amendment to Loan Agreement and Certain Other Loan Documents dated as of July 6, 2006 (the "**Third Amendment**"), by and among the Maker, the Guarantors and the Agent (as the same in the future may be further amended from time to time, the "**Loan Agreement**"), on or before December 18, 2008 (the "**Maturity Date**"), in lawful money of the United States of America, with interest on the unpaid principal sum owing thereunder at the rate or rates or in the amounts computed as set forth in the Loan Agreement, together with all other amounts due the Payee under the Loan Agreement, all payable in the manner and at the time or times provided in the Loan Agreement. Capitalized terms used herein, but not defined, shall have the meanings assigned to them in the Loan Agreement. Unless otherwise specified by the Payee, all payments hereunder shall be made to the Agent by wire transfer of immediately available funds to JP Morgan Chase, NYC, ABA No. 021000021, for the account of HSH Nordbank AG New York Branch, Account 400 949 687,

---

THIS REPLACEMENT FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTE (THIS "NOTE") RENEWS 12.500000% OF THE PRINCIPAL BALANCE OUTSTANDING FROM TIME TO TIME UNDER THAT CERTAIN FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTE DATED AS OF DECEMBER 15, 2005 (THE "ORIGINAL NOTE"), IN THE ORIGINAL PRINCIPAL AMOUNT OF $192,000,000. ALL DOCUMENTARY STAMP TAXES DUE ON THE OBLIGATION EVIDENCED BY THE ORIGINAL NOTE WERE PAID UPON RECORDATION OF THAT CERTAIN FIRST RENEWED AND RESTATED MORTGAGE, ASSIGNMENT OF RENTS AND LEASES, SECURITY AGREEMENT AND FIXTURE FILING DATED AS OF DECEMBER 15, 2005 AND RECORDED ON DECEMBER 20, 2005 IN O.R. BOOK 5728, AT PAGE 2335 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA, AS PROVIDED IN THE ORIGINAL NOTE. THE MAKER OF THIS NOTE IS THE SAME OBLIGOR AS THE MAKER UNDER THE ORIGINAL NOTE AND NO NEW FUNDS HAVE BEEN ADVANCED IN CONNECTION HEREWITH. ACCORDINGLY, PURSUANT TO FLORIDA STATUTE SECTION 201.09, NO FURTHER DOCUMENTARY STAMP TAXES ARE DUE HEREON. THIS NOTE TOGETHER WITH THOSE CERTAIN OTHER REPLACEMENT FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTES IN THE RESPECTIVE PRINCIPAL AMOUNTS OF $40,000,000, $40,000,000, $27,500,000, $27,500,000, AND $22,500,000 ALSO MADE BY THE SAME OBLIGOR, RENEW, REPLACE AND SUPERSEDE THE ORIGINAL NOTE IN ITS ENTIRETY EFFECTIVE AS OF THE STATED DATE HEREOF. THE ORIGINAL NOTE OR A CERTIFIED COPY THEREOF IS ATTACHED HERETO.

9978497

Reference: Holly Hill Construction Loan., Attention: Loan Operations, or, subject to providing notice to the Maker, to such other account as the Agent may designate in writing.

This Note is one of six (6) Replacement First Renewed and Restated Future Advance Secured Promissory Notes which, as of the date hereof, replace that certain First Renewed and Restated Future Advance Secured Promissory Note dated as of December 15, 2005 issued by the Maker to the order of the Agent on behalf of certain Lenders in the stated principal amount of $192,000,000 (the "**Original Note**"). As a result of a prepayment of the outstanding principal amount of the Original Note in the amount of $12,000,000 made pursuant to the terms of the Third Amendment, the maximum principal amount which now or in the future at any time may be outstanding under the Original Note has been irrevocably reduced to $180,000,000, and this Note, together with the DH Note, the LRP Note, the Agent Note, the NBP Note and the BOS Note (all as defined below), in order to reflect such prepayment, have an aggregate, stated principal amount of $180,000,000. This Note is secured by a certain First Renewed and Restated Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing dated as of December 15, 2005 (the "**Mortgage**") and the Loan Agreement. This Note, together with that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of the Agent in the stated principal amount of $40,000,000.00 (the "**Agent Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of Natexis Banques Populaires in the stated principal amount of $40,000,000.00 (the "**NBP Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of LRP Landesbank Rheinland-Pfalz in the stated principal amount of $27,500,000.00 (the "**LRP Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of Bank of Scotland in the stated principal amount of $27,500,000.00 (the "**BOS Note**") and that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of Deutsche Hypothekenbank (Actien-Gesellschaft) in the stated principal amount of $22,500,000.00 (the "**DH Note**"), as of the date hereof replace the Original Note and evidence the Loan. The Loan Agreement and the Mortgage contain provisions for the acceleration of the maturity of this Note upon the occurrence of certain defaults and/or other events specified therein.

If this Note or any interest hereon becomes due and payable on a day which is not a Business Day, the maturity hereof and/or the applicable interest payment date shall be extended to the next succeeding Business Day, unless such next succeeding Business Day is in a different calendar month, in which case the applicable maturity or interest payment date shall be the immediately preceding Business Day. In the event payment of principal is extended under the preceding sentence, interest shall be payable thereon at the rate then in effect during each extension.

9978497

2

If not sooner due and payable in accordance with the Loan Agreement, the Maker shall pay to the Payee all amounts due and unpaid under this Note and the Loan Agreement on the Maturity Date.

The Maker, co-makers, sureties, endorsers and guarantors, and each of them, expressly waive demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, notice of intent to accelerate the maturity hereof, notice of the acceleration of the maturity hereof, bringing of suit and diligence in taking any action to collect amounts called for hereunder and in the handling of securities at any time existing in connection herewith; and except as otherwise expressly set forth in the Loan Agreement and the other Loan Documents, such parties are and shall be jointly, severally, directly and primarily liable for the payment of all sums owing and to be owing hereon, regardless of and without any notice, diligence, act or omission as or with respect to the collection of any amount called for hereunder or in connection with any right, lien, interest or property at any and all times had or existing as security for any amount called for hereunder.

This Note evidences all advances made, interest due and all amounts otherwise owed to the Payee in connection with the Loan under Loan Agreement. This Note is secured by the liens and security interests created under the Loan Documents. Reference is made to the Loan Agreement for provisions relating to repayment of the Indebtedness evidenced by this Note, including mandatory repayment, acceleration following an Event of Default, late charges, interest at the Default Rate, limitations on interest, restrictions on prepayment, and participation interest (if any).

This Note has been executed and delivered in and shall be construed in accordance with and governed by the Laws of the State of New York and of the United States of America.

The provisions of Section 21.1 of the Loan Agreement shall apply to the Maker's obligations under this Note and are incorporated herein as if fully set forth herein.

This Note, together with the Agent Note, the NBP Note, the LRP Note, the BOS Note and the DH Note, are the six (6) Replacement First Renewed and Restated Future Advance Secured Promissory Notes that, as of the date hereof, replace the Original Note.

*[signature page follows]*

IN WITNESS HEREOF, this Note has been duly authorized, executed acknowledged and delivered by the Maker to the Payee on the date first written above.

**HOLLY HILL I ASSOCIATES, LTD.**, a Florida limited partnership

By:     Boca Holly Hill I GP, Inc., a Florida corporation, its General Partner

By:     _____
        Name:  Theodore R. Stotzer
        Title:  Vice President

9978497\

STATE OF FLORIDA          )
                          )ss.:
COUNTY OF _Broward_       )

On the _8th_ day of November, 2006, before me, the undersigned, a Notary Public in and for said state, personally appeared _Theodore R Notzer, V.P._, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacities and that by his signature on the instrument, the persons or the entities upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

_____
Notary Public

**Celeste M. Orlins**
Commission # DD338393
Expires August 24, 2008
Bonded Troy Fain - Insurance, Inc. 800-385-7019

9978497\

# NEXT DOCUMENT

## REPLACEMENT FIRST RENEWED AND RESTATED
## FUTURE ADVANCE SECURED PROMISSORY NOTE

US $27,500,000.00                                                                  Dated as of November 10, 2006

FOR VALUE RECEIVED, the undersigned, **HOLLY HILL I ASSOCIATES, LTD.**, a Florida limited partnership (the "**Maker**"), hereby covenants and promises to pay to the order of **LRP LANDESBANK RHEINLAND-PFALZ**, having an office at Grosse Bleiche 54-56, 55116 Mainz, Germany (the "**Payee**"), in immediately available funds to the Payee, at the account specified below, the principal sum of Twenty-Seven Million Five Hundred Thousand and No/00 Dollars ($27,500,000.00) (the "**Principal Amount**"), or so much thereof as may be outstanding under this Replacement First Renewed and Restated Future Advance Secured Promissory Note (this "**Note**") and the Loan Agreement dated as of December 15, 2005 between the Maker, HSH Nordbank AG New York Branch, as Administrative Agent (the "**Agent**"), and the Lenders described therein; as amended by a certain First Amendment to Loan Agreement and Certain Other Loan Documents dated as of March 7, 2006, by and among the Maker, Michael Swerdlow, Brian Street and James Cohen (Michael Swerdlow, Brian Street and James Cohen are herein referred to collectively as the "**Guarantors**"), and the Agent; as further amended by a certain Second Amendment to Loan Agreement and Certain Other Loan Documents dated as of June 1, 2006, by and among the Maker, the Guarantors, and the Agent; and as further amended by a certain Third Amendment to Loan Agreement and Certain Other Loan Documents dated as of July 6, 2006 (the "**Third Amendment**"), by and among the Maker, the Guarantors and the Agent (as the same in the future may be further amended from time to time, the "**Loan Agreement**"), on or before December 18, 2008 (the "**Maturity Date**"), in lawful money of the United States of America, with interest on the unpaid principal sum owing thereunder at the rate or rates or in the amounts computed as set forth in the Loan Agreement, together with all other amounts due the Payee under the Loan Agreement, all payable in the manner and at the time or times provided in the Loan Agreement. Capitalized terms used herein, but not defined, shall have the meanings assigned to them in the Loan Agreement. Unless otherwise specified by the Payee, all payments hereunder shall be made to the Agent by wire transfer of immediately available funds to JP Morgan Chase, NYC, ABA No. 021000021, for the account of HSH Nordbank AG New York Branch, Account 400 949

---

THIS REPLACEMENT FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTE (THIS "NOTE") RENEWS 15.277778% OF THE PRINCIPAL BALANCE OUTSTANDING FROM TIME TO TIME UNDER THAT CERTAIN FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTE DATED AS OF DECEMBER 15, 2005 (THE "ORIGINAL NOTE"), IN THE ORIGINAL PRINCIPAL AMOUNT OF $192,000,000. ALL DOCUMENTARY STAMP TAXES DUE ON THE OBLIGATION EVIDENCED BY THE ORIGINAL NOTE WERE PAID UPON RECORDATION OF THAT CERTAIN FIRST RENEWED AND RESTATED MORTGAGE, ASSIGNMENT OF RENTS AND LEASES, SECURITY AGREEMENT AND FIXTURE FILING DATED AS OF DECEMBER 15, 2005 AND RECORDED ON DECEMBER 20, 2005 IN O.R. BOOK 5728, AT PAGE 2335 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA, AS PROVIDED IN THE ORIGINAL NOTE. THE MAKER OF THIS NOTE IS THE SAME OBLIGOR AS THE MAKER UNDER THE ORIGINAL NOTE AND NO NEW FUNDS HAVE BEEN ADVANCED IN CONNECTION HEREWITH. ACCORDINGLY, PURSUANT TO FLORIDA STATUTE SECTION 201.09, NO FURTHER DOCUMENTARY STAMP TAXES ARE DUE HEREON. THIS NOTE TOGETHER WITH THOSE CERTAIN OTHER REPLACEMENT FIRST RENEWED AND RESTATED FUTURE ADVANCE SECURED PROMISSORY NOTES IN THE RESPECTIVE PRINCIPAL AMOUNTS OF $40,000,000, $27,500,000, $40,000,000, $22,500,000, AND $22,500,000 ALSO MADE BY THE SAME OBLIGOR, RENEW, REPLACE AND SUPERSEDE THE ORIGINAL NOTE IN ITS ENTIRETY EFFECTIVE AS OF THE STATED DATE HEREOF. THE ORIGINAL NOTE OR A CERTIFIED COPY THEREOF IS ATTACHED HERETO.

9978495

687, Reference: Holly Hill Construction Loan., Attention: Loan Operations, or, subject to providing notice to the Maker, to such other account as the Agent may designate in writing.

This Note is one of six (6) Replacement First Renewed and Restated Future Advance Secured Promissory Notes which, as of the date hereof, replace that certain First Renewed and Restated Future Advance Secured Promissory Note dated as of December 15, 2005 issued by the Maker to the order of the Agent on behalf of certain Lenders in the stated principal amount of $192,000,000 (the "**Original Note**"). As a result of a prepayment of the outstanding principal amount of the Original Note in the amount of $12,000,000 made pursuant to the terms of the Third Amendment, the maximum principal amount which now or in the future at any time may be outstanding under the Original Note has been irrevocably reduced to $180,000,000, and this Note, together with the DH Note, the Agent Note, the KBC Note, the NBP Note and the BOS Note (all as defined below), in order to reflect such prepayment, have an aggregate, stated principal amount of $180,000,000. This Note is secured by a certain First Renewed and Restated Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing dated as of December 15, 2005 (the "**Mortgage**") and the Loan Agreement. This Note, together with that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of the Agent in the stated principal amount of $40,000,000.00 (the "**Agent Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of Bank of Scotland in the stated principal amount of $27,500,000.00 (the "**BOS Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of Natexis Banques Populaires in the stated principal amount of $40,000,000.00 (the "**NBP Note**"), that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of Deutsche Hypothekenbank (Actien-Gesellschaft) in the stated principal amount of $22,500,000.00 (the "**DH Note**") and that certain Replacement First Renewed and Restated Future Advance Secured Promissory Note dated as of November 10, 2006 issued by the Maker to the order of KBC Bank, NV in the stated principal amount of $22,500,000.00 (the "**KBC Note**"), as of the date hereof replace the Original Note and evidence the Loan. The Loan Agreement and the Mortgage contain provisions for the acceleration of the maturity of this Note upon the occurrence of certain defaults and/or other events specified therein.

If this Note or any interest hereon becomes due and payable on a day which is not a Business Day, the maturity hereof and/or the applicable interest payment date shall be extended to the next succeeding Business Day, unless such next succeeding Business Day is in a different calendar month, in which case the applicable maturity or interest payment date shall be the immediately preceding Business Day. In the event payment of principal is extended under the preceding sentence, interest shall be payable thereon at the rate then in effect during each extension.

9978495

If not sooner due and payable in accordance with the Loan Agreement, the Maker shall pay to the Payee all amounts due and unpaid under this Note and the Loan Agreement on the Maturity Date.

The Maker, co-makers, sureties, endorsers and guarantors, and each of them, expressly waive demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, notice of intent to accelerate the maturity hereof, notice of the acceleration of the maturity hereof, bringing of suit and diligence in taking any action to collect amounts called for hereunder and in the handling of securities at any time existing in connection herewith; and except as otherwise expressly set forth in the Loan Agreement and the other Loan Documents, such parties are and shall be jointly, severally, directly and primarily liable for the payment of all sums owing and to be owing hereon, regardless of and without any notice, diligence, act or omission as or with respect to the collection of any amount called for hereunder or in connection with any right, lien, interest or property at any and all times had or existing as security for any amount called for hereunder.

This Note evidences all advances made, interest due and all amounts otherwise owed to the Payee in connection with the Loan under Loan Agreement. This Note is secured by the liens and security interests created under the Loan Documents. Reference is made to the Loan Agreement for provisions relating to repayment of the Indebtedness evidenced by this Note, including mandatory repayment, acceleration following an Event of Default, late charges, interest at the Default Rate, limitations on interest, restrictions on prepayment, and participation interest (if any).

This Note has been executed and delivered in and shall be construed in accordance with and governed by the Laws of the State of New York and of the United States of America.

The provisions of Section 21.1 of the Loan Agreement shall apply to the Maker's obligations under this Note and are incorporated herein as if fully set forth herein.

This Note, together with the Agent Note, the BOS Note, the NBP Note, the DH Note and the KBC Note, are the six (6) Replacement First Renewed and Restated Future Advance Secured Promissory Notes that, as of the date hereof, replace the Original Note.

*[signature page follows]*

IN WITNESS HEREOF, this Note has been duly authorized, executed acknowledged and delivered by the Maker to the Payee on the date first written above.

**HOLLY HILL I ASSOCIATES, LTD.,** a Florida limited partnership

By:    Boca Holly Hill I GP, Inc., a Florida corporation, its General Partner

By:    _____
     Name:  Theodore R. Stotzer
     Title:  Vice President

997849.9

STATE OF FLORIDA    )
                    )ss.:
COUNTY OF _Broward_ )

On the _8th_ day of November, 2006, before me, the undersigned, a Notary Public in and for said state, personally appeared _Theodore R. Stotzer, VP._, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacities and that by his signature on the instrument, the persons or the entities upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

_____
Notary Public

Celeste M. Orlins
Commission # DD338393
Expires August 24, 2008
Bonded Troy Fain - Insurance, Inc. 800-385-7019

9978495\

# EXHIBIT C

**Execution Copy**

## GUARANTY OF PAYMENT

THIS GUARANTY OF PAYMENT (this "**Guaranty**") is made as of December 15, 2005 by MICHAEL SWERDLOW, BRIAN STREET and JAMES COHEN, jointly and severally, each having an address for notice c/o Swerdlow Boca Developers, 321 East Hillsboro Boulevard, Deerfield Beach, Florida 33441, Attention: Theodore Stotzer, Esq. (each individually, a "**Guarantor**" and collectively, "**Guarantors**"), in favor of HSH NORDBANK AG NEW YORK BRANCH, having an address for notice at 230 Park Avenue, New York, New York 10169-0005, Attention: Mr. Robert Mathes, as administrative agent for the benefit of the Lenders (as defined in the Loan Agreement described below) (together with its successors and assigns in such capacity as administrative agent, "**Administrative Agent**").

## RECITALS:

A.    Pursuant to a certain Loan Agreement dated as of the date hereof between Holly Hill I Associates, Ltd., a Florida limited partnership ("**Borrower**"), as borrower, and Administrative Agent, and certain other Lenders identified therein, as lenders (the "**Loan Agreement**"), Lenders have agreed to make a loan (the "**Loan**") to Borrower in the maximum aggregate amount at any time outstanding not to exceed the sum of One Hundred Ninety-Two Million and 00/100 Dollars ($192,000,000), which Loan is being evidenced by a certain First Renewed and Restated Future Advance Secured Promissory Note (the "**Note**") dated as of the date hereof and is being secured by, among other things, a certain First Renewed and Restated Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing (the "**Mortgage**") dated as of the date hereof encumbering the Project (as such term is defined in the Loan Agreement). Capitalized terms used and not otherwise defined herein shall have the meanings given to them in the Loan Agreement.

B.    The Lenders are unwilling to make the Loan unless Guarantors deliver this Guaranty to Administrative Agent for the benefit of the Lenders.

C.    Guarantors are principals of Borrower and, accordingly, Guarantors will derive material financial benefit from the Loan.

NOW, THEREFORE, in consideration of the foregoing and of the covenants and conditions herein contained, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

SECTION 1.    Guaranty.    Guarantors hereby unconditionally, jointly and severally guarantee (i) full payment and performance of all Borrower's obligations under the Tax Indemnity Agreement, (ii) the full payment, when due, of all Operating Expenses, Real Estate Taxes, condominium charges and fees, Condominium Unit sales and marketing costs, and any and all other taxes related to the Project besides Real Estate Taxes, (iii) the full payment when due of all Impermissible Assignment Prepayments, (iv) the full payment when due of a portion of the principal amount of the Loan equal to the aggregate of the original full Sales Price payable under each Condominium Unit Contract which has been the subject of an Impermissible Assignment, and (v) full payment when due of all interest on the Loan, including, but not limited to, all Additional Interest, Report Margin Increases, Open Conditions Margin Increases and Impermissible Assignment Margin Increases (including all Retroactive Portions) (all such

obligations listed in clauses (i) - (v) being referred to herein as the "**Obligations**"), and agree to pay any and all expenses (including reasonable counsel fees and expenses) incurred by Administrative Agent in enforcing any rights under this Guaranty.

SECTION 2.  Guaranty Absolute.  This Guaranty is an irrevocable, absolute, continuing guaranty of payment and performance and not a guaranty of collection.  This Guaranty may not be revoked by Guarantors and shall continue to be effective with respect to any Obligations arising or created after any attempted revocation by Guarantors and after any Guarantor's death (in which event this Guaranty shall be binding upon such Guarantor's estate).  Guarantors guarantee that the Obligations will be paid strictly in accordance with the terms of the Note and other Loan Documents, regardless of any Laws, regulation or order now or hereafter in effect in any jurisdiction affecting any of such terms or the rights of Administrative Agent with respect thereto.  The liability of Guarantors under this Guaranty shall be absolute and unconditional irrespective of:

> (i)    any lack of validity or enforceability of the Note, the Mortgage or any other agreement or instrument relating thereto;

> (ii)    any change in the time, manner or place of payment of, or in any other term of, all or any of the Obligations, or any other amendment or waiver of or any consent to departure from the Note;

> (iii)    any exchange, release or non-perfection of any collateral, or any release or amendment or waiver of consent to departure from any other guaranty or acknowledgment of debt, for all or any of the Obligations; or

> (iv)    the existence of any other guaranties or acknowledgments of debt of the Obligations or the exchange, release, amendment or waiver of any such guaranties or acknowledgments of debt, or the enforceability thereof; or

> (v)    any other circumstance which might otherwise constitute a defense available to, or a discharge of, Borrower or a guarantor (including, without limitation, any of the Guarantors) or a person giving an acknowledgment of debt.

Guarantors agree that Administrative Agent may at any time and from time to time, either before or after the maturity thereof, without notice to or further consent of Guarantors, extend the time of payment of, exchange or surrender any collateral for, or renew any of the Obligations, and may also make any agreement with Borrower or with any other party to or person liable on any of the Obligations, or interested therein, for the extension, renewal, payment, compromise, discharge or release thereof, in whole or in part, or for any modification of the terms thereof or of any agreement between Administrative Agent and Borrower or any of such other party or person, without in any way impairing or affecting this Guaranty.  Guarantors agree that Administrative Agent may resort to Guarantors for payment of any of the Obligations, whether or not Administrative Agent shall have resorted to or foreclosed against the Mortgage, or any other collateral security, or any other guaranties or acknowledgments of debt, or shall have proceeded against any other obligor principally or secondarily obligated with respect to any of the Obligations.

This Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time any payment of any of the Obligations is rescinded or must otherwise be returned by Administrative Agent upon the insolvency, bankruptcy or reorganization of Borrower or otherwise, all as though such payment had not been made. In addition, notwithstanding anything to the contrary contained in this Guaranty or in any of the Loan Documents, Administrative Agent shall not be deemed to have waived any right which Administrative Agent may have under Sections 506(a), 506(b), 1111(b) or any other provisions of the United States Bankruptcy Code to file a claim for the full amount of the Obligations secured by the Mortgage or to require that all collateral shall continue to secure all of the Obligations owing to Administrative Agent in accordance with the Loan Documents.

SECTION 3.  Waiver.  Guarantors hereby waive promptness, diligence, notice of acceptance and any other notice with respect to any of the Obligations and this Guaranty and any requirement that Administrative Agent protect, secure, perfect or insure any security interest or lien or any property subject thereto or exhaust any right or take any action against Borrower or any other person or entity or any collateral.

SECTION 4.  Subrogation.  Guarantors irrevocably waive any rights which they may acquire by way of subrogation under this Guaranty against Borrower or any other guarantor or a person giving an acknowledgment of debt of the Obligations, by any payment made hereunder or otherwise, until all the Obligations to Administrative Agent have been paid in full.

SECTION 5.  Representations and Warranties.  Guarantors hereby represent and warrant: (i) that they have full legal right and power to execute and deliver this Guaranty and perform their Obligations hereunder; (ii) that there is no provision of any agreement or contract binding on them which would prohibit, conflict with or in any way prevent the execution, delivery and performance of this Guaranty; (iii) that all financial statements of Guarantors and other documents and reports delivered to Administrative Agent by Guarantors in connection herewith are true and correct as of the respective dates and there has been no material adverse change in Guarantors' financial condition since such dates; and (iv) that Guarantors have no direct or indirect ownership interest of any nature (equitable, beneficial, economic or otherwise) in Broker (as defined in the Loan Agreement) or in any Affiliate of Broker.

SECTION 6.  Amendments, Etc.  No amendment or waiver of any provision of this Guaranty nor consent to any departure by any Guarantor therefrom shall in any event be effective unless the same shall be in writing and signed by Administrative Agent, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

SECTION 7.  No Waiver; Remedies.  No failure on the part of Administrative Agent to exercise, and no delay in exercising, any right hereunder or under any of the other Loan Documents shall operate as a waiver thereof; nor shall any single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right.  The remedies herein provided are cumulative, may be exercised singly or concurrently, and are not exclusive of any remedies provided by law.

SECTION 8.  Continuing Guaranty.  This Guaranty is a continuing guaranty and shall remain in full force and effect until payment in full of the Obligations.

SECTION 9.  Severability.  Any provision of this Guaranty, or the application thereof to any person or circumstance, which, for any reason, in whole or in part, is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions of this Guaranty (or the remaining portions of such provision) or the application thereof to any other person or circumstance, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision (or portion thereof) or the application thereof to any person or circumstance in any other jurisdiction.

SECTION 10. Entire Agreement; Amendments.  This Guaranty contains the entire agreement of the parties with respect to the subject matter hereof and supersedes all prior oral or written agreements or statements relating to such subject matter, and none of the terms and provisions hereof may be waived, amended or terminated except by a written instrument signed by the party against whom enforcement of the waiver, amendment or termination is sought.

SECTION 11. Successors and Assigns.  This Guaranty shall be binding upon and shall inure to the benefit of Administrative Agent and Guarantors and their respective heirs, personal representatives, successors and assigns.  This Guaranty may be assigned by Administrative Agent with respect to all or any portion of the Obligations guaranteed hereby, and when so assigned Guarantors shall be liable under this Guaranty to the assignee(s) of the portion(s) of the Obligations guaranteed hereby so assigned without in any manner affecting the liability of Guarantors hereunder with respect to any portion of the Obligations guaranteed hereby retained by Administrative Agent.  This Guaranty may not be assigned by Guarantors without the written consent of Administrative Agent. Without limiting the generality of the foregoing, Administrative Agent may assign or otherwise transfer the Note to any other person or entity, and such other person or entity shall thereupon become vested with all the rights in respect thereof granted to Administrative Agent herein or otherwise.

SECTION 12. ADDITIONAL WAIVERS IN THE EVENT OF ENFORCEMENT. GUARANTORS HEREBY EXPRESSLY AND UNCONDITIONALLY WAIVE, IN CONNECTION WITH ANY SUIT, ACTION OR PROCEEDING BROUGHT BY OR ON BEHALF OF ADMINISTRATIVE AGENT ON THIS GUARANTY, ANY AND EVERY RIGHT GUARANTORS MAY HAVE TO (I) INJUNCTIVE RELIEF, (II) A TRIAL BY JURY, (III) INTERPOSE ANY COUNTERCLAIM THEREIN (OTHER THAN COMPULSORY COUNTERCLAIMS) AND (IV) HAVE THE SAME CONSOLIDATED WITH ANY OTHER OR SEPARATE SUIT, ACTION OR PROCEEDING.  NOTHING HEREIN CONTAINED SHALL PREVENT OR PROHIBIT GUARANTORS FROM INSTITUTING OR MAINTAINING A SEPARATE ACTION AGAINST ADMINISTRATIVE AGENT WITH RESPECT TO ANY ASSERTED CLAIM.

SECTION 13. Joint and Several Liability.  Guarantors agree that they shall be jointly and severally liable for the making, performance and observance of the Obligations of Guarantors contained herein.

SECTION 14. Governing Law.  This Guaranty shall be governed by, and construed in accordance with, the laws of the State of New York.  Guarantors hereby irrevocably submit to the nonexclusive jurisdiction of any New York State or Federal court.

9945520\V-6

IN WITNESS WHEREOF, Guarantors have duly executed and delivered this Guaranty as of the date first written above.

**GUARANTORS:**

_____
MICHAEL SWERDLOW

_____
BRIAN STREET

_____
JAMES COHEN

9945526

IN WITNESS WHEREOF, Guarantors have duly executed and delivered this Guaranty as of the date first written above.

### GUARANTORS:

_____
MICHAEL SWERDLOW

_____
BRIAN STREET

_____
JAMES COHEN

9945526

STATE OF FLORIDA          )
                          )SS.:
COUNTY OF __MIAMI-DADE__  )

        On the 15th day of December, 2005, before me, the undersigned, a Notary Public in and for said state, personally appeared ___Michael Swerdlow___, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the person or the entity upon behalf of which the person acted, executed the instrument.

Notary Public

YUMARA MARTINEZ
MY COMMISSION # DD 363883
EXPIRES: October 19, 2008
Bonded Thru Notary Public Underwriters

STATE OF FLORIDA          )
                          )SS.:
COUNTY OF __BROWARD__     )

        On the 15th day of December, 2005, before me, the undersigned, a Notary Public in and for said state, personally appeared ___Brian Street___, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the person or the entity upon behalf of which the person acted, executed the instrument.

_____
Notary Public

STATE OF FLORIDA          )
                          )SS.:
COUNTY OF __BROWARD__     )

        On the 15th day of December, 2005, before me, the undersigned, a Notary Public in and for said state, personally appeared ___James Cohen___, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the person or the entity upon behalf of which the person acted, executed the instrument.

_____
Notary Public

9943520

STATE OF FLORIDA )
)SS.:
COUNTY OF _MIAMI-DADE_ )

       On the 15th day of December, 2005, before me, the undersigned, a Notary Public in and for said state, personally appeared __Michael Swerdlow__, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the person or the entity upon behalf of which the person acted, executed the instrument.

                                 _____
                                  Notary Public

STATE OF FLORIDA )
)SS.:
COUNTY OF _BROWARD_ )

       On the 15th day of December, 2005, before me, the undersigned, a Notary Public in and for said state, personally appeared __Brian Street__, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the person or the entity upon behalf of which the person acted, executed the instrument.

Notary Public

SHAWN D. JOHNSON
MY COMMISSION # DD 252384
EXPIRES: September 25, 2007
Bonded Thru Notary Public Underwriters

STATE OF FLORIDA )
)SS.:
COUNTY OF _BROWARD_ )

       On the 15th day of December, 2005, before me, the undersigned, a Notary Public in and for said state, personally appeared __James Cohen__, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the person or the entity upon behalf of which the person acted, executed the instrument.

Notary Public

SHAWN D. JOHNSON
MY COMMISSION # DD 252384
EXPIRES: September 25, 2007
Bonded Thru Notary Public Underwriters

9945520

# EXHIBIT D

**EXECUTION COPY**

## PRINCIPAL GUARANTY

THIS PRINCIPAL AND INTEREST GUARANTY (this "**Guaranty**") is made as of July 6, 2006, by MICHAEL SWERDLOW ("**Swerdlow**"), an individual, having an address at 3390 Mary Street, Suite 200, Coconut Grove, Florida 33133, BRIAN STREET ("**Street**"), an individual, having an address in care of Boca Developers, 321 East Hillsboro Boulevard, Deerfield Beach, Florida 33441, and JAMES COHEN, an individual, having an address in care of Boca Developers, 321 East Hillsboro Boulevard, Deerfield Beach, Florida 33441 ("**Cohen**"; together with Swerdlow and Street, collectively, the "**Guarantors**" and each individually, a "**Guarantor**"), jointly and severally, in favor of HSH NORDBANK AG NEW YORK BRANCH, having an address for notice at 230 Park Avenue, New York, New York 10169-0005, Attention: Mr. Robert Mathes, as administrative agent (together with its successors and assigns in such capacity as administrative agent, "**Administrative Agent**") for the benefit of itself and certain other lenders who may become parties to the Loan Agreement described below.

## RECITALS:

A.      Pursuant to a certain Loan Agreement dated as of December 15, 2005 by and among Holly Hill I Associates, Ltd., a Florida limited partnership ("**Borrower**"), as borrower, and Administrative Agent, as agent for itself and certain other lenders who may become parties thereto, as lenders ("**Lenders**"), as amended by a certain First Amendment to Loan Agreement and Certain other Loan Documents dated as of March 7, 2006, by and among Borrower, the Guarantors and Administrative Agent (the "**First Amendment**"), and a certain Second Amendment to Loan Agreement and Certain other Loan Documents dated as of June 1, 2006, by and among Borrower, the Guarantors and Administrative Agent (the "**Second Amendment**"; and collectively, the "**Loan Agreement**"), Administrative Agent, in its capacity as a Lender, agreed to make a loan (the "**Loan**") to Borrower in a maximum, principal amount at any time outstanding not to exceed One Hundred Ninety-Two Million and 00/100 Dollars ($192,000,000). Capitalized terms used and not otherwise defined herein shall have the respective meanings given to them in the Loan Agreement.

B.      The Loan is evidenced by a certain First Renewed and Restated Future Advance Secured Promissory Note dated as of December 15, 2005, made by Borrower to the order of Administrative Agent, as amended by the First Amendment and the Second Amendment, (collectively, the "**Note**"), and is secured by, among other things, a certain First Renewed and Restated Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing dated as of December 15, 2005, granted by Borrower to Administrative Agent and recorded as a first mortgage lien against certain real property located in Holly Hill, Florida on December 20, 2005 in Official Records Book 5728, Page 2335, of the Public Records of Volusia County, Florida, as same may have been amended by the First Amendment and Second Amendment (collectively, the "**Mortgage**").

C.      Borrower and each of the Guarantors has requested that Administrative Agent execute and deliver a Third Amendment to Loan Agreement and Certain Other Loan Documents in the form attached to this Guaranty as Exhibit A (the "**Third Amendment**"), which Third Amendment, when fully executed and delivered, shall further amend the Loan Agreement, the Note, the Mortgage and certain other Loan Documents.

17526742\V-3

D.     Administrative Agent is unwilling to execute and deliver the Third Amendment or to put in effect the amendments to the Loan Documents which would be effected thereby, unless the Guarantors, including Swerdlow notwithstanding the Ownership Change (as defined in the Third Amendment), execute and deliver this Guaranty for the benefit of Administrative Agent and the Lenders.

NOW, THEREFORE, to induce Administrative Agent to execute and deliver the Third Amendment, and in consideration of the foregoing and of the covenants and conditions on Administrative Agent's part to be performed contained herein or in the Third Amendment, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Guarantors, the Guarantors agree as follows:

SECTION 1.     Guaranty.

(a)     The Guarantors, including Swerdlow notwithstanding the Ownership Change, hereby, jointly and severally, irrevocably and unconditionally guarantee to Administrative Agent the performance and punctual payment when due, whether at stated maturity, by acceleration, lapse of time or otherwise, of the outstanding principal balance of the Loan now or hereafter existing from time to time in an amount, singly or in the aggregate, up to but not in excess of $40,000,000 (the "**Guaranteed Obligation**"), and agree to pay any and all expenses (including reasonable counsel fees and expenses) incurred by Administrative Agent in enforcing any rights under this Guaranty. Each of the Guarantors hereby irrevocably and unconditionally covenants and agrees that he is jointly and severally liable for the Guaranteed Obligation, as a primary obligor. This Guaranty shall in no way limit or otherwise lessen or diminish Guarantors' obligations or liability under the Joinder, the Payment Guaranty, the Completion Guaranty or the Indemnity Agreement.

(b)     All payments by the Guarantors on account of this Guaranty shall be paid in Dollars. Each and every default under the Loan Documents shall give rise to a separate cause of action hereunder by Administrative Agent and separate suits may be brought hereunder as each such cause of action arises.

(c)     Each Guarantor agrees that all payments, repayments and prepayments by Borrower or any other Person of any amounts in respect of the Loan under any of the Loan Documents (other than by the Guarantors pursuant to a demand by Administrative Agent hereunder) or any amounts realized from the Project, shall be deemed to be applied first to all amounts owing under any of the Loan Documents other than the Guaranteed Obligation, and last to the Guaranteed Obligation, with the effect that this Guaranty shall remain in full force and effect until full payment and performance in full of all of the Obligations under the Loan Documents. Payments made under the Joinder, the Payment Guaranty, the Completion Guaranty or the Indemnity Agreement shall not reduce or be applied against the Guaranteed Obligation.

SECTION 2.     Guaranty Absolute. This Guaranty is an irrevocable, absolute, continuing guaranty of payment and performance and not a guaranty of collection. This Guaranty may not be revoked by the Guarantors and shall continue to be effective with respect to any portion of the Guaranteed Obligation arising or created after any attempted revocation by the Guarantors and after any Guarantor's death (in which event this Guaranty shall be binding upon such

2

Guarantor's estate).  The Guarantors guarantee that the Guaranteed Obligation will be paid strictly in accordance with the terms of the Note and the other Loan Documents, regardless of any Laws, regulation or order now or hereafter in effect in any jurisdiction affecting any of such terms or the rights of Administrative Agent with respect thereto.  The liability of the Guarantors under this Guaranty shall be absolute and unconditional irrespective of:

      (a)    any lack of validity or enforceability of the Note, the Mortgage, any of the other Loan Documents or any other agreement or instrument relating thereto;

      (b)    any change in the time, manner or place of payment of, or in any other term of, all or any portion of the Guaranteed Obligation, or any other amendment or waiver of or any consent to departure from the Note;

      (c)    any exchange, release or non-perfection of any collateral, or any release or amendment or waiver of consent to departure from any other guaranty or acknowledgment of debt, for all or any portion of the Guaranteed Obligation;

      (d)    the existence of any other guaranties or acknowledgments of debt of the Guaranteed Obligation or the exchange, release, amendment or waiver of any such guaranties or acknowledgments of debt, or the enforceability thereof;

      (e)    the Ownership Change; or

      (f)    any other circumstance which might otherwise constitute a defense available to, or a discharge of, Borrower or a guarantor (including, without limitation, any of the Guarantors) or a Person giving an acknowledgment of debt.

The Guarantors agree that Administrative Agent may at any time and from time to time, either before or after the maturity thereof, without notice to or further consent of any Guarantor, extend the time of payment of, exchange or surrender any collateral for, or renew any portion of the Guaranteed Obligation, and may also make any agreement with Borrower or with any other party to or Person liable on any portion of the Guaranteed Obligation, or interested therein, for the extension, renewal, payment, compromise, discharge or release thereof, in whole or in part, or for any modification of the terms thereof or of any agreement between Administrative Agent and Borrower or any of such other party or Person, without in any way impairing or affecting this Guaranty.  The Guarantors agree that Administrative Agent may resort to the Guarantors for payment of any portion of the Guaranteed Obligation, whether or not Administrative Agent shall have resorted to or foreclosed against the Mortgage, or any other collateral security, or any other guaranties or acknowledgments of debt, or shall have proceeded against any other obligor principally or secondarily obligated with respect to any portion of the Guaranteed Obligation.

This Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time any payment of any portion of the Guaranteed Obligation is rescinded or must otherwise be returned by Administrative Agent upon the insolvency, bankruptcy or reorganization of Borrower or otherwise, all as though such payment had not been made.  In addition, notwithstanding anything to the contrary contained in this Guaranty or in any of the Loan Documents, Administrative Agent shall not be deemed to have waived any right which Administrative Agent may have under Sections 506(a), 506(b), 1111(b) or any other provisions

of the United States Bankruptcy Code to file a claim for the full amount of the Obligations secured by the Mortgage or to require that all collateral shall continue to secure all of the Obligations owing to Administrative Agent in accordance with the Loan Documents.

SECTION 3. Waiver. The Guarantors hereby waive promptness, diligence, notice of acceptance and any other notice with respect to any portion of the Guaranteed Obligation and this Guaranty and any requirement that Administrative Agent protect, secure, perfect or insure any security interest or lien or any property subject thereto or exhaust any right or take any action against Borrower or any other Person or any collateral.

SECTION 4. Subrogation. The Guarantors irrevocably waive any rights which they may acquire by way of subrogation under this Guaranty against Borrower or any other guarantor or a Person giving an acknowledgment of debt of the Obligations, by any payment made hereunder or otherwise, until all the Obligations to Administrative Agent have been paid in full.

SECTION 5. Representations and Warranties. Each Guarantor hereby represents and warrants: (a) that he has full legal right and power to execute and deliver this Guaranty and perform his obligations hereunder; (b) that there is no provision of any agreement or contract binding on him which would prohibit, conflict with or in any way prevent the execution, delivery and performance of this Guaranty; (c) that all financial statements of such Guarantor and other documents and reports delivered to Administrative Agent by such Guarantor in connection herewith are true and correct as of their respective dates and there has been no material adverse change in such Guarantor's financial condition since such dates; and (d) that the Guarantors have no direct or indirect ownership interest of any nature (equitable, beneficial, economic or otherwise) in Broker (as defined in the Loan Agreement) or in any Affiliate of Broker.

SECTION 6. Amendments, Etc. No amendment or waiver of any provision of this Guaranty nor consent to any departure by any Guarantor therefrom shall in any event be effective unless the same shall be in writing and signed by Administrative Agent, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

SECTION 7. No Waiver; Remedies. No failure on the part of Administrative Agent to exercise, and no delay in exercising, any right hereunder or under any of the other Loan Documents shall operate as a waiver thereof; nor shall any single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right. The remedies herein provided are cumulative, may be exercised singly or concurrently, and are not exclusive of any remedies provided by Law.

SECTION 8. Continuing Guaranty. This Guaranty is a continuing guaranty and shall remain in full force and effect until the earlier of (x) all of the Guaranteed Obligation (plus any expenses due hereunder) has been paid, performed and completed in full, and (y) the Loan and all other amounts due from Borrower or the Guarantors under the Loan Documents have been paid in full; including, without limitation, in either case, the payment of any and all expenses incurred by Administrative Agent in enforcing any rights hereunder and all interest due thereon.

SECTION 9.  Severability.  Any provision of this Guaranty, or the application thereof to any Person or circumstance, which, for any reason, in whole or in part, is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions of this Guaranty (or the remaining portions of such provision) or the application thereof to any other Person or circumstance, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision (or portion thereof) or the application thereof to any Person or circumstance in any other jurisdiction.

SECTION 10. Entire Agreement; Amendments.  This Guaranty contains the entire agreement of the parties with respect to the subject matter hereof and supersedes all prior oral or written agreements or statements relating to such subject matter, and none of the terms and provisions hereof may be waived, amended or terminated except by a written instrument signed by Administrative Agent and the party against whom enforcement of the waiver, amendment or termination is sought.

SECTION 11. Successors and Assigns.  This Guaranty shall be binding upon and shall inure to the benefit of Administrative Agent and the Guarantors and their respective heirs, personal representatives, successors and assigns.  This Guaranty may be assigned by Administrative Agent with respect to all or any portion of the Guaranteed Obligation, and when so assigned the Guarantors shall be liable under this Guaranty to the assignee(s) of the portion(s) of the Guaranteed Obligation so assigned without in any manner affecting the liability of the Guarantors hereunder to Administrative Agent with respect to any portion of the Guaranteed Obligation retained by Administrative Agent.  This Guaranty may not be assigned by the Guarantors without the written consent of Administrative Agent. Without limiting the generality of the foregoing, Administrative Agent may assign or otherwise transfer the Note (in whole or in part) to any other Person, and such other Person shall thereupon become vested with all the rights in respect thereof granted to Administrative Agent herein or otherwise.

SECTION 12. ADDITIONAL WAIVERS IN THE EVENT OF ENFORCEMENT. THE GUARANTORS HEREBY EXPRESSLY AND UNCONDITIONALLY WAIVE, IN CONNECTION WITH ANY SUIT, ACTION OR PROCEEDING BROUGHT BY OR ON BEHALF OF ADMINISTRATIVE AGENT ON THIS GUARANTY, ANY AND EVERY RIGHT THE GUARANTORS MAY HAVE TO (I) INJUNCTIVE RELIEF, (II) A TRIAL BY JURY, (III) INTERPOSE ANY COUNTERCLAIM THEREIN (OTHER THAN COMPULSORY COUNTERCLAIMS) AND (IV) HAVE THE SAME CONSOLIDATED WITH ANY OTHER OR SEPARATE SUIT, ACTION OR PROCEEDING.  NOTHING HEREIN CONTAINED SHALL PREVENT OR PROHIBIT THE GUARANTORS FROM INSTITUTING OR MAINTAINING A SEPARATE ACTION AGAINST ADMINISTRATIVE AGENT WITH RESPECT TO ANY ASSERTED CLAIM.

SECTION 13. Joint and Several Liability.  The Guarantors, including Swerdlow notwithstanding the Ownership Change, agree that they shall be jointly and severally liable for the making, performance and observance of the Guaranteed Obligation.

SECTION 14. <u>Governing Law</u>.  This Guaranty shall be governed by, and construed in accordance with, the Laws of the State of New York.  Guarantors hereby irrevocably submit to the nonexclusive jurisdiction of any New York State or Federal court.

*[Signature page follows]*

IN WITNESS WHEREOF, each of the Guarantors has duly executed and delivered this Guaranty as of the date first written above.

**GUARANTORS:**

_____
MICHAEL SWERDLOW

_____
BRIAN STREET

_____
JAMES COHEN

17526742\

IN WITNESS WHEREOF, each of the Guarantors has duly executed and delivered this Guaranty as of the date first written above.

**GUARANTORS:**

_____
MICHAEL SWERDLOW

_____
BRIAN STREET

_____
JAMES COHEN

17526742\

STATE OF FLORIDA         )
                         )SS.:
COUNTY OF *Miami-Dade*)

On the 28th day of June, 2006, before me, the undersigned, a Notary Public in and for said state, personally appeared *Michael Swerdlow*, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the person or the entity upon behalf of which the person acted, executed the instrument.

YUMARA MARTINEZ
MY COMMISSION # DD 363883
EXPIRES: October 19, 2008
Bonded Thru Notary Public Underwriters

_____
Notary Public

STATE OF FLORIDA         )
                         )SS.:
COUNTY OF _____)

On the ___ day of June, 2006, before me, the undersigned, a Notary Public in and for said state, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the person or the entity upon behalf of which the person acted, executed the instrument.

_____
Notary Public

STATE OF FLORIDA         )
                         )SS.:
COUNTY OF _____)

On the ___ day of June, 2006, before me, the undersigned, a Notary Public in and for said state, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the person or the entity upon behalf of which the person acted, executed the instrument.

_____
Notary Public

17526742

STATE OF FLORIDA          )
                          )SS.:
COUNTY OF MIAMI-DADE      )

On the ___ day of June, 2006, before me, the undersigned, a Notary Public in and for said state, personally appeared ___Michael Swerdlow___, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the person or the entity upon behalf of which the person acted, executed the instrument.

_____
Notary Public

STATE OF FLORIDA          )
                          )SS.:
COUNTY OF BROWARD         )

On the 27th day of June, 2006, before me, the undersigned, a Notary Public in and for said state, personally appeared ___Brian Street___, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the person or the entity upon behalf of which the person acted, executed the instrument.

_____
Notary Public

Celeste M. Orlins
Commission # DD338393
Expires August 24, 2008
Bonded Troy Fain - Insurance, Inc. 800-385-7019

STATE OF FLORIDA          )
                          )SS.:
COUNTY OF BROWARD         )

On the 27th day of June, 2006, before me, the undersigned, a Notary Public in and for said state, personally appeared ___James Cohen___, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the person or the entity upon behalf of which the person acted, executed the instrument.

_____
Notary Public

Celeste M. Orlins
Commission # DD338393
Expires August 24, 2008
Bonded Troy Fain - Insurance, Inc. 800-385-7019

1752674Z

# EXHIBIT A

## Third Amendment

EXECUTION COPY

### THIRD AMENDMENT TO LOAN AGREEMENT
### AND CERTAIN OTHER LOAN DOCUMENTS

This Third Amendment to Loan Agreement and Certain other Loan Documents (this "Third Amendment") is made as of the 6th day of June, 2006, by and among HOLLY HILL I ASSOCIATES, LTD., a Florida limited partnership, having an address in care of Boca Developers, 321 East Hillsboro Boulevard, Deerfield Beach, Florida 33441 ("Borrower"), and MICHAEL SWERDLOW ("Swerdlow"), an individual, as a joinder party and a guarantor, BRIAN STREET ("Street"), an individual, as a joinder party and a guarantor, and JAMES COHEN, an individual, as a joinder party and a guarantor ("Cohen"; together with Swerdlow and Street, collectively, the "Guarantors", and each individually, a "Guarantor"), and HSH NORDBANK AG NEW YORK BRANCH, a branch of a foreign bank licensed under the Laws of the State of New York, having an address at 230 Park Avenue, New York, New York 10169-0005, in its individual capacity as a lender and as administrative agent for itself and certain other lenders who are or may become parties to the Amended Loan Agreement described below ("Lender").

### RECITALS:

A.    Borrower and Lender are parties to a certain Loan Agreement dated as of December 15, 2005 (the "Original Loan Agreement"), pursuant to which Lender made a secured loan to Borrower in the maximum principal amount $192,000,000 (the "Loan"). The Original Loan Agreement was amended by a certain First Amendment to Loan Agreement and Certain other Loan Documents dated as of March 7, 2006, by and among Borrower, the Guarantors and Lender (the "First Amendment") and by a certain Second Amendment to Loan Agreement and Certain other Loan Documents dated as of June 1, 2006, by and among Borrower, the Guarantors and Lender (the "Second Amendment"). The Original Loan Agreement, as amended by the First Amendment and the Second Amendment, is herein referred to as the "Amended Loan Agreement".

B.    The Loan is evidenced by a First Renewed and Restated Future Advance Secured Promissory Note in the maximum principal amount of $192,000,000, dated as of December 15, 2005, made by Borrower to the order of Lender (the "Original Note"), which was amended by the First Amendment and the Second Amendment (the Original Note, as amended by the First Amendment and the Second Amendment, is herein referred to as the "Amended Note").

C.    The indebtedness evidenced by the Amended Note and all of Borrower's other obligations under the Amended Loan Agreement and the other documents relating to the Loan, as the same may have been amended by the First Amendment and/or the Second Amendment (collectively, the "Amended Loan Documents") are secured by, inter alia, (i) a First Renewed and Restated Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing dated as of December 15, 2005, granted by Borrower to Lender and recorded as a first mortgage lien against certain real property located in Holly Hill, Florida on December 20, 2005 in Official Records Book 5728, Page 2335, of the Public Records of Volusia County, Florida, (ii) certain joint and several guaranties provided by the Guarantors, as more particularly described in the Amended Loan Agreement, (iii) a certain hazardous materials indemnity agreement executed by Borrower and the Guarantors in favor of Lender, and (iv) a certain joint and several joinder

17526702\V-8

agreement provided by the Guarantors, as more particularly described in and attached to the Amended Loan Agreement.

D.    On the date hereof, Borrower shall pay to Lender $12,000,000 in reduction of the outstanding principal amount of the Loan (the "Principal Repayment").

E.    The current outstanding principal balance evidenced by the Amended Note and secured by the Amended Loan Documents, before the Principal Repayment, is $44,813,255.34, and, after the Principal Repayment, the outstanding principal balance of the Loan will be $32,813,255.34. After the Principal Repayment, the unadvanced principal of the Loan still available to Borrower under and in accordance with and subject to all of the terms and provisions of the Loan Documents, will be $147,186,744.66 (the "Available Amount").

F.    Borrower and each of the Guarantors have requested that Lender permit the pledge of Boca Holly Hill I GP, Inc.'s and Boca Holly Hill I Associates LP, Ltd.'s ownership interests in Borrower (the "Pledge") to Madeleine L.L.C., a New York limited liability company ("Madeleine"), for the sole purpose of securing a certain $275,000,000 revolving credit facility (the "Madeleine Revolver") made available by Madeleine to, among other Persons, certain of the partners of Borrower under and pursuant to a certain Loan and Security Agreement dated as of June 6, 2006.

G.    Under the Amended Loan Agreement, the Pre-Sales Requirement is $163,200,000.

H.    Borrower and each of the Guarantors have requested that Lender reduce the Pre-Sales Requirement from $163,200,000 to $153,000,000 (the "Pre-Sales Requirement Decrease").

I.    Under the Amended Loan Agreement, if at any time the LIBOR Base Rate for an Interest Period of three (3) months equals or exceeds five percent (5%) per annum (the "Trigger Rate"), Borrower is required to obtain an Interest Rate Hedge Agreement limiting the interest rate payable by Borrower in respect of the Loan to a maximum rate of seven and three-quarters percent (7.75%) per annum (the "Interest Rate Cap").

J.    Borrower and each of the Guarantors have requested that Lender increase (i) the Trigger Rate from five percent (5%) per annum to six percent (6%) per annum and (ii) the Interest Rate Cap from seven and three-quarters percent (7.75%) per annum to eight and three-quarters percent (8.75%) per annum (collectively, the "Requested Increase").

K.    Borrower and each of the Guarantors have requested that Lender consent to the redemption by Borrower of (a) BF Holly Hill I, LLC's 39.5% limited partnership interest in Borrower and (b) Swerdlow Holly Hill I GP, LLC's 0.5% general partnership interest in Borrower, which will result in Swerdlow no longer owning, directly or indirectly, any interest in Borrower (the "Ownership Change").

L.    Lender is willing to consent to the Pledge, the Pre-Sales Requirement Decrease, the Requested Increase and the Ownership Change only if (i) the Amended Loan Agreement and certain other original Loan Documents and Amended Loan Documents are amended in the manner hereinafter set forth, (ii) Borrower and each of the Guarantors, including Swerdlow

2

17526702\V-8

notwithstanding the Ownership Change, agree to amend the Amended Loan Agreement and certain other original Loan Documents and Amended Loan Documents in the manner hereinafter set forth, and (iii) each of the Guarantors, including Swerdlow notwithstanding the Ownership Change, agrees to remain a joint and several obligor under each of the Guaranties, the Joinder and the Indemnity Agreement, and to execute and deliver the Principal Guaranty described in Paragraph 4 below; and Borrower and each of the Guarantors are willing to comply with each of the conditions set forth in this Recital L.

**AGREEMENTS:**

Accordingly, in consideration of the mutual agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto covenant and agree as follows:

1.      All capitalized terms used herein (including in the foregoing Recitals), unless otherwise defined, have the respective meanings given to them in the Amended Loan Agreement.

2.      The Recitals are incorporated as a part of this Third Amendment with the same effect as if set forth in the body hereof.

3.      Borrower and each of the Guarantors acknowledge and agree that:

(a)      the current outstanding principal amount of the Loan is $44,813,255.34;

(b)      after the Principal Repayment, the outstanding principal amount of the Loan will be $32,813,255.34;

(c)      after the Principal Repayment, the Available Amount will be $147,186,744.66;

(d)      the Applicable Margin increased from 2.75% per annum to 3.25% per annum on February 13, 2006, increased from 3.25% per annum to 3.75% per annum on March 15, 2006, and decreased from 3.75% per annum to 3.25% per annum on June 2, 2006;

(e)      each of the Guarantors is and will remain a "Guarantor," as that term is defined in the Amended Loan Agreement;

(f)      each of the Guarantors is and will remain a "Joinder Party," as that term is defined in the Amended Loan Agreement;

(g)      each of the Guarantors is and will remain an "Indemnitor," as that term is defined in the Indemnity Agreement;

(h)      although neither Swerdlow nor any Affiliate of Swerdlow shall remain a principal of Borrower as a result of the Ownership Change, Swerdlow, in consideration of Lender agreeing to the Pre-Sales Requirement Decrease, the Requested Increase and the Ownership Change, and for other good and valuable consideration (the receipt and sufficiency of

which is hereby acknowledged by Swerdlow), shall remain a joint and several obligor and guarantor under the Joinder (as a Joinder Party), the Guaranties (as a Guarantor), and the Indemnity Agreement (as an Indemnitor);

(i)     the Principal Guaranty described below shall be included as a "Loan Document," as that term is defined in the Agreement; and

(j)     Lenders shall have no obligation to make any Advances under the Loan Documents while any monetary or other material Default or Event of the Default exists, notwithstanding that such Default or Event of Default is being or may have been cured by Madeleine as permitted under Section 10 of that certain Intercreditor Agreement dated as of June 6, 2006 entered into by and between Madeleine and Administrative Agent (the "Intercreditor Agreement") with respect to the subordination of the Madeleine Revolver to the Loan with Administrative Agent, or otherwise, unless Administrative Agent shall agree in its sole and absolute discretion to make any such Advance.

4.     Section 1.1 of the Amended Loan Agreement is hereby amended to insert the following new definition between the definitions of "Prime Rate Loan" and "Prior Borrower":

> Principal Guaranty:  means that certain joint and several Principal Guaranty dated as June 6, 2006, executed by Guarantors in favor of Lender, as the same hereafter may be supplemented, amended or restated from time to time, whereby Guarantors, including Swerdlow notwithstanding the Ownership Change, have agreed jointly and severally to guaranty payment of the principal amount of the Loan outstanding from time to time, up to a maximum guaranteed principal amount of $40,000,000, plus certain other expenses described therein.

5.     Certain of the defined terms set forth in Section 1.1 of the Amended Loan Agreement are hereby amended and modified as follows:

(a)     The term "Agreement" is hereby amended to mean the Amended Loan Agreement, as further amended by this Third Amendment and as the same in the future may be further amended from time to time.

(b)     Paragraph (b) of the term "Applicable Margin" is hereby deleted and all references in the Amended Loan Agreement to the defined term "Open Conditions Margin Increase" are deleted from the Amended Loan Agreement.

(c)     The term "Guaranties" is hereby amended to include the Principal Guaranty.

(d)     The term "Loan Documents" is hereby amended to mean the original Loan Documents and Amended Loan Documents, as the same may be amended or further amended by this Third Amendment and in the future may be further amended from time to time.

(e)     The definition of the term "Revolver" is hereby amended in its entirety to read as follows:

The $275,000,000 revolving credit facility made available by Madeleine L.L.C., a New York limited liability company, to, among other Persons, certain of the partners of Borrower, under and pursuant to a certain Loan and Security Agreement dated as of June 6, 2006.

6.     Section 2.2(d) of the Amended Loan Agreement is hereby amended by (i) deleting "five percent (5%)" in the third line thereof, and inserting in lieu thereof, "six percent (6%)", and (ii) deleting "seven and three-quarters percent (7.75%)" in the sixth line thereof, and inserting in lieu thereof, "eight and three-quarters percent (8.75%)." Borrower and each of the Guarantors hereby acknowledges and agrees that under Section 2.2(d) of the Amended Loan Agreement, as hereby amended, Borrower is obligated to provide an Interest Rate Hedge Agreement in accordance with the applicable provisions of the Agreement and that, if such Interest Rate Hedge Agreement is provided by Lender, same shall constitute a Loan Document and all obligations of Borrower thereunder shall constitute additional interest due and payable on the Loan which shall be secured by the Mortgage and other Loan Documents. As a condition of the effectiveness of this Third Amendment, Borrower shall have provided to Lender such requisite Interest Rate Hedge Agreement.

7.     Section 2.5(h) of the Amended Loan Agreement is hereby amended by inserting the words "the Principal Guaranty," at the beginning thereof.

8.     Section 8.12(a) of the Amended Loan Agreement is hereby amended by replacing the figure "$163,200,000" in the fourth line thereof with the figure "$153,000,000." Lender hereby confirms that, as a result of such change, the Pre-Sales Requirement is satisfied, subject always to the other applicable provisions of the Agreement and the Other Loan Documents.

9.     Lender, Borrower and each of the Guarantors hereby agree that (i) Paragraph 7 of the Second Amendment is no longer of any force or effect, and (ii) the Joinder and the Payment Guaranty shall, from and after the date hereof, be deemed not to have been amended in the manner set forth in said Paragraph 7, except for the deletion of the language "from and after full satisfaction of all of the Open Conditions Precedent, the" in the fourth and fifth lines of the Joinder, which remains in effect.

10.     Lender confirms that, subject to the terms and conditions of the definition of Applicable Margin set forth in Section 1.1 of the Agreement, the Applicable Margin is two and three-quarters percent (2.75%) per annum. The Applicable Margin remains subject to change as provided in the Agreement.

11.     Prior to or simultaneously with the execution and delivery of this Third Amendment, Guarantors shall have executed and delivered to Lender the Principal Guaranty, which shall be in form and content substantially the same as the form attached hereto as Exhibit A.

12.     Lenders hereby consent to the Ownership Change.

13.     Lender hereby consents to the Pledge, provided that Madeleine has entered into the Intercreditor Agreement with Lender.

17526702\V-8

14. All references to the "Loan Agreement" in the original Loan Documents and the Amended Loan Documents (other than the Amended Loan Agreement) are hereby amended to mean the Amended Loan Agreement, as amended by this Third Amendment and as the same may be further amended from time to time.

15. Each original Loan Document and Amended Loan Document (except the Amended Loan Agreement) referenced in any other original Loan Document or Amended Loan Document is hereby amended to mean such referenced original Loan Document or Amended Loan Document, as such original Loan Document or Amended Loan Document may be amended by this Third Amendment, and may be further amended from time to time.

16. Each of the Guarantors has executed and delivered this Third Amendment for the purpose of ratifying and affirming the Joinder, the Guaranties and the Indemnity Agreement, and confirming that (i) the Joinder, the Guaranties and the Indemnity Agreement, as the same may have been amended by the First Amendment and the Second Amendment and this Third Amendment, all remain in full force and effect in accordance with their terms, notwithstanding the Ownership Change, (ii) on the date hereof they have no defenses to the enforcement of their joint and several obligations and liabilities under the Joinder, the Guaranties or the Indemnity Agreement, as the same may have been amended by the First Amendment and the Second Amendment and this Third Amendment, or any claims or counterclaims against Lender, and the occurrence of the Ownership Change shall in no event constitute such a defense or give rise to any such claim or counter-claim, and (iii) the Joinder, the Guaranties and the Indemnity Agreement as the same may have been amended by the First Amendment and the Second Amendment and this Third Amendment, apply to the Amended Loan Agreement, the Amended Note, the Mortgage and all of the other original Loan Documents and Amended Loan Documents, as the same may be amended by this Third Amendment and in the future may be further amended from time to time.

17. Borrower and each of the Guarantors repeat and reaffirm, as of the date hereof, each of its and his representations and warranties set forth in the Amended Loan Agreement and the other original Loan Documents and Amended Loan Documents, as the same may be amended by this Third Amendment and in the future may be further amended from time to time. Each of the Guarantors hereby certifies that, as of the date hereof, the Guarantors are in compliance with the Financial Covenants set forth in Section 11.21 of the Amended Loan Agreement. Borrower and each of the Guarantors hereby agrees that, notwithstanding the Ownership Change, all of the provisions set forth in the Amended Loan Agreement with respect to the Financial Covenants and the Guarantors' obligations to be in compliance therewith shall not change, and that the financial condition of Swerdlow will still be considered in determining whether or not such compliance exists.

18. All of the terms, provisions and conditions of the Amended Loan Agreement, the Mortgage, the Amended Note, the Guaranties, the Joinder, the Indemnity Agreement and the other original Loan Documents and Amended Loan Documents, as the same may be amended by this Third Amendment and in the future may be further amended from time to time, remain in full force and effect and Borrower and each of the Guarantors hereby ratifies and confirms all of his respective covenants, obligations, duties, liabilities, indemnities and guarantees thereunder.

19.    Borrower and each of the Guarantors represent, warrant and covenant that: (i) as of the date hereof, this Third Amendment, the Agreement, the Mortgage, the Note, the Guaranties, the Joinder, the Indemnity Agreement and the other Loan Documents, as the same may be amended by this Third Amendment, are all valid, binding and enforceable in accordance with their respective terms and provisions, (ii) as of the date hereof, there are no offsets, counterclaims or defenses which may be asserted with respect to this Third Amendment, the Agreement, the Mortgage, the Note, the Guaranties, the Joinder, the Indemnity Agreement and the other Loan Documents, as the same may be amended by this Third Amendment, or which may in any manner affect the collection or collectibility of the principal, interest and other sums evidenced, secured and/or payable by or under this Third Amendment, the Agreement, the Mortgage, the Note, the Guaranties, the Joinder, the Indemnity Agreement and the other Loan Documents, as the same may be amended by this Third Amendment, nor is there any basis whatsoever for any such offset, counterclaim or defense, (iii) Borrower (and the undersigned representative of Borrower, if any) and each of the Guarantors has full power, authority and legal right to execute this Third Amendment and to keep and observe all of the terms of this Third Amendment, the Agreement, the Mortgage, the Note, the Guaranties, the Joinder, the Indemnity Agreement and the other Loan Documents, as the same may be amended by this Third Amendment, on Borrower's and/or each Guarantor's part to be observed and performed, (iv) each and every of the representations and warranties set forth in this Third Amendment, the Agreement, the Mortgage, the Note, the Guaranties, the Joinder, the Indemnity Agreement and the other Loan Documents is true and correct in all material respects as of the date hereof and with the same force and effect as though made on the date hereof, and is hereby incorporated herein in full by reference as if fully restated herein in its entirety, and (v) no Default or Event of Default and no event or condition which, with the giving of notice or lapse of time or both, would constitute a Default or Event of Default, now exists.

20.    The amendments set forth herein are limited precisely as written and shall not be deemed to (a) be a consent to or a waiver of any other term or condition of the Agreement, the Note, the Mortgage, the Guaranties, the Joinder, the Indemnity Agreement or any of the other Loan Documents, as the same may be amended by this Third Amendment, or (b) prejudice any right or rights which Lender may now have or may have in the future under or in connection with the Agreement, the Note, the Mortgage, the Guaranties, the Joinder, the Indemnity Agreement or any of the other Loan Documents, as the same may be amended by this Third Amendment.

21.    This Third Amendment may not be modified, amended, waived, changed or terminated orally, but only by an agreement in writing signed by the party against whom the enforcement of the modification, amendment, waiver, change or termination is sought.

22.    This Third Amendment shall be binding upon and shall inure to the benefit of Borrower, each of the Guarantors and Lender, and their respective successors and permitted assigns.

23.    This Third Amendment may be executed in any number of duplicate originals and each such duplicate original shall be deemed to constitute but one and the same instrument.

175267021V-8

24.    If any term, covenant or condition of this Third Amendment shall be held to be invalid, illegal or unenforceable in any respect, this Third Amendment shall be construed without such provision.

25.    This Third Amendment shall be governed by and construed in accordance with the Laws of the State of New York and the applicable Laws of the United States of America.

26.    TO THE MAXIMUM EXTENT PERMITTED BY LAWS, BORROWER AND EACH GUARANTOR, ON THE ONE HAND, AND LENDER, ON THE OTHER HAND, HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS THIRD AMENDMENT.

27.    Except as expressly amended by this Third Amendment, all of the Loan Documents remain in full force and effect.

*[Signature page follows]*

IN WITNESS WHEREOF, the parties hereto have executed this Third Amendment as of the date and year first above written.

LENDER:                                    **HSH NORDBANK AG NEW YORK BRANCH**

                                 By: _____
                                        Name: _____
                                        Title: _____

                                 By: _____
                                        Name: _____
                                        Title: _____

BORROWER:                                  **HOLLY HILL I ASSOCIATES, LTD.,**
                                           a Florida limited partnership

                                 By:   Boca Holly Hill I GP, Inc., a Florida
                                           corporation, its General Partner

                                        By: _____
                                            Name: _____
                                            Title: _____

GUARANTORS:                                _____
                                           Michael Swerdlow


                                           _____
                                           Brian Street


                                           _____
                                           James Cohen

9

17526702\V-8

STATE OF NEW YORK            )
                            ss.
COUNTY OF NEW YORK           )

     On the ___ day of June, 2006 before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

_____
Signature and Office of Individual taking
Acknowledgement

STATE OF NEW YORK            )
                            ss.
COUNTY OF NEW YORK           )

     On the ___ day of June, 2006 before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

_____
Signature and Office of Individual taking
Acknowledgement

STATE OF FLORIDA            )
                            ss.
COUNTY OF _____     )

     On the ___ day of June, 2006 before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

_____
Signature and Office of Individual taking
Acknowledgement

10

17526702\V-8

STATE OF FLORIDA                )
                                          ss.
COUNTY OF _____       )

    On the ___ day of June, 2006 before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

                                     _____
                                     Signature and Office of Individual taking
                                     Acknowledgement

STATE OF FLORIDA                )
                                          ss.
COUNTY OF _____       )

    On the ___ day of June, 2006 before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

                                       _____
                                     Signature and Office of Individual taking
                                       Acknowledgement

STATE OF FLORIDA                )
                                          ss.
COUNTY OF _____       )

    On the ___ day of June, 2006 before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

                                       _____
                                     Signature and Office of Individual taking
                                     Acknowledgement

17526702\V-8

## EXHIBIT A

## FORM OF PRINCIPAL GUARANTY

17526702\V-8

# EXHIBIT E
# (1 of 2)

# NORDBANK

January 22, 2008

**VIA FACSIMILE AND FEDERAL EXPRESS**

Holly Hill I Associates, Ltd.
c/o Swerdlow Boca Developers
321 East Hillsboro Boulevard
Deerfield Beach, Florida 33441
Attention: Theodore Stotzer, Esq.

Re:     $192,000,000 loan (the "Loan") from HSH Nordbank AG New York Branch
        ("Administrative Agent") and certain other Lenders ("Lenders") to
        Holly Hill I Associates, Ltd. ("Borrower")

Gentlemen:

Reference is made to that certain Loan Agreement dated as of December 15, 2005, among Borrower, Administrative Agent and the other Lenders, as amended by that certain First Amendment to Loan Agreement and Certain other Loan Documents dated as of March 7, 2006, that certain Second Amendment to Loan Agreement and Certain other Loan Documents dated as of May 18, 2006, and that certain Third Amendment to Loan Agreement and Certain other Loan Documents dated as of July 6, 2006 (collectively, the "Loan Agreement"). Capitalized terms used but not defined herein shall have the respective meanings given to them in the Loan Agreement.

We have been informed that American Pile Driving & Const Corp, filed a Lien to preserve its rights on January 14, 2008 (see document attached hereto as Exhibit A). The existence of this Lien constitutes a Default which, if not cured within fifteen (15) days after the filing of such Lien, will become an Event of Default

Nothing herein is intended (or shall be deemed) to constitute a waiver of any rights and/or remedies Administrative Agent and/or the Lenders may have under the Loan Agreement and/or any other Loan Documents or otherwise available to them at law or in equity, or a waiver of any known or unknown Default or Event of Default which may exist on the date hereof. Administrative Agent and the Lenders reserve any and all rights and remedies they may have under the Loan Agreement and/or the other Loan Documents, or otherwise available to them at law or in equity, all of which remain in full force and effect.

Very truly yours,

HSH NORDBANK AG NEW YORK
BRANCH, as Agent for Lenders

By: _____

Name: Senior Vice President
HSH Nordbank AG, New York Branch

By: _____

Name: Gregory E. Allen
Title: Senior Vice President
HSH Nordbank

cc:

| | |
|---|---|
| Bilzin Sumberg Baena Price & Axelrod LLP<br>Wachovia Financial Center<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131<br>Attention: James Shindell, Esq. | Mr. Michael Swerdlow<br>c/o Swerdlow Group<br>3390 Mary Street Suite 200<br>Coconut Grove, Florida 33133 |
| Mr. James Cohen<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. | Mr. Brian Street<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. |
| Bank of Scotland, Miami<br>1221 Brickell Avenue, Suite 1210<br>Miami, Florida 33131<br>Attention: Richard Grani<br>Senior Vice President<br>richardgrani@bankofscotlandusa.com | Natixis<br>1251 Avenue of the Americas, 34th Fl.<br>New York, NY 10020<br>Attention: Marie-Edith Dugeny<br>Managing Director<br>marie-edith.dugeny@natixis.us |
| Deutsche Hypothekenbank (Actien-Gesellschaft)<br>Georgesplatz 8<br>30159 Hannover - Germany<br>Attention: Mr. Thomas Staats<br>Authorized Officer | KBC Bank, NV<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attention: Mr. Nicholas Philippides<br>Vice President |

- 2 -

| Thomas.Staats@Deutche-Hypo.de | Nicholas.Philippides@KBC.be |
|---|---|
| LRP Landesbank Rheinland-Pfalz<br>c/o Landesbank Baden Wuerttemberg<br>280 Park Avenue, 31st Floor, West Building<br>New York, New York 10017<br>Attention: Mr. Thomas Broschek<br>　　　　　Senior Vice President<br>　　　　　Thomas.Broschek@lbbwus.com | Mark R. Lehrer, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 |
| Mr. Gregory Allen<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | Jon Karnofsky, Esq.<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 |

Exhibit A

This Instrument Prepared By: KATHERINE E. ROYLE

AMERICAN PILE DRIVING & CONST CORP
5932 KENDREW DR
PORT ORANGE FL 32127

01/14/2008 01:25 PM
Instrument# 2008-007786 # 1
Book: 6179
Page: 3748
Diane M. Matousek
Volusia County, Clerk of Court

## WARNING!

**THIS LEGAL DOCUMENT REFLECTS THAT A CONSTRUCTION LIEN HAS BEEN PLACED ON THE REAL PROPERTY LISTED HEREIN. UNLESS THE OWNER OF SUCH PROPERTY TAKES ACTION TO SHORTEN THE TIME PERIOD, THIS LIEN MAY REMAIN VALID FOR ONE YEAR FROM THE DATE OF RECORDING, AND SHALL EXPIRE AND BECOME NULL AND VOID THEREAFTER UNLESS LEGAL PROCEEDINGS HAVE BEEN COMMENCED TO FORECLOSE OR TO DISCHARGE THIS LIEN.**

### CLAIM OF LIEN

STATE OF FLORIDA
COUNTY OF VOLUSIA

BEFORE ME, the undersigned notary public, personally appeared KATHERINE E. ROYLE, who was duly sworn and says that she is OFFICE MANAGER of AMERICAN PILE DRIVING & CONST CORP whose address is 5932 KENDREW DR, PORT ORANGE, FL 32127; and that in accordance with a contract with CWB CONTRACTORS 1760 N US HIGHWAY 1 ORMOND BEACH FL 32174-2540, lienor furnished labor, services, or materials consisting of PILE DRIVING FOR RETENTION POND SHEET INSTALL, PAINTING AND on the following described real property in VOLUSIA County, Florida:

**231 AND 241 RIVERSIDE DRIVE, HOLLY HILL, FLORIDA, CONSTRUCTION OF MARINA GRANDE ON THE HALIFAX CONDOMINIUM - WITH 2-25 STORY CONDOMINIUM TOWER WITH 486 RESIDENTIAL CONDOMINIUM UNITS, BLOCK 6, SHORE ACRES RIVERSIDE ADDITION, A PORTION OF LAND LYING IN SECTION 37 TOWNSHIP 15 SOUTH RANGE 33 EAST, AS PER MAP BOOK 11 PAGE 34 AND BEING MORE PARTICULARLY DESCRIBED IN NOTICE OF COMMENCEMENT RECORDED IN OR BOOK 5728 PAGE 2384 PUBLIC RECORDS VOLUSIA COUNTY, FLORIDA. NOC EXPIRES ON 06/20/08.**

Owned by: HOLLY HILL I ASSOCIATES LTD /SWERDLOW/BOCA DEVELOPERS GROUP LLC /THEODORE R STOTZER ESQ 321 E HILLSBORO BLVD DEERFIELD BEACH FL 33441, for a total value of **$167,880.84** of which there remains unpaid principal of **$31,486.84**, plus finance charges through JANUARY 10, 2008 in the amount of 3,400.00, and additional finance charges that accrue to the date of payment; and furnished the first of the items on , , and the last of the items on , ; and that the lienor served it notice to owner  _BOCA DEVELOPMENT LLC_  _____ on _10/17/07_ _____

Signature of Lienor\Agent

_Katherine_

Printed Name of Lienor\Agent KATHERINE E. ROYLE

AMERICAN PILE DRIVING & CONST
CORP
5932 KENDREW DR
PORT ORANGE FL 32127

SWORN TO AND SUBSCRIBED before me by who is **personally** known to me or produced
_MA lic  esp  1/21/11_ as identification, and who did ____ take an oath this 1● day of JANUARY, 2008

Signature of Notary

_Cynthia A ___

Printed Name of Notary

_CYNTHIA A  GORSCAK_

Commission Number/Expiration
_11-1-2010_

SEAL:

CYNTHIA A. GORSCAK
MY COMMISSION # DD 610443
EXPIRES: November 1, 2010
Bonded Thru Notary Public Underwriters

# NEXT DOCUMENT



HSH NORDBANK

New York Branch

March 10, 2008

**VIA FACSIMILE AND FEDERAL EXPRESS**

Holly Hill I Associates, Ltd.
c/o Boca Developers
321 East Hillsboro Boulevard
Deerfield Beach, Florida 33441
Attention: Theodore Stotzer, Esq.

Re:    Loan from HSH Nordbank AG New York Branch ("Administrative Agent") and certain
         other Lenders ("Lenders") to Holly Hill I Associates, Ltd. ("Borrower") with respect to
         the construction of Marina Grande on the Halifax (the "Loan")

Gentlemen:

        Reference is made to that certain Loan Agreement dated as of December 15, 2005,
among Borrower, Administrative Agent and the other Lenders, as amended by that certain First
Amendment to Loan Agreement and Certain other Loan Documents dated as of March 7, 2006,
that certain Second Amendment to Loan Agreement and Certain other Loan Documents dated as
of May 18, 2006, and that certain Third Amendment to Loan Agreement and Certain other Loan
Documents dated as of July 6, 2006 (collectively, the "Loan Agreement"). Capitalized terms
used but not defined herein shall have the respective meanings given to such terms in the Loan
Agreement.

        **YOU ARE HEREBY GIVEN NOTICE OF THE FOLLOWING:**

        (i)      We have been informed that Better Barricades, Inc. filed a Lien against the
Project on January 24, 2008; M.A. Bruder & Sons, Incorporated filed a Lien against the Project
on January 28, 2008; CWB Contractors, Inc. filed a Lien against the Project on February 7, 2008
and Metromont Corporation filed a Lien against the Project on or about March 4, 2008 (see
documents attached hereto as Exhibit A). The existence of each of these Liens constitutes an
Event of Default (with the exception of the Metromont Lien, which constitutes a Default and
will, if not discharged within fifteen (15) days after the filing thereof, constitute an Event of
Default). To our knowledge, none of these Liens have been satisfied or discharged of record. As

such, the existence of these Liens continues to constitute an Event of Default (and, in the case of the Metromont Lien, a Default) which are required to be cured immediately by Borrower and the Guarantors.

(ii)     As expressly permitted under Section 2.4(d) of the Loan Agreement, Administrative Agent intends to apply all payments received by Administrative Agent under the Loan Documents or otherwise on account of the Loan ("Payments") in such order of priority as Administrative Agent shall determine in its sole and absolute discretion.

(iii)     It is Administrative Agent's current intention (which Administrative Agent may change at any time in its sole and absolute discretion) to apply Payments first to reduce the principal amount of the Loan before applying Payments to any other amounts due and owing to Lenders under the Loan Documents.

Nothing herein is intended (or shall be deemed) to constitute a waiver of any rights and/or remedies Administrative Agent and/or Lenders may have under the Loan Agreement and/or any other Loan Documents or otherwise available to them at law or in equity, or a waiver of any known or unknown Default or Event of Default which may exist on the date hereof. Administrative Agent and Lenders reserve any and all rights and remedies available to them under the Loan Agreement and/or the other Loan Documents, or otherwise available to Administrative Agent and/or Lenders at law or in equity, all of which shall remain in full force and effect.

You are further advised that no oral communication from or on behalf of Administrative Agent and/or Lenders (or its or their advisors) shall constitute an agreement, commitment or evidence of any assurance or intention by them with respect to any aspect of the Loan. Any agreement, commitment, assurance or intention of Administrative Agent and/or Lenders with respect to any aspect of the Loan shall be effective only if set forth in writing duly executed by Administrative Agent.

Very truly yours,

HSH NORDBANK AG NEW YORK BRANCH, as Agent for Lenders

By:
Name:   Michael Carter
         Senior Vice President
Title:   HSH Nordbank AG, New York Branch

By:
Name:   Jeffrey Genuino
         Vice President
Title:   HSH Nordbank AG, New York B

cc:

- 2 -

| | |
|---|---|
| Bilzin Sumberg Baena Price & Axelrod LLP<br>Wachovia Financial Center<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131<br>Attention: James Shindell, Esq. | |
| Mr. Michael Swerdlow<br>c/o Swerdlow Group<br>3390 Mary Street Suite 200<br>Coconut Grove, Florida 33133 | Mr. Brian Street<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. |
| Mr. James Cohen<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. | |
| Bank of Scotland, Miami<br>1221 Brickell Avenue, Suite 1210<br>Miami, Florida 33131<br>Attention:  Richard Grani<br>       Senior Vice President<br>       richardgrani@bankofscotlandusa.com | Natixis<br>1251 Avenue of the Americas, 34th Fl.<br>New York, NY  10020<br>Attention:  Marie-Edith Dugeny<br>       Managing Director<br>       marie-edith.dugeny@natixis.us |
| Deutsche Hypothekenbank (Actien-Gesellschaft)<br>Georgesplatz 8<br>30159 Hannover – Germany<br>Attention:    Mr. Thomas Staats<br>       Authorized Officer<br>       Thomas.Staats@Deutche-Hypo.de | KBC Bank, NV<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attention:  Mr. Nicholas Philippedes<br>       Vice President<br>       Nicholas.Philippedes@KBC.be |
| LRP Landesbank Rheinland-Pfalz<br>c/o Landesbank Baden Wuerttemberg<br>280 Park Avenue, 31st Floor, West Building<br>New York, New York  10017<br>Attention:  Mr. Thomas Broschek<br>       Senior Vice President<br>       Thomas.Broschek@lbbwus.com | |
| Madeleine L.L.C.<br>299 Park Avenue, 23rd Floor<br>New York, New York  10171<br>Attention: Mr. Tom Arnold | Jill D. Block, Esq.<br>Orrick, Herrington & Sutcliffe LLP<br>666 Fifth Avenue<br>New York, NY  10103-0001 |

| | |
|---|---|
| Mark R. Lehrer, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 | Tina R. Patel, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 |
| Ms. Shelly Kellner<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | Ms. Heidrun Meyer<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 |
| Mr. Michael Carter<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | Jon Karnofsky, Esq.<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 |
| Mr. Gregory Allen<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | |

**EXHIBIT A**

(Notices of Lien)

Branch :SPS,User :SF13          Order: 522639957LA   Title Officer: MVP   Comment:                    Station Id :FXSH





01/24/2008 02:31 PM
Instrument# 2008-015252 # 1
Book : 8184
Page : 200

→ *This instrument prepared by
and return after recording to:
Better Barricades, Inc.
1725 Tionia Road
New Smyrna Beach, FL 32168

### WARNING!

THIS LEGAL DOCUMENT REFLECTS THAT A CONSTRUCTION LIEN HAS BEEN
PLACED ON THE REAL PROPERTY LISTED HEREIN. UNLESS THE OWNER OF
SUCH PROPERTY TAKES ACTION TO SHORTEN THE TIME PERIOD, THIS LIEN
MAY REMAIN VALID FOR ONE YEAR FROM THE DATE OF RECORDING, AND
SHALL EXPIRE AND BECOME NULL AND VOID THEREAFTER UNLESS LEGAL
PROCEEDINGS HAVE BEEN COMMENCED TO FORECLOSE OR TO DISCHARGE
THIS LIEN.

### CLAIM OF LIEN

STATE OF FLORIDA
COUNTY OF VOLUSIA

Before me, the undersigned Notary Public, personally appeared Abbie D. Naff who was duly
sworn and says that she is the President and authorized agent for the Lienor,   Better
Barricades, Inc. (the "Lienor") whose address is 1725 Tionia Road , New Smyrna Beach, FL.
32168, and that in accordance with a contract with Diversified Resources, LLC. (Ironworx)
Lienor furnished labor, services, or materials consisting of striping, car stops and signing and
related amenities on the following described real property in Volusia County, Florida, to wit:

Marina Grande
See Exhibit "A" attached hereto.

owned by Holly Hill I Associates, Ltd c/o Swerdlo/Boca Developers Group, LLC, 321 East
Hillsboro Blvd., Deerfield Beach, FL  33441 for a total value of $58,728.50 of which there
remains unpaid $58,728.50, together with interest, costs and Lienor's attorneys' fees, and
Lienor furnished the first of the same on June 18, 2007 and the last of the same on November
26, 2007.  The Lienor served it's Notice to Owner on the Owner on July 16, 2007 by Certified
Mail and that the Lienor served a copy of the notice on the Contractor,  W. G. Yates & Sons
Construction Company on July 16, 2007.

BETTER BARRICADES, INC.

By: _____

Abbie D. Naff
Its President and
Authorized Agent

STATE OF FLORIDA
COUNTY OF VOLUSIA

The foregoing instrument was acknowledged before me on January 22, 2008 by Abbie
D Naff, the President and Authorized Agent of BETTER BARRICADES, INC., a Florida
corporation, on behalf of the corporation.  She is personally known to me.

_____
Notary Public, State of Florida at Large

LESLEY S. SHEPPARD
Notary Public - State of Florida
My Commission Expires Jul 1, 2011
Commission # DD 604368
Bonded Through National Notary Assn.

Branch :SFS,User :SF13        Order: 52263957LA    Title Officer: MVP   Comment:                    Station Id :FXSH

Exhibit "A"

Instrument 2008-015252 # 2
Book : 6184
Page : 201
Diane M. Matousek
Volusia County, Clerk of Court

PHASE I DESCRIPTION

A PORTION OF BLOCK 6, SHORE ACRES RIVERSIDE ADDITION AS RECORDED IN MAP BOOK 11, PAGE 34 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA, AND A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

AS A POINT OF REFERENCE COMMENCE AT THE INTERSECTION OF THE EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE (A 100 FOOT RIGHT-OF-WAY) WITH THE NORTHERLY RIGHT-OF-WAY LINE OF SECOND STREET (A 100 FOOT RIGHT-OF-WAY) RUN THENCE NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE FOR A DISTANCE OF 42.08 FEET FOR THE POINT OF BEGINNING; THENCE CONTINUE NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE FOR A DISTANCE OF 718.75 FEET; THENCE NORTH 68 DEGREES 37 MINUTES 47 SECONDS EAST DEPARTING SAID EASTERLY RIGHT-OF-WAY LINE FOR A DISTANCE OF 358.81 FEET; THENCE SOUTH 21 DEGREES 23 MINUTES 41 SECONDS EAST, A DISTANCE OF 223.30 FEET; THENCE NORTH 68 DEGREES 35 MINUTES 47 SECONDS EAST, A DISTANCE OF 300.10 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 14 SECONDS EAST, A DISTANCE OF 496.56 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 345.13 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 01 SECONDS EAST FOR A DISTANCE OF 16.03 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 314.84 FEET TO POINT OF BEGINNING.

LIFT STATION PARCEL

A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

AS A POINT OF REFERENCE COMMENCE AT THE INTERSECTION OF THE EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE (A 100 FOOT RIGHT-OF-WAY) WITH THE NORTHERLY RIGHT-OF-WAY LINE OF SECOND STREET (A 100 FOOT RIGHT-OF-WAY) RUN NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE, A DISTANCE OF 42.08 FEET; THENCE NORTH 65 DEGREES 03 MINUTES 55 SECONDS EAST FOR A DISTANCE OF 96.48 FEET TO THE POINT OF BEGINNING; THENCE NORTH 21 DEGREES 22 MINUTES 43 SECONDS WEST FOR A DISTANCE OF 34.65 FEET; THENCE NORTH 68 DEGREES 37 MINUTES 17 SECONDS EAST FOR A DISTANCE OF 34.60 FEET; THENCE SOUTH 21 DEGREES 22 MINUTES 43 SECONDS EAST FOR A DISTANCE OF 32.54 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 34.07 FEET TO THE POINT OF BEGINNING.

17223404BA-1

01/28/2008 12:43 PM
Instrument# 2008-017231 # 1
Book: 6185
Page: 800

This Instrument Prepared by:
ALLEN M. LEVINE, ESQ.
BECKER & POLIAKOFF, P.A.
Post Office Box 9057
Fort Lauderdale, FL 33310-9057
(954) 985-4141

THIS CLAIM OF LIEN IS A COMMUNICATION FROM A DEBT COLLECTOR, WHO HAS BEEN HIRED TO AND IS ATTEMPTING TO COLLECT A DEBT FOR MATERIALS SUPPLIED, IN THE AMOUNT OF $167,651.35, PLUS UNPAID FINANCE CHARGES AT THE RATE OF 18% PER ANNUM, COSTS AND ATTORNEY'S FEES, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID. IF YOU NOTIFY ALLEN M. LEVINE, ESQ., OF BECKER & POLIAKOFF, P.A., IN WRITING WITHIN THE 30-DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, HE WILL OBTAIN VERIFICATION OF THE DEBT AND A COPY OF SUCH VERIFICATION WILL BE MAILED TO YOU. UPON YOUR WRITTEN REQUEST WITHIN THE 30-DAY PERIOD, ALLEN M. LEVINE, ESQ., OF BECKER & POLIAKOFF, P.A., WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

WARNING!
THIS LEGAL DOCUMENT REFLECTS THAT A CONSTRUCTION LIEN HAS BEEN PLACED ON THE REAL PROPERTY LISTED HEREIN. UNLESS THE OWNER OF SUCH PROPERTY TAKES ACTION TO SHORTEN THE TIME PERIOD, THIS LIEN MAY REMAIN VALID FOR ONE YEAR FROM THE DATE OF RECORDING, AND SHALL EXPIRE AND BECOME NULL AND VOID THEREAFTER UNLESS LEGAL PROCEEDINGS HAVE BEEN COMMENCED TO FORECLOSE OR TO DISCHARGE THIS LIEN.

CLAIM OF LIEN

STATE OF FLORIDA:
                                        SS:
COUNTY OF BROWARD

BEFORE ME, the undersigned notary public, personally appeared ALLEN M. LEVINE, who was duly sworn and says that he is the agent of the lienor herein, M. A. BRUDER & SONS, INCORPORATED, whose address is 2699 Lee Road, Suite 200, Winter Park, FL 32789, and that in accordance with a contract with TANGO IMPORTS, INC., lienor furnished labor, services, or materials consisting of paint and related painting materials for improvements on the following described real property in Volusia County, Florida:

Legal Description:      See attached Exhibit "A" (consisting of one page) and all units in the Marina Grande on the Halifax I, A Condominium, according to the Declaration thereof, which can be found in O.R. Book 6136, Page 4670, of the Public Records of Volusia County, Florida.

Instrument# 2008-017231 # 2
Book: 6185
Page: 601

owned by HOLLY HILL ASSOCIATES, LTD., a Florida limited partnership, whose general partner is BOCA HOLLY HILL GP, INC., a Florida corporation, and/or THE MARINA GRANDE ON THE HALIFAX I CONDOMINIUM ASSOCIATION, INC., a Florida non-profit corporation, and/or all unit owners in Marina Grande on the Halifax I, A Condominium, of a total value of $167,651.35, of which there remains unpaid $167,651.35, plus unpaid finance charges at the rate of 18% per annum, costs and attorney's fees, and furnished the first of the items on or about December 21, 2006, and the last of the items on or about November 30, 2007; and that the lienor served its notice to owner on or about December 21, 2006 by registered or certified mail.

M. A. BRUDER & SONS, INCORPORATED
BY: Its Attorneys
Becker & Poliakoff, P.A

By _____
ALLEN M. LEVINE

SWORN TO AND SUBSCRIBED before me this 25 day of January, 2008, by ALLEN M. LEVINE, who is personally known to me.

My Commission Expires:

_____
NOTARY PUBLIC, STATE OF FLORIDA

_____
Printed Name of Notary Public

(JOB 10)
PTL_DB: 1093565_3

LINDA KASTNER
MY COMMISSION # DD 360481
EXPIRES: January 25, 2009
Bonded Thru Budget Notary Services

Instrument# 2008-017291 #.3
Book:  6185
Page:  602
Diane M. Matousek
Volusia County, Clerk of Court

## EXHIBIT "A"

### PHASE I DESCRIPTION

A PORTION OF BLOCK 6, SHORE ACRES RIVERSIDE ADDITION AS RECORDED IN MAP BOOK 11, PAGE 34 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA, AND A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

AS A POINT OF REFERENCE COMMENCE AT THE INTERSECTION OF THE EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE (A 100 FOOT RIGHT-OF-WAY) WITH THE NORTHERLY RIGHT-OF-WAY LINE OF SECOND STREET (A 100 FOOT RIGHT-OF-WAY) RUN THENCE NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE FOR A DISTANCE OF 42.08 FEET FOR THE POINT OF BEGINNING; THENCE CONTINUE NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE FOR A DISTANCE OF 718.75 FEET; THENCE NORTH 68 DEGREES 37 MINUTES 47 SECONDS EAST DEPARTING SAID EASTERLY RIGHT-OF-WAY LINE FOR A DISTANCE OF 358.61 FEET; THENCE SOUTH 21 DEGREES 23 MINUTES 41 SECONDS EAST, A DISTANCE OF 223.30 FEET; THENCE NORTH 68 DEGREES 35 MINUTES 47 SECONDS EAST, A DISTANCE OF 300.10 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 14 SECONDS EAST, A DISTANCE OF 436.56 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 345.13 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 01 SECONDS EAST FOR A DISTANCE OF 18.03 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 314.84 FEET TO POINT OF BEGINNING.

### LIFT STATION PARCEL

A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

AS A POINT OF REFERENCE COMMENCE AT THE INTERSECTION OF THE EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE (A 100 FOOT RIGHT-OF-WAY) WITH THE NORTHERLY RIGHT-OF-WAY LINE OF SECOND STREET (A 100 FOOT RIGHT-OF-WAY) RUN NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE, A DISTANCE OF 42.08 FEET; THENCE NORTH 65 DEGREES 03 MINUTES 55 SECONDS EAST FOR A DISTANCE OF 96.48 FEET TO THE POINT OF BEGINNING; THENCE NORTH 21 DEGREES 22 MINUTES 43 SECONDS WEST FOR A DISTANCE OF 34.65 FEET; THENCE NORTH 68 DEGREES 37 MINUTES 17 SECONDS EAST FOR A DISTANCE OF 34.00 FEET; THENCE SOUTH 21 DEGREES 22 MINUTES 43 SECONDS EAST FOR A DISTANCE OF 32.54 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 34.07 FEET TO THE POINT OF BEGINNING.

Full Parcel ID No. 37-15-33-34-06-001

RETURN TO: CWB Contractors, Inc. ⬅
2445 County Rd 2006
Bunnell, FL 32110
386-672-0133

02/07/2008 02:49 PM
Instrument# 2008-026133 # 1
Book: 6190
Page: 583

PREPARED BY: _Christine Trudel_
2445 County Rd 2006 Bunnell, FL 32110 (person filling out this document)

### WARNING!

THIS LEGAL DOCUMENT REFLECTS THAT A CONSTRUCTION LIEN HAS BEEN PLACED ON THE REAL PROPERTY LISTED HEREIN. UNLESS THE OWNER OF SUCH PROPERTY TAKES ACTION TO SHORTEN THE TIME PERIOD, THIS LIEN MAY REMAIN VALID FOR ONE YEAR FROM THE DATE OF RECORDING, AND SHALL EXPIRE AND BECOME NULL AND VOID THEREAFTER UNLESS LEGAL PROCEEDINGS HAVE BEEN COMMENCED TO FORCLOSE OR TO DISCHARGE THIS LIEN.

STATE OF FLORIDA
COUNTY OF VOLUSIA

### CLAIM OF LIEN

BEFORE ME, the undersigned Notary Public, personally appeared _Clinton Baylor_ says that he/she is the agent of the lienor herein, CWB CONTRACTORS, INC. 2445 County Rd 2006 Bunnell, FL 32110, Phone 386-672-0133, and that pursuant to a contract with W. G. YATES & SONS CONSTRUCTION (ATLANTA), 1200 Abernathy Rd. NE. Ste 300, Atlanta, GA 330328, lienor did furnish labor, equipment and materials for site work, underground utilities, tree trimming, dot sidewalks and related service to property located in Volusia County further described as:

231-241 Riverside Dr. Holly Hill                    Parcel No. 37-15-33-34-06-0010

All units, common areas and all condominium parcels in proportion for which the owners are liable for common expenses of the Marina Grande on the Haliax Condominium, a condominium per Declaration recorded in O.R. Book 6136, Page 4563, Public Records of Volusia County, Florida, and all valid amendments thereof, consisting of two 25 story condominium towers containing 486 residential condominium units at 231 and 241 Riverside Drive, together with retail shopping center space and together with related amenities and appurtenance, being situate on a portion of Block 6, Shores Acres Riverside Addition as recorded in Map Book 11, Page 34, Public Records of Volusia County, Florida, and a portion of Section 37, Township 15 South, Range 33 East, Volusia County, Florida, per Deeds recorded in O.R. Book 5363, Page 3482, O.R. Book 5726, Page 3054, and O.R. Book 6069, Page 1169, and Notice of Commencement recorded in O.R. Book 5728, Page 2384, all in the Public Records of Volusia County, Florida.

Owned by HOLLY HILL I ASSO LTD/THEODORE STOTZER/SWERDLOW/BOCA DEV GRP LLC, for a total contract dollar amount of $_6,009,317.90_ of which there remains unpaid $_135,921.74_ Lienor furnished the first of said labor/materials on _10/6/2006_, and the last of the same, _1/8/2008_ and (if the lien is claimed by one not in privity with the owner) that lienor served his notice to owner on 10/16/2006, by certified mail, and (if the lien is claimed by one in privity with the contractor) that the lienor mailed a copy of his notice on the contractor on 10/11/2006, by regular mail, and on the subcontractor (if applicable) on, (Not applicable).

CWB Contractors, Inc.

BY: _Clinton Baylor_
(owner or officer signature)

_Clinton Baylor, Pres_
(print legal name of signer and title)

STATE OF FLORIDA
COUNTY OF VOLUSIA

Sworn to (or affirmed and subscribed before me, the foregoing instrument was acknowledged before me this _4th_ day of _Feb , 2008_ by _Clinton Baylor_ _personally known_ to me or who did furnish the following identification _____

_James E. Crews_
Notary Public                    2-4-08

Instrument# 2005-351417 # 4
Book: 5728
Page: 2387
Diane M. Matusek
Volusia County, Clerk of Court

Instrument# 2008-026133 # 2
Book: 6190
Page: 584
Diane M. Matusek
Volusia County, Clerk of Court

## PHASE I DESCRIPTION

A PORTION OF BLOCK 6, SHORE ACRES RIVERSIDE ADDITION AS RECORDED IN MAP BOOK 11, PAGE 34 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA, AND A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

AS A POINT OF REFERENCE COMMENCE AT THE INTERSECTION OF THE EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE (A 100 FOOT RIGHT-OF-WAY) WITH THE NORTHERLY RIGHT-OF-WAY LINE OF SECOND STREET (A 100 FOOT RIGHT-OF-WAY) RUN THENCE NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE FOR A DISTANCE OF 42.08 FEET FOR THE POINT OF BEGINNING; THENCE CONTINUE NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE FOR A DISTANCE OF 718.75 FEET; THENCE NORTH 68 DEGREES 37 MINUTES 47 SECONDS EAST DEPARTING SAID EASTERLY RIGHT-OF-WAY LINE FOR A DISTANCE OF 358.51 FEET; THENCE SOUTH 21 DEGREES 23 MINUTES 41 SECONDS EAST, A DISTANCE OF 223.30 FEET; THENCE NORTH 68 DEGREES 35 MINUTES 47 SECONDS EAST, A DISTANCE OF 300.10 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 14 SECONDS EAST, A DISTANCE OF 436.58 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 345.13 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 01 SECONDS EAST FOR A DISTANCE OF 18.03 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 314.84 FEET TO POINT OF BEGINNING.

## LIFT STATION PARCEL

A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

AS A POINT OF REFERENCE COMMENCE AT THE INTERSECTION OF THE EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE (A 100 FOOT RIGHT-OF-WAY) WITH THE NORTHERLY RIGHT-OF-WAY LINE OF SECOND STREET (A 100 FOOT RIGHT-OF-WAY) RUN NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE, A DISTANCE OF 42.08 FEET; THENCE NORTH 65 DEGREES 03 MINUTES 55 SECONDS EAST FOR A DISTANCE OF 95.48 FEET TO THE POINT OF BEGINNING; THENCE NORTH 21 DEGREES 22 MINUTES 43 SECONDS WEST FOR A DISTANCE OF 34.65 FEET; THENCE NORTH 68 DEGREES 37 MINUTES 17 SECONDS EAST FOR A DISTANCE OF 34.00 FEET; THENCE SOUTH 21 DEGREES 22 MINUTES 43 SECONDS EAST FOR A DISTANCE OF 32.54 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 34.07 FEET TO THE POINT OF BEGINNING.

17803408A-3

This Instrument was Prepared by, and After Recording Return to:

David D. Hallock, Jr., Esq.
Gray Robinson, P.A.
P. O. Box 3
One Lake Morton Drive
Lakeland, Florida 33802-0003
(863) 284-2200

---

*(Recording Data Above)*

## WARNING!

THIS LEGAL DOCUMENT REFLECTS THAT A CONSTRUCTION LIEN HAS BEEN PLACED ON THE REAL PROPERTY LISTED HEREIN. UNLESS THE OWNER OF SUCH PROPERTY TAKES ACTION TO SHORTEN THE TIME PERIOD, THIS LIEN MAY REMAIN VALID FOR ONE YEAR FROM THE DATE OF RECORDING, AND SHALL EXPIRE AND BECOME NULL AND VOID THEREAFTER UNLESS LEGAL PROCEEDINGS HAVE BEEN COMMENCED TO FORECLOSE OR TO DISCHARGE THIS LIEN.

## CLAIM OF LIEN

STATE OF SOUTH CAROLINA

COUNTY OF GREENVILLE

Before me, the undersigned Notary Public, personally appeared James H. Medders, who being duly sworn, says that he or she is the Vice President of Metromont Corporation, a South Carolina corporation, the Lienor herein, whose address is 2802 White Horse Road, Greenville, South Carolina; that in accordance with a contract with W.G. Yates & Sons Construction Company, whose address is P.O. Box 456, 1 Gully Avenue, Philadelphia, Mississippi, Lienor furnished labor, services or materials to construct a precast concrete parking garage and bridge work on the real property described in the attached Exhibit "A" located in Volusia County, Florida, which is owned by Holly Hill I Associates, Ltd, a Florida limited partnership of total value of $4,737,595 of which there remains unpaid $363,539.63, and furnished the first of the items on January 31, 2006 and the last of the items on December 7, 2007; and that the Lienor served its Notice to Owner on January 13, 2006 by certified mail.

# 557795 v1

METROMONT CORPORATION

By: _James H. Medd_____

Print Name: _James H. Medders_

Title: _VP, CFO_

       The foregoing instrument was acknowledged, sworn to and subscribed before me this _29_ day of _February_____, 2008, by James H. Medders, as Vice President of Metromont Corporation, a South Carolina corporation ( ) who is personally known to me or ( ) who has produced a valid _South Carolina_ drivers license.

(AFFIX NOTARY SEAL)



_Theairl N. Davis_____

NOTARY PUBLIC, State at Large

_Theairl N. Davis_____

*(Type or print name of Notary)*

My commission expires:  _12-03-12_

EXHIBIT "A"

PHASE 1 PARCEL

A PORTION OF BLOCK 6, SHORE ACRES RIVERSIDE ADDITION AS RECORDED
IN MAP BOOK 11, PAGE 34 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY,
FLORIDA, AND A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33
EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

FROM THE INTERSECTION OF THE EASTERLY RIGHT OF WAY LINE OF
RIVERSIDE DRIVE WITH THE NORTHERLY RIGHT OF WAY LINE OF SECOND
STREET AS THE POINT OF BEGINNING, RUN NORTH 21 DEGREES 24 MINUTES
01 SECONDS WEST ALONG SAID EASTERLY RIGHT OF WAY LINE OF
RIVERSIDE DRIVE, A DISTANCE OF 760.85 FEET; THENCE DEPARTING SAID
EASTERLY RIGHT OF WAY LINE, RUN NORTH 68 DEGREES 37 MINUTES 47
SECONDS EAST, A DISTANCE OF 358.61 FEET; THENCE SOUTH 21 DEGREES
23 MINUTES 41 SECONDS EAST, A DISTANCE OF 223.30 FEET; THENCE
NORTH 68 DEGREES 35 MINUTES 47 SECONDS EAST, A DISTANCE OF 300.10
FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 13 SECONDS EAST, A
DISTANCE OF 496.68 FEET TO THE NORTHERLY RIGHT OF WAY LINE OF
SAID SECOND STREET EXTENDED; THENCE SOUTH 65 DEGREES 03 MINUTES
55 SECONDS WEST ALONG SAID NORTHERLY RIGHT OF WAY LINE, A
DISTANCE OF 659.97 FEET TO THE POINT OF BEGINNING.

LESS AND EXCEPT therefrom the following:

DESCRIPTION - SECOND STREET ADDITION

THE SOUTHERLY 42.00 FEET OF THE WESTERLY 314.84 FEET AS MEASURED
ALONG THE NORTH LINE OF SECOND STREET, AND THE SOUTHERLY 60.00
FEET OF THE EASTERLY 345.16 FEET AS MEASURED ALONG THE NORTH LINE
OF SECOND STREET, OF THE FOLLOWING DESCRIBED PARCEL:

BEGIN AT THE INTERSECTION OF THE EASTERLY LINE OF THE DIXIE
HIGHWAY (NOW CALLED BEACH STREET) WITH THE SOUTHERLY LINE OF
WISCONSIN AVENUE (NOW CALLED THIRD STREET) AS SAID STREETS ARE
SHOWN ON THE PLAT OF SHORE ACRES - RIVERSIDE ADDITION, ACCORDING
TO THE PLAT THEREOF RECORDED IN MAP BOOK 11, PAGE 34, OF THE
PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA; THENCE GO SOUTHERLY
ALONG THE EASTERLY LINE OF BEACH STREET TO THE NORTHERLY LINE OF
SECOND STREET; THENCE EASTERLY ALONG THE NORTHERLY LINE OF
SECONDS STREET EXTENDED 660 FEET; THENCE NORTHERLY PARALLEL WITH
THE WESTERLY LINE OF BEACH STREET-TO-THE-POINT OF INTERSECTION
WITH THE SOUTHERLY LINE OF THIRD STREET EXTENDED; THENCE WESTERLY
ALONG THE SOUTHERLY LINE OF THIRD STREET EXTENDED TO THE POINT OF
BEGINNING.

BEING THE SAME PROPERTY CONVEYED BY WARRANTY DEED GIVEN BY PUBLIX
SUPER MARKETS, INC., A FLORIDA CORPORATION, TO LIFE INSURANCE
COMPANY OF GEORGIA, A GEORGIA CORPORATION, DATED MARCH 13, 1959,
FILED MARCH 16, 1959, RECORDED IN OFFICIAL RECORDS BOOK 183, PAGE
584, PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA.

AND ALSO less and except therefrom:

LIFT STATION PARCEL

A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST,
VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

FROM THE INTERSECTION OF THE EASTERLY RIGHT OF WAY LINE OF
RIVERSIDE DRIVE WITH THE NORTHERLY RIGHT OF WAY LINE OF SECOND
STREET AS THE POINT OF REFERENCE, RUN NORTH 21 DEGREES 24 MINUTES
01 SECONDS WEST ALONG SAID EASTERLY RIGHT OF WAY LINE OF
RIVERSIDE DRIVE, A DISTANCE OF 42.08 FEET; THENCE NORTH 65
DEGREES 03 MINUTES 55 SECONDS EAST, A DISTANCE OF 96.48 FEET TO
THE POINT OF BEGINNING; THENCE NORTH 21 DEGREES 22 MINUTES 43
SECONDS WEST, A DISTANCE OF 34.65 FEET; THENCE NORTH 68 DEGREES
37 MINUTES 17 SECONDS EAST, A DISTANCE OF 34.00 FEET; THENCE
SOUTH 21 DEGREES 22 MINUTES 43 SECONDS EAST, A DISTANCE OF 32.54
FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST, A
DISTANCE OF 34.07 FEET TO THE POINT OF BEGINNING.

**EXHIBIT E**
**(2 of 2)**

NEXT DOCUMENT



# HSH NORDBANK

New York Branch

March 14, 2008

<u>VIA FACSIMILE AND FEDERAL EXPRESS</u>

Holly Hill I Associates, Ltd.
c/o Boca Developers
321 East Hillsboro Boulevard
Deerfield Beach, Florida 33441
Attention: Theodore Stotzer, Esq.

Re:    Loan from HSH Nordbank AG New York Branch ("<u>Administrative Agent</u>") and certain
       other Lenders ("<u>Lenders</u>") to Holly Hill I Associates, Ltd. ("Borrower") with respect to
       <u>the construction of Marina Grande on the Halifax (the Loan")</u>

Gentlemen:

Reference is made to that certain Loan Agreement dated as of December 15, 2005, among Borrower, Administrative Agent and the other Lenders, as amended by that certain First Amendment to Loan Agreement and Certain other Loan Documents dated as of March 7, 2006, that certain Second Amendment to Loan Agreement and Certain other Loan Documents dated as of May 18, 2006, and that certain Third Amendment to Loan Agreement and Certain other Loan Documents dated as of July 6, 2006 (collectively, the "<u>Loan Agreement</u>"), and our letter to you dated March 10, 2008 regarding, among other things, the existence of certain Events of Default and a Default resulting from the filing of various Liens against the Project ("<u>Existing Liens</u>"). Capitalized terms used but not defined herein shall have the respective meanings given to them in the Loan Agreement.

### YOU ARE HEREBY GIVEN NOTICE OF THE FOLLOWING

(i)    We have been informed that Sienna Woodworks Classics filed a Lien against the Project on March 4, 2008; JPR Metal Framing Inc. filed a Lien against the Project on February 28, 2008 and Von Plumbing, Inc. filed two (2) separate liens against the Project on March 3, 2008. (see documents attached hereto as <u>Exhibit A</u>.) The existence of each of these Liens constitutes a Default, which will, if not cured within fifteen (15) days after the filing thereof, constitute an Event of Default.

(ii)    In addition, to our knowledge, the Existing Liens have not been satisfied or discharged of record.  Accordingly, the existence of each of these Existing Liens continues to constitute an Event of Default.

(iii)    As we advised you in our letter dated March 10, 2008, as expressly permitted under Section 2.4(d) of the Loan Agreement, Administrative Agent may apply all payments received by Administrative Agent under the Loan Documents or otherwise on account of the Loan ("Payments") in such order of priority as Administrative Agent shall determine in its sole and absolute discretion; and it is Administrative Agent's current intention (which Administrative Agent may change at any time in its sole and absolute discretion) to apply Payments first to reduce the principal amount of the Loan before applying Payments to any other amounts due and owing to Lenders under the Loan Documents.

Nothing herein is intended (or shall be deemed) to constitute a waiver of any rights and/or remedies Administrative Agent and/or Lenders may have under the Loan Agreement and/or any other Loan Documents or otherwise available to them at law or in equity, or a waiver of any known or unknown Default or Event of Default which may exist on the date hereof. Administrative Agent and Lenders reserve any and all rights and remedies available to them under the Loan Agreement and/or the other Loan Documents, or otherwise available to Administrative Agent and/or Lenders at law or in equity, all of which shall remain in full force and effect.

You are further advised that no oral communication from or on behalf of Administrative Agent and/or Lenders (or its or their advisors) shall constitute an agreement, commitment or evidence of any assurance or intention by them with respect to any aspect of the Loan.  Any agreement, commitment, assurance or intention of Administrative Agent and/or Lenders with respect to any aspect of the Loan shall be effective only if set forth in writing duly executed by Administrative Agent.

Very truly yours,

HSH NORDBANK AG NEW YORK BRANCH, as Agent for Lenders

By:

Name:  Michael Carter
Title:  Senior Vice President
HSH Nordbank AG, New York Branch

By:

Name:  Heidrun Meyer
Title:  Senior Vice President

cc:

| Bilzin Sumberg Baena Price & Axelrod LLP<br>Wachovia Financial Center<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131 | Mr. James Cohen<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441 |
|---|---|

- 2 -

| | |
|---|---|
| Attention: James Shindell, Esq. | Attention: Theodore Stotzer, Esq. |
| Mr. Michael Swerdlow<br>c/o Swerdlow Group<br>3390 Mary Street Suite 200<br>Coconut Grove, Florida 33133 | Mr. Brian Street<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. |
| Bank of Scotland, Miami<br>1221 Brickell Avenue, Suite 1210<br>Miami, Florida 33131<br>Attention: Richard Grani<br>       Senior Vice President<br>       richardgrani@bankofscotlandusa.com | Natixis<br>1251 Avenue of the Americas, 34th Fl.<br>New York, NY 10020<br>Attention: Marie-Edith Dugeny<br>       Managing Director<br>       marie-edith.dugeny@natixis.us |
| Deutsche Hypothekenbank (Actien-Gesellschaft)<br>Georgesplatz 8<br>30159 Hannover – Germany<br>Attention:    Mr. Thomas Staats<br>           Authorized Officer<br>           Thomas.Staats@Deutche-Hypo.de | KBC Bank, NV<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attention: Mr. Nicholas Philippedes<br>       Vice President<br>       Nicholas.Philippedes@KBC.be |
| LRP Landesbank Rheinland-Pfalz<br>c/o Landesbank Baden Wuerttemberg<br>280 Park Avenue, 31st Floor, West Building<br>New York, New York 10017<br>Attention: Mr. Thomas Broschek<br>       Senior Vice President<br>       Thomas.Broschek@lbbwus.com | |
| Madeleine L.L.C.<br>299 Park Avenue, 23rd Floor<br>New York, New York 10171<br>Attention: Mr. Tom Arnold | Jill D. Block, Esq.<br>Orrick, Herrington & Sutcliffe LLP<br>666 Fifth Avenue<br>New York, NY 10103-0001 |
| Mark R. Lehrer, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 | Tina R. Patel, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 |
| Mr. Gregory Allen<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | Jon Karnofsky, Esq.<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 |

**EXHIBIT A**

(Notices of Lien)

03/03/2008 12:43 PM
Instrument# 2008-043450 # 1
Book: 6199
Page: 4891

## CLAIM OF LIEN

### WARNING!

THIS LEGAL DOCUMENT REFLECTS THAT A CONSTRUCTION LIEN HAS BEEN PLACED ON
THE REAL PROPERTY LISTED HEREIN. UNLESS THE OWNER OF SUCH PROPERTY TAKES
ACTION TO SHORTEN THE TIME PERIOD, THIS LIEN MAY REMAIN VALID FOR ONE YEAR
FROM THE DATE OF RECORDING, AND SHALL EXPIRE AND BECOME NULL AND VOID
THEREAFTER UNLESS LEGAL PROCEEDINGS HAVE BEEN COMMENCED TO FORECLOSE
OR TO DISCHARGE THIS LIEN.

STATE OF FLORIDA )
              SS:
COUNTY OF VOLUSIA )

    BEFORE ME, the undersigned Notary Public, personally appeared Robert Von Kaas, who was duly
sworn and says that he is the President of Von Plumbing, Inc., lienor herein, whose address is 909 Carswell
Ave., Holly Hill, Florida 32117 and that in accordance with a contract with W.G. Yates & Sons Construction
Company, lienor furnished labor, services or materials consisting of plumbing materials and labor on the
following described property in Volusia County, Florida:

        Marina Grande on the Halifax (Phase 1)
        (See Exhibit "A" attached hereto)

owned by Holly Hill Associates, LTD, for a total value of $548,269.62, of which there remains unpaid
$54,218.67, and furnished the first of the items on January 25, 2006 and the last of the items on January 23,
2008, and that the lienor served his notice to owner on Holly Hill Associates, LTD by Certified Mail #7003-
1010-0003-6472-8749 on February 14, 2006, and that the lienor served copies of the notice on the contractor,
W.G. Yates and Sons Construction Company on February 14, 2006 by certified mail No. 7003-1010-0003-
6472-8787.


                                        _____
                                        Robert Von Kaas, President
                                        Von Plumbing, Inc.

Sworn to and subscribed before me this 62__day of February, 2008 by Robert Von Kaas.

_____
NOTARY PUBLIC                          (seal)    Linda A. DuBois
State of Florida at Large                         Commission # DD502109
Commission No.                                    Expires April 27, 2010
My Commission Expires:                            _____
Personally Known ☐   Produced ID ☑   ☐
DL ☐   PASSPORT ☐   MILITARY ☐ Other ☐ _____

Best Available Image

Instrument# 2008-043480 # 2
Book: 6198
Page: 4892
Diane M. Matousek Volusia County,
Clerk of Court

**PHASE 1 PARCEL**

EXHIBIT "A"

A PORTION OF BLOCK 6, SHORE ACRES RIVERSIDE ADDITION AS RECORDED IN MAP BOOK 11, PAGE 34 OR THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA, AND A PORTION OR SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

FROM THE INTERSECTION OF THE EASTERLY RIGHT OF WAY LINE OF RIVERSIDE DRIVE WITH THE NORTHERLY RIGHT OF WAY LINE OF SECOND STREET AS THE POINT OF BEGINNING, RUN NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT OF WAY LINE OF RIVERSIDE DRIVE, A DISTANCE OF 760.83 FEET; THENCE DEPARTING SAID EASTERLY RIGHT OF WAY LINE, RUN NORTH 68 DEGREES 37 MINUTES 47 SECONDS EAST, A DISTANCE OF 358.61 FEET; THENCE SOUTH 21 DEGREES 22 MINUTES 43 SECONDS EAST, A DISTANCE OF 223.30 FEET; THENCE NORTH 68 DEGREES 35 MINUTES 47 SECONDS EAST, A DISTANCE OF 500.10 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 15 SECONDS EAST, A DISTANCE OF 496.66 FEET TO THE NORTHERLY RIGHT OF WAY LINE OF SAID SECOND STREET EXTENDED; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST ALONG SAID NORTHERLY RIGHT OF WAY LINE, A DISTANCE OF 859.97 FEET TO THE POINT OF BEGINNING.

LESS AND EXCEPT therefrom the Buildings.

**DESCRIPTION - SECOND STREET ADDITION**

THE SOUTHERLY 42.00 FEET OF THE WESTERLY 314.84 FEET AS MEASURED ALONG THE NORTH LINE OF SECOND STREET, AND THE SOUTHERLY 80.00 FEET OF THE EASTERLY 145.16 FEET AS MEASURED ALONG THE NORTH LINE OF SECOND STREET, OF THE FOLLOWING DESCRIBED PARCEL:

BEGIN AT THE INTERSECTION OF THE EASTERLY LINE OF THE DIXIE HIGHWAY (NOW CALLED BEACH STREET) WITH THE SOUTHERLY LINE OF WISCONSIN AVENUE (NOW CALLED THIRD STREET) AS SAID STREETS ARE SHOWN ON THE PLAT OF SHORE ACRES - RIVERSIDE ADDITION, ACCORDING TO THE PLAT THEREOF RECORDED IN MAP BOOK 11, PAGE 34, OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA; THENCE GO SOUTHERLY ALONG THE EASTERLY LINE OF BEACH STREET TO THE NORTHERLY LINE OF SECOND STREET; THENCE EASTERLY ALONG THE NORTHERLY LINE OF SECOND STREET EXTENDED 600 FEET; THENCE NORTHERLY PARALLEL WITH THE WESTERLY LINE OF BEACH STREET TO THE POINT OF INTERSECTION WITH THE SOUTHERLY LINE OF THIRD STREET EXTENDED; THENCE WESTERLY ALONG THE SOUTHERLY LINE OF THIRD STREET EXTENDED TO THE POINT OF BEGINNING.

BEING THE SAME PROPERTY CONVEYED BY WARRANTY DEED GIVEN BY PUBLIX SUPER MARKETS, INC., A FLORIDA CORPORATION, TO LIFE INSURANCE COMPANY OF GEORGIA, A GEORGIA CORPORATION, DATED MARCH 16, 1959, FILED MARCH 18, 1959, RECORDED IN OFFICIAL RECORDS BOOK 154, PAGE 544, PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA.

AND ALSO less and except therefrom.

**LIFT STATION PARCEL**

A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

FROM THE INTERSECTION OF THE EASTERLY RIGHT OF WAY LINE OF RIVERSIDE DRIVE WITH THE NORTHERLY RIGHT OF WAY LINE OF SECOND STREET AS THE POINT OF REFERENCE, RUN NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT OF WAY LINE OF RIVERSIDE DRIVE, A DISTANCE OF 72.00 FEET; THENCE NORTH 65 DEGREES 03 MINUTES 55 SECONDS EAST, A DISTANCE OF 94.46 FEET TO THE POINT OF BEGINNING; THENCE NORTH 21 DEGREES 22 MINUTES 43 SECONDS EAST, A DISTANCE OF 34.63 FEET; THENCE NORTH 68 DEGREES 37 MINUTES 17 SECONDS EAST, A DISTANCE OF 34.00 FEET; THENCE SOUTH 21 DEGREES 22 MINUTES 43 SECONDS EAST, A DISTANCE OF 32.54 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST, A DISTANCE OF 34.07 FEET TO THE POINT OF BEGINNING.

Copies To:

Holly Hill Associates, LTD
Boca Land Holdings Inc

Certified Nos.

7003 1010 0003 6472 8749

03/13/2008 12:43 PM
Instrument# 2008-043491 # 1
Book: 6199
Page: 4893

## CLAIM OF LIEN

### WARNING!

THIS LEGAL DOCUMENT REFLECTS THAT A CONSTRUCTION LIEN HAS BEEN PLACED ON THE REAL PROPERTY LISTED HEREIN. UNLESS THE OWNER OF SUCH PROPERTY TAKES ACTION TO SHORTEN THE TIME PERIOD, THIS LIEN MAY REMAIN VALID FOR ONE YEAR FROM THE DATE OF RECORDING, AND SHALL EXPIRE AND BECOME NULL AND VOID THEREAFTER UNLESS LEGAL PROCEEDINGS HAVE BEEN COMMENCED TO FORECLOSE OR TO DISCHARGE THIS LIEN.

STATE OF FLORIDA )
         SS:
COUNTY OF VOLUSIA )

    BEFORE ME, the undersigned Notary Public, personally appeared Robert Von Kass, who was duly sworn and says that he is the President of Von Plumbing, Inc., lienor herein, whose address is 909 Carswell Ave., Holly Hill, Florida 32117 and that in accordance with a contract with W.G. Yates & Sons Construction Company, lienor furnished labor, services or materials consisting of plumbing materials and labor on the following described property in Volusia County, Florida:

    Marina Grande on the Halifax (Phase II)
    (See Exhibit "A" attached hereto)

owned by Holly Hill Associates, LTD, for a total value of $3,046,736.24, of which there remains unpaid $265,936.76, and furnished the first of the items on May 3, 2006 and the last of the items on January 23, 2008, and that the lienor served his notice to owner on Holly Hill Associates, LTD by Certified Mail #7003-1010-0003-6472-5500 on April 13, 2006, and that the lienor served copies of the notice on the contractor, W.G. Yates and Sons Construction Company on April 13, 2006 by certified mail No. 7003-1010-0003-6472-5517.

                     _____
                     Robert Von Kass, President
                     Von Plumbing, Inc.

Sworn to and subscribed before me this _6th_ day of February, 2008 by Robert Von Kass.

_____
NOTARY PUBLIC,
State of Florida at Large
Commission No.
My Commission Expires:
Personally Known ☐ Produced ID ☑
DL ☐ PASSPORT ☐ MILITARY ☐ Other ☐

Linda A. DuBois
Commission # DD602109
Expires April 27, 2010
Bonded Thru Troy Fain Insurance, Inc. 800-385-7019

Best Available Image

...2006  4:37PM    ...DEVELOPERS        954 353 3388

PHASE 1 PARCEL                              EXHIBIT "A"

A PORTION OF BLOCK 6, SHORE ACRES RIVERSIDE ADDITION AS RECORDED
IN MAP BOOK 11, PAGE 34 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY,
FLORIDA, AND A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33
EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

FROM THE INTERSECTION OF THE EASTERLY RIGHT OF WAY LINE OF
RIVERSIDE DRIVE WITH THE NORTHERLY RIGHT OF WAY LINE OF SECOND
STREET AS THE POINT OF BEGINNING, RUN NORTH 21 DEGREES 24 MINUTES
01 SECONDS WEST ALONG SAID EASTERLY RIGHT OF WAY LINE OF
RIVERSIDE DRIVE, A DISTANCE OF 760.83 FEET; THENCE DEPARTING SAID
EASTERLY RIGHT OF WAY LINE, RUN NORTH 68 DEGREES 37 MINUTES 47
SECONDS EAST, A DISTANCE OF 358.61 FEET; THENCE SOUTH 21 DEGREES
27 MINUTES 41 SECONDS EAST, A DISTANCE OF 223.50 FEET; THENCE
NORTH 68 DEGREES 31 MINUTES 47 SECONDS EAST, A DISTANCE OF 300.10
FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 13 SECONDS EAST, A
DISTANCE OF 496.68 FEET TO THE NORTHERLY RIGHT OF WAY LINE OF
SAID SECOND STREET EXTENDED; THENCE SOUTH 65 DEGREES 03 MINUTES
55 SECONDS WEST ALONG SAID NORTHERLY RIGHT OF WAY LINE, A
DISTANCE OF 659.97 FEET TO THE POINT OF BEGINNING.

LESS AND EXCEPT therefrom the following:

DESCRIPTION - SECOND STREET ADDITION

THE SOUTHERLY 42.00 FEET OF THE WESTERLY 314.84 FEET AS MEASURED
ALONG THE NORTH LINE OF SECOND STREET, AND THE SOUTHERLY 60.00
FEET OF THE EASTERLY 345.16 FEET, AS MEASURED ALONG THE NORTH LINE
OF SECOND STREET, OF THE FOLLOWING DESCRIBED PARCEL:

BEGIN AT THE INTERSECTION OF THE EASTERLY LINE OF THE DIXIE
HIGHWAY (NOW CALLED BEACH STREET) WITH THE SOUTHERLY LINE OF
WISCONSIN AVENUE (NOW CALLED THIRD STREET) AS SAID STREETS ARE
SHOWN ON THE PLAT OF SHORE ACRES - RIVERSIDE ADDITION, ACCORDING
TO THE PLAT THEREOF RECORDED IN MAP BOOK 11, PAGE 34 OF THE
PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA; THENCE GO SOUTHERLY
ALONG THE EASTERLY LINE OF BEACH STREET TO THE NORTHERLY LINE OF
SECOND STREET; THENCE EASTERLY ALONG THE NORTHERLY LINE OF
SECOND STREET EXTENDED 560 FEET; THENCE NORTHERLY PARALLEL WITH
THE WESTERLY LINE OF BEACH STREET TO THE POINT OF INTERSECTION
WITH THE SOUTHERLY LINE OF THIRD STREET EXTENDED; THENCE WESTERLY
ALONG THE SOUTHERLY LINE OF THIRD STREET EXTENDED TO THE POINT OF
BEGINNING.

BEING THE SAME PROPERTY CONVEYED BY WARRANTY DEED GIVEN BY PUBLIX
SUPER MARKETS, INC., A FLORIDA CORPORATION, TO LUFE INSURANCE
COMPANY OF GEORGIA, A GEORGIA CORPORATION, DATED MARCH 15, 1962,
FILED MARCH 16, 1962, RECORDED IN OFFICIAL RECORDS BOOK 1847, PAGE
584, PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA.

AND ALSO less and except therefrom:

LIFT STATION PARCEL

A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST,
VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

FROM THE INTERSECTION OF THE EASTERLY RIGHT OF WAY LINE OF
RIVERSIDE DRIVE WITH THE NORTHERLY RIGHT OF WAY LINE OF SECOND
STREET AS THE POINT OF REFERENCE, RUN NORTH 21 DEGREES 24 MINUTES
01 SECONDS WEST ALONG SAID EASTERLY RIGHT OF WAY LINE OF
RIVERSIDE DRIVE, A DISTANCE OF 42.08 FEET; THENCE NORTH 65
DEGREES 03 MINUTES 55 SECONDS EAST, A DISTANCE OF 98.43 FEET TO
THE POINT OF BEGINNING; THENCE NORTH 21 DEGREES 22 MINUTES 43
SECONDS WEST, A DISTANCE OF 34.05 FEET; THENCE NORTH 68 DEGREES
37 MINUTES 17 SECONDS EAST, A DISTANCE OF 34.00 FEET; THENCE
SOUTH 21 DEGREES 02 MINUTES 43 SECONDS EAST, A DISTANCE OF 32.54
FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST, A
DISTANCE OF 34.07 FEET TO THE POINT OF BEGINNING.

Copies To:                        Certified Nos.

Holly Hill Associates, LTD        7003 1010 0003 6472 8749
Boca Land Holdings, Inc.          7003 1010 0003 6472 8756

Instrument 2006-083972 2
Book: 6199
Page: 4894
Diane M. Matousek
Volusia County, Clerk of Court

RETURN TO: JPR Metal Framing, Inc.
2051 S Peninsula Dr.
Daytona Beach, FL 32118
4924899

02/28/2008 12:08 PM
Instrument# 2008-041315 # 1
Book: 6198
Page: 3575

PREPARED BY: _____
2051 S Peninsula Dr. Daytona Beach, FL 32118 (person filling out this document)

**WARNING!**

THIS LEGAL DOCUMENT REFLECTS THAT A CONSTRUCTION LIEN HAS BEEN PLACED ON THE REAL PROPERTY LISTED HEREIN. UNLESS THE OWNER OF SUCH PROPERTY TAKES ACTION TO SHORTEN THE TIME PERIOD, THIS LIEN MAY REMAIN VALID FOR ONE YEAR FROM THE DATE OF RECORDING, AND SHALL EXPIRE AND BECOME NULL AND VOID THEREAFTER UNLESS LEGAL PROCEEDINGS HAVE BEEN COMMENCED TO FORCLOSE OR TO DISCHARGE THIS LIEN.

STATE OF FLORIDA
COUNTY OF VOLUSIA

**CLAIM OF LIEN**

BEFORE ME, the undersigned Notary Public, personally appeared _____ says that he/she is the agent of the lienor herein, JPR METAL FRAMING, INC. 2051 S Peninsula Dr. Daytona Beach, FL 32118, Phone 4924899, and that pursuant to a contract with W. G. YATES & SONS CONSTRUCTION (ATLANTA), 1200 Abernathy Rd. NE. Ste 300, Atlanta, GA 330328, lienor did furnish labor,materials and equipment to perform drywall installation and finishing, metal framing and related services and materials, to property located in Volusia County further described as:

231-241 Riverside Dr. Holly Hill                    Parcel No. 37-15-33-34-06-0010/0014

All units, common areas and all condominium parcels in proportion for which the owners are liable for common expenses of the Marina Grande on the Halifax Condominium, a condominium per Declaration recorded in O.R. Book 6136, Page 4563, Public Records of Volusia County, Florida, and Marina Grande on the Halifax I, a Condominium per Declaration recorded in O.R. Book 6136, Page 4478, Public Records of Volusia County, Florida, and all valid amendments thereof, consisting of two 25 story condominium towers containing 486 residential condominium units at 231 and 241 Riverside Drive, together with retail shopping center space and together with related amenities and appurtenances, being situate on a portion of Block 6, Shores Acres Riverside Addition as recorded in Map Book 11, Page 34, Public Records of Volusia County, Florida, and a portion of Section 37, Township 15 South, Range 33 East, Volusia County, Florida, per Deeds recorded in O.R. Book 5343, Page 3482, O.R. Book 5724, Page 3054, and O.R. Book 6069, Page 1169, and Notice of Commencement recorded in O.R. Book 5728, Page 2384, all in the Public Records of Volusia County, Florida, as more particularly described in attached legal descriptions.

Owned by HOLLY HILL I ASSO LTD/THEODORE STOTZER/SWERDLOW/BOCA DEV GRP LLC, for a total contract dollar amount of $ 563,570 ⁰⁰, of which there remains unpaid $ 152,600 ⁰⁰. Lienor furnished the first of said labor/materials on JULY -7/2007 , said the last of the same, DEC- 4-2007 and (if the lien is claimed by one not in privity with the owner) that lienor served his notice to owner on 8/17/2007, by certified mail, and (if the lien is claimed by one in privity with the contractor) that the lienor mailed a copy of his notice on the contractor on 8/18/2007, by certified mail, and on the subcontractor (if applicable) on, (Not applicable).

JPR Metal Framing, Inc.

BY: _____
(owner or officer signature)

JUAN R. PALACIO
(print legal name of signer and title)

STATE OF FLORIDA
COUNTY OF VOLUSIA

Sworn to (or affirmed) and subscribed before me, the foregoing instrument was acknowledged before me this 28ᵗʰ day of DL 2008 by JUAN R. PALACIO personally known to me or who did furnish the following identification FL DL

_____
Notary Public          ALICE T. PAUL

ALICE T. PAUL
Notary Public - State of Florida
My Commission Expires Nov 28, 2010
Commission # DD 663763
Bonded Through National Notary Assn.

Best Available Image

Instrument# 2008-041315 # 2
Book: 6198
Page: 3576

# MARINA GRANDE ON THE HALIFAX I BUILDINGS 1 AND 2

Instrument# 2007-226348 # 55
Book: 6136
Page: 4724

Legal Description:     Halifax I: Buildings 1 and 2

A portion of Block 6, SHORES ACRES RIVERSIDE ADDITION, recorded in Map Book 11, Page 34 of the Public Records of Volusia County, Florida, and a portion of Section 37, Township 15 South, Range 33 East, Volusia County, Florida, described as follows:

As a Point of Reference Commence at the intersection of the Easterly Right-of-Way Line of Riverside Drive (a 100 foot Right-of-Way) with the Northerly Right-of-Way Line of Second Street (a 100 foot Right-of-Way) as shown on the plat of said SHORES ACRES RIVERSIDE ADDITION; thence North 21°22'57" West, (all bearings are based upon North 21°22'57" West along the Easterly Right-of-Way Line of Riverside Drive), along the Easterly Right-of-Way Line of said Riverside Drive, a distance of 42.08 feet; thence North 65°04'58" East, along a line 92.00 feet North of the centerline of Second Street (a.k.a. Forest Avenue), a distance of 314.84 feet; thence North 21°22'58" West, a distance of 18.03 feet to a point 110.00 feet North of the centerline of said Second Street; thence North 65°04'58" East, along a line 110.00 feet North of said centerline, a distance of 44.38 feet to the Point of Beginning of this description; thence North 21°22'37" West, a distance of 194.53 feet; thence South 68°37'23" West, a distance of 41.65 feet; thence North 21°22'37" West, a distance of 71.50 feet; thence North 68°37'23" East, a distance of 41.65 feet; thence North 21°22'37" West, a distance of 174.05 feet; thence North 68°36'51" East, a distance of 275.41 feet; thence South 21°29'06" East, a distance of 423.04 feet to a point 110.00 feet North of the centerline of said Second Street; thence South 65°04'58" West, along a line 110.00 feet North of said centerline, a distance of 276.74 feet to the Point of Beginning of this description.

Said lands situate, lying and being in Volusia County, Florida

Containing 2.801 acres, more or less.

legals/Halifax I Buildings 1 and 2 Sep 07

PREPARED BY:
DAVIS & PURMORT, INC.
845 S.E. 8TH AVENUE
DEERFIELD BEACH, FLORIDA 33441
PHONE (954) 421-9101

HALIFAX I
LEGAL DESCRIPTION
SHEET 3 OF 237
SEPTEMBER 06, 2007

Best Available Image

Best Available Image

Instrument# 2008-041315 # 3
Book: 6198
Page: 3577

Instrument# 2007-226846 # 47
Book: 6138
Page: 4609

# HALIFAX I:
## CONDOMINIUM AND COMMON AREAS

Legal Description:    Halifax I: Condominium and Common Areas

A portion of Block 6, SHORES ACRES RIVERSIDE ADDITION, recorded in Map Book 11, Page 34 of the Public Records of Volusia County, Florida, and a portion of Section 37, Township 15 South, Range 33 East, Volusia County, Florida, described as follows:

As a Point of Reference Commence at the intersection of the Easterly Right-of-Way Line of Riverside Drive (a 100 foot Right-of-Way) with the Northerly Right-of-Way Line of Second Street (a 100 foot Right-of-Way) as shown on the plat of said SHORES ACRES RIVERSIDE ADDITION, thence North 21°22'57" West, (all bearings are based upon North 21°22'57" West along the Easterly Right-of-Way Line of Riverside Drive), along the Easterly Right-of-Way Line of said Riverside Drive, a distance of 42.08 feet to the Point of Beginning of this description; thence continue North 21°22'57" West, along the Easterly Right-of-Way Line of said Riverside Drive, a distance of 718.75 feet; thence North 68°38'51" East, a distance of 358.61 feet; thence South 21°22'37" East, a distance of 223.30 feet; thence North 68°36'51" East, a distance of 300.10 feet; thence South 21°22'09" East, a distance of 436.56 feet to a point 110.00 feet North of the Easterly projection of the centerline of Second Street (a.k.a Forest Avenue); thence South 21°21'40" East, along said Easterly projection, a distance of 345.13 feet; thence South 21°22'58" East, a distance of 18.03 feet to a point 92.00 feet North of the centerline of said Second Street; thence South 65°04'58" West, along a line 92.00 feet North of said centerline, a distance of 314.84 feet to the Point of Beginning of this description.

kcphstHalifax I Overall Sep 07

TOGETHER WITH THE FOLLOWING DESCRIBED PARCEL:

A portion of Section 37, Township 15 South, Range 33 East, Volusia County, Florida, described as follows:

As a Point of Reference Commence at the intersection of the Easterly Right-of-Way Line of Riverside Drive (a 100 foot Right-of-Way) with the Northerly Right-of-Way Line of Second Street (a 100 foot Right-of-Way) as said streets are shown on the plat

PREPARED BY:
DAVIS & PURMORT, INC.
843 S.E. 8TH AVENUE
DEERFIELD BEACH, FLORIDA 33441
PHONE (954) 421-9101

HALIFAX I
BOUNDARY DESCRIPTION
SHEET 1 OF 11
SEPTEMBER 21, 2007

Best Available Image

Best Available Image

Instrument# 2008-041315 # 4
Book:   6198
Page:   3578

Instrument# 2007-225646 # 49
Book:   6138
Page:   4810

# HALIFAX I:
## CONDOMINIUM AND COMMON AREAS

of SHORES ACRES RIVERSIDE ADDITION, thence North 21°22'57" West, along the Easterly Right-of-Way Line of said Riverside Drive, a distance of 42.08 feet; thence North 65°04'58" East, a distance of 172.16 feet to the Point of Beginning of this description; thence continue North 65°04'58" East, a distance of 23.00 feet; thence South 24°57'02" East, a distance of 34.00 feet; thence South 65°04'58" West, a distance of 23.00 feet; thence North 24°57'02" West, a distance of 34.00 feet to the Point of Beginning of this description.

Legal of Halifax I March Sep 07

LESS AND EXCEPT THE FOLLOWING DESCRIBED PARCEL:

A portion of Section 37, Township 15 South, Range 33 East, Volusia County, Florida, described as follows:

As a Point of Reference Commence at the intersection of the Easterly Right-of-Way Line of Riverside Drive (a 100 foot Right-of-Way) with the Northerly Right-of-Way Line of Second Street (a 100 foot Right-of-Way) as said streets are shown on the plat of SHORES ACRES RIVERSIDE ADDITION, thence North 21°22'57" West, along the Easterly Right-of-Way Line of said Riverside Drive, a distance of 42.08 feet; thence North 65°04'58" East, a distance of 96.48 feet to the Point of Beginning of this description; thence North 21°21'40" West, a distance of 34.65 feet; thence North 68°30'30" East, a distance of 34.00 feet; thence South 21°21'40" East, a distance of 32.54 feet; thence South 65°04'58" West, a distance of 34.07 feet to the Point of Beginning of this description.

Said lands situate, lying and being in Volusia County, Florida

Legal of Halifax I LESS Section 2 Sep 07

LESS AND EXCEPT THE FOLLOWING DESCRIBED PARCEL:

A portion of Section 37, Township 15 South, Range 33 East, Volusia County, Florida, described as follows:

PREPARED BY:
DAVIS & PURMORT, INC.
843 S.E. 8TH AVENUE
DEERFIELD BEACH, FLORIDA 33441
PHONE (954) 421-6101

HALIFAX I
BOUNDARY DESCRIPTION
SHEET 2 OF 11
SEPTEMBER 21, 2007

Best Available Image

Best Available Image

Instrument# 2008-041315 # 5
Book: 6198
Page: 3579

Instrument# 2007-226848 # 49
Book: 6136
Page: 4611

# HALIFAX I:
## CONDOMINIUM AND COMMON AREAS

As a Point of Reference Commence at the intersection of the Easterly Right-of-Way Line of Riverside Drive (a 100 foot Right-of-Way) with the Northerly Right-of-Way Line of Second Street (a 100 foot Right-of-Way) as shown on the plat of said SHORES ACRES RIVERSIDE ADDITION, thence North 21°22'57" West, (all bearings are based upon North 21°22'57" West along the Easterly Right-of-Way Line of Riverside Drive), along the Easterly Right-of-Way Line of said Riverside Drive, a distance of 42.08 feet; thence North 65°04'58" East, along a line 92.00 feet North of the centerline of Second Street (a.k.a Forest Avenue), a distance of 314.84 feet; thence North 21°22'58" West, a distance of 18.03 feet to a point 110.00 feet North of the centerline of said Second Street; thence North 65°04'58" East, along a line 110.00 feet North of said centerline, a distance of 345.13 feet to the Point of Beginning of this description; thence North 21°29'06" West, a distance of 438.04 feet; thence North 68°36'51" East, a distance of 24.72 feet; thence South 21°23'09" East, a distance of 436.56 feet to a 110.00 feet North of the Easterly projection of said Second Street; thence South 65°04'58" West, along a line 110.00 feet North of said centerline, a distance of 24.00 feet to the Point of Beginning of this description.

Said lands situate, lying and being in Volusia County, Florida

Legals/Halifax I Submerged Lands Sep 07

LESS AND EXCEPT THE FOLLOWING DESCRIBED PARCEL:

A portion of Block 6, SHORES ACRES RIVERSIDE ADDITION, recorded in Map Book 11, Page 34 of the Public Records of Volusia County, Florida, described as follows:

As a Point of Reference Commence at the intersection of the Easterly Right-of-Way Line of Riverside Drive (a 100 foot Right-of-Way) with the Northerly Right-of-Way Line of Second Street (a 100 foot Right-of-Way) as shown on the plat of said SHORES ACRES RIVERSIDE ADDITION, thence North 21°22'57" West, (all bearings are based upon North 21°22'57" West along the Easterly Right-of-Way Line of Riverside Drive), along the Easterly Right-of-Way Line of said Riverside

PREPARED BY:
DAVIS & PURMORT, INC.
843 S.E. 5TH AVENUE
DEERFIELD BEACH, FLORIDA 33441
PHONE (954) 421-9101

HALIFAX I
BOUNDARY DESCRIPTION
SHEET 3 OF 11
SEPTEMBER 21, 2007

Best Available Image

Instrument# 2008-041315 # 6
Book: 6198
Page: 3580

Instrument# 2007-228848 # 50
Book: 6138
Page: 4612

## HALIFAX I:
## CONDOMINIUM AND COMMON AREAS

Drive, a distance of 42.08 feet to the Point of Beginning of this description; thence continue North 21°22'57" West, along the Easterly Right-of-Way Line of said Riverside Drive, a distance of 456.31 feet; thence North 68°36'25" East, a distance of 84.54 feet to a point 0.10 feet West of the existing West wall of a parking garage; thence South 21°23'35" East, along a line 0.10 feet West of and parallel with said existing West wall, a distance of 16.40 feet to a point, said point being 0.10 feet West of and 0.10 feet South of said existing wall; thence North 68°36'25" East, a distance of 0.65 feet to a point 0.10 feet West of West wall of the parking garage; thence South 21°23'35" East, along a line 0.10 feet West of said parallel with said existing West wall, a distance of 358.64 feet to a point 0.10 feet West of and South of said existing wall; thence North 68°36'35" East, a distance of 2.17 feet to a point 0.10 feet East of an existing wall; thence South 21°23'35" East, along a line 0.10 East of said existing wall, a distance of 75.88 feet to a point 92.00 foot North the centerline of said Second Street; thence South 65°04'58" West, along a line 92.00 feet North of said centerline, a distance of 87.61 feet to the Point of Beginning of this description.

legals/Halifax I Commercial Site Sep 07

Said lands situate, lying and being in Volusia County, Florida

legals/Halifax I Condominium and Common Areas Sep 07

PREPARED BY:
DAVIS & PURMORT, INC.
543 S.E. 5TH AVENUE
DEERFIELD BEACH, FLORIDA 33441
PHONE (954) 421-8101

HALIFAX I.
BOUNDARY DESCRIPTION
SHEET 4 OF 11
SEPTEMBER 21, 2007

Best Available Image

Instrument# 2008-041315 # 7
Book: 6198
Page: 3581
Diane M. Matousek
Volusia County, Clerk of Court

Instrument# 2005-351417 # 4
Book: 5728
Page: 2387
Diane M. Matousek
Volusia County, Clerk of Court

**PHASE I DESCRIPTION**

A PORTION OF BLOCK 6, SHORE ACRES RIVERSIDE ADDITION AS RECORDED IN MAP BOOK 11, PAGE 34 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA, AND A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

AS A POINT OF REFERENCE COMMENCE AT THE INTERSECTION OF THE EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE (A 100 FOOT RIGHT-OF-WAY) WITH THE NORTHERLY RIGHT-OF-WAY LINE OF SECOND STREET (A 100 FOOT RIGHT-OF-WAY) RUN THENCE NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE FOR A DISTANCE OF 42.08 FEET FOR THE POINT OF BEGINNING; THENCE CONTINUE NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE FOR A DISTANCE OF 718.75 FEET; THENCE NORTH 68 DEGREES 37 MINUTES 47 SECONDS EAST DEPARTING SAID EASTERLY RIGHT-OF-WAY LINE FOR A DISTANCE OF 359.81 FEET; THENCE SOUTH 21 DEGREES 23 MINUTES 41 SECONDS EAST, A DISTANCE OF 223.30 FEET; THENCE NORTH 68 DEGREES 35 MINUTES 47 SECONDS EAST, A DISTANCE OF 300.10 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 14 SECONDS EAST, A DISTANCE OF 436.56 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 345.13 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 01 SECONDS EAST FOR A DISTANCE OF 18.03 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 314.84 FEET TO POINT OF BEGINNING.

**LIFT STATION PARCEL**

A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

AS A POINT OF REFERENCE COMMENCE AT THE INTERSECTION OF THE EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE (A 100 FOOT RIGHT-OF-WAY) WITH THE NORTHERLY RIGHT-OF-WAY LINE OF SECOND STREET (A 100 FOOT RIGHT-OF-WAY) RUN NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE, A DISTANCE OF 42.08 FEET; THENCE NORTH 65 DEGREES 03 MINUTES 55 SECONDS EAST FOR A DISTANCE OF 98.48 FEET TO THE POINT OF BEGINNING; THENCE NORTH 21 DEGREES 22 MINUTES 43 SECONDS WEST FOR A DISTANCE OF 34.65 FEET; THENCE NORTH 68 DEGREES 37 MINUTES 17 SECONDS EAST FOR A DISTANCE OF 34.00 FEET; THENCE SOUTH 21 DEGREES 22 MINUTES 43 SECONDS EAST FOR A DISTANCE OF 32.54 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 34.07 FEET TO THE POINT OF BEGINNING.

1770040384-3

02/27/2008  18:37   9543467986                                              PAGE 02/02

Return to:    Sierra Woodwork Classics, Inc.
              450 SE 7th Street  Unit #273
              Dania Beach, FL 33004

                                                           03/04/2008 02:24 PM
Prepared by:  Joseph G. Weil                               Instrument# 2008-044953 # 1
              Sierra Woodwork Classics, Inc.               Book:  6200
              450 SE 7th Street, Unit #273                 Page:  3864
              Dania Beach, FL 33004                        Diane M. Matusek
                                                           Volusia County, Clerk of Court

                              **Claim of Lien**

State of Florida
County of    Volusia

                                 **WARNING!**
          THIS LEGAL DOCUMENT REFLECTS THAT A CONSTRUCTION LIEN HAS BEEN
          PLACED ON THE REAL PROPERTY LISTED HEREIN. UNLESS THE OWNER OF
          SUCH PROPERTY TAKES ACTION TO SHORTEN THE TIME PERIOD, THIS LIEN
          MAY REMAIN VALID FOR ONE YEAR FROM THE DATE OF RECORDING, AND
          SHALL EXPIRE AND BECOME NULL AND VOID THEREAFTER UNLESS LEGAL
          PROCEEDINGS HAVE BEEN COMMENCED TO FORECLOSE OR TO DISCHARGE
          THIS LIEN.

Before me, the undersigned notary public, personally appeared            Joseph G. Weil
who was duly sworn and says that he is the agent of the lienor hereby    Sierra Woodwork Classics,
whose address is               450 SE 7th Street Unit #273 Dania Beach, FL 33004
and that in accordance with a contract with   Hollywood Woodwork, Inc.
whose address is           1951 South 30th Ave. Hollywood, FL 33029
the lienor furnished labor, materials, and/or services consisting of:
Installation of millwork and carpentry and related labor & materials
on the following described real property located in      Volusia    County, Florida

Marina Grande on the Halifax Condominium Consisting of 2  28 Story Condominium Towers
231 & 241 (257)  Riverside Drive - Holly Hill  Folio22-15-29-34-08-001 NOC 57-28-2384
A Portion of Block 6 Shore Acres Riverside Adds  MB 11 Pg 34  Sec 37-15-33

which property is owned by:
          Holly Hill I Associates, Ltd.
          Alan Theodore Sidrald, Esq. C/O Swerdlow/Boca Developers Group, LLC.
          321 E. Hillsboro Blvd
          Deerfield Beach, FL 33441

          Said labor, materials, and/or services were of a total value of       $612,824.09
of which there remains unpaid                            $39,463.73  The first of said labor, materials, and/or
services was furnished on      June 26, 2007                      and the last on    January 18, 2008
and (if the lien is claimed by and not in privity with the owner) that Lienor served its
Notice to Owner on      July 28, 2007                       by certified mail#  70082150000079574964
and (if required) that the lienor served copies of the Notice to Owner on the subcontractor
on      July 28, 2007                       by certified mail#  70082150000079574961
and on the subcontractor on    N/A            by certified mail#  N/A

                              Lienor:    Sierra Woodwork Classics, Inc.
State of Florida
County of

                              By:    Joseph G. Weil   V.P.
Sworn to and subscribed before me this    3   day of   March   20 08
by   Joseph G. Weil   who is personally known to me or who has produced
                    as identification

                    NOTARY PUBLIC

                                                   Ann Mittelman
                                                   Commission # DD442673
                                                   Expires July 21, 2009

**NEXT DOCUMENT**



HSH NORDBANK

New York Branch

March 19, 2008

**VIA FACSIMILE AND FEDERAL EXPRESS**

Holly Hill I Associates, Ltd.
c/o Boca Developers
321 East Hillsboro Boulevard
Deerfield Beach, Florida 33441
Attention: Theodore Stotzer, Esq.

Re:    Loan from HSH Nordbank AG New York Branch ("Administrative Agent") and certain
other Lenders ("Lenders") to Holly Hill I Associates, Ltd. ("Borrower") with respect to
the construction of Marina Grande on the Halifax (the "Loan")

Gentlemen:

Reference is made to that certain Loan Agreement dated as of December 15, 2005,
among Borrower, Administrative Agent and the other Lenders, as amended by that certain First
Amendment to Loan Agreement and Certain other Loan Documents dated as of March 7, 2006,
that certain Second Amendment to Loan Agreement and Certain other Loan Documents dated as
of May 18, 2006, and that certain Third Amendment to Loan Agreement and Certain other Loan
Documents dated as of July 6, 2006 (collectively, the "Loan Agreement"), and our letters to you
dated March 10, 2008 and March 14, 2008 regarding, among other things, the existence of
certain Events of Default and a Default resulting from the filing of various Liens against the
Project ("Existing Liens").   Capitalized terms used but not defined herein shall have the
respective meanings given to them in the Loan Agreement.

**YOU ARE HEREBY GIVEN NOTICE OF THE FOLLOWING**

(i)    We have been informed that W.G. Yates & Sons Construction Company filed a
Lien against the Project on March 11, 2008. (see documents attached hereto as Exhibit A.)  The
existence of this Lien constitutes a Default, which will, if not cured within fifteen (15) days after
the filing thereof, constitute an Event of Default.

(ii)    In addition, to our knowledge, the Existing Liens have not been satisfied or
discharged of record.  Accordingly, the existence of each of these Existing Liens continues to
constitute (or now constitutes) an Event of Default.

(iii)     As we advised you in our letters dated March 10, 2008 and March 14, 2008, as expressly permitted under Section 2.4(d) of the Loan Agreement, Administrative Agent may apply all payments received by Administrative Agent under the Loan Documents or otherwise on account of the Loan ("Payments") in such order of priority as Administrative Agent shall determine in its sole and absolute discretion; and it is Administrative Agent's current intention (which Administrative Agent may change at any time in its sole and absolute discretion) to apply Payments first to reduce the principal amount of the Loan before applying Payments to any other amounts due and owing to Lenders under the Loan Documents.

(iv)     Commencing on April 1, 2008, interest shall be charged at the Default Rate in accordance with Section 2.2(c) of the Loan Agreement.

Nothing herein is intended (or shall be deemed) to constitute a waiver of any rights and/or remedies Administrative Agent and/or Lenders may have under the Loan Agreement and/or any other Loan Documents or otherwise available to them at law or in equity, or a waiver of any known or unknown Default or Event of Default which may exist on the date hereof. Administrative Agent and Lenders reserve any and all rights and remedies available to them under the Loan Agreement and/or the other Loan Documents, or otherwise available to Administrative Agent and/or Lenders at law or in equity, all of which shall remain in full force and effect.

You are further advised that no oral communication from or on behalf of Administrative Agent and/or Lenders (or its or their advisors) shall constitute an agreement, commitment or evidence of any assurance or intention by them with respect to any aspect of the Loan.  Any agreement, commitment, assurance or intention of Administrative Agent and/or Lenders with respect to any aspect of the Loan shall be effective only if set forth in writing duly executed by Administrative Agent.

Very truly yours,

HSH NORDBANK AG NEW YORK BRANCH, as Agent for Lenders

By: _____
Name:     Michael Carter
          Senior Vice President
Title: HSH Nordbank AG, New York Branch

By: _____
Name:     Jeffrey Genuino
          Vice President
Title: HSH Nordbank AG, New York Branch

cc:

| Bilzin Sumberg Baena Price & Axelrod LLP | Mr. James Cohen |
|---|---|
| Wachovia Financial Center | c/o Boca Developers |
| 200 South Biscayne Boulevard, Suite 2500 | 321 Hillsboro Boulevard |
| Miami, Florida 33131 | Deerfield Beach, Florida 33441 |
| Attention: James Shindell, Esq. | Attention: Theodore Stotzer, Esq. |

- 2 -

| | |
|---|---|
| Mr. Michael Swerdlow<br>c/o Swerdlow Group<br>3390 Mary Street Suite 200<br>Coconut Grove, Florida 33133 | Mr. Brian Street<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. |
| Bank of Scotland, Miami<br>1221 Brickell Avenue, Suite 1210<br>Miami, Florida 33131<br>Attention: Richard Grani<br>      Senior Vice President<br>      richardgrani@bankofscotlandusa.com | Natixis<br>1251 Avenue of the Americas, 34th Fl.<br>New York, NY 10020<br>Attention: Marie-Edith Dugeny<br>      Managing Director<br>      marie-edith.dugeny@natixis.us |
| Deutsche Hypothekenbank (Actien-Gesellschaft)<br>Georgesplatz 8<br>30159 Hannover – Germany<br>Attention:    Mr. Thomas Staats<br>        Authorized Officer<br>        Thomas.Staats@Deutche-Hypo.de | KBC Bank, NV<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attention: Mr. Nicholas Philippedes<br>      Vice President<br>      Nicholas.Philippedes@KBC.be |
| LRP Landesbank Rheinland-Pfalz<br>c/o Landesbank Baden Wuerttemberg<br>280 Park Avenue, 31st Floor, West Building<br>New York, New York 10017<br>Attention: Mr. Thomas Broschek<br>      Senior Vice President<br>      Thomas.Broschek@lbbwus.com | |
| Madeleine L.L.C.<br>299 Park Avenue, 23rd Floor<br>New York, New York 10171<br>Attention: Mr. Tom Arnold | Jill D. Block, Esq.<br>Orrick, Herrington & Sutcliffe LLP<br>666 Fifth Avenue<br>New York, NY 10103-0001 |
| Mark R. Lehrer, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 | Tina R. Patel, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 |
| Mr. Gregory Allen<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | Jon Karnofsky, Esq.<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 |

## **EXHIBIT A**

(Notice of Lien)

10017701W-1

This Instrument Prepared By:
S. LaRue Williams
Kinsey, Vincent, Pyle, P.L.
150 South Palmetto Avenue, Box A
Daytona Beach, Florida 32114

For Clerk's Use Only

03/11/2008 08:47 AM
Instrument# 2008-049905 # 1
Book: 6203
Page: 2563

**WARNING**

THIS LEGAL DOCUMENT REFLECTS THAT A CONSTRUCTION LIEN HAS BEEN PLACED ON THE
REAL PROPERTY LISTED HEREIN. UNLESS THE OWNER OF SUCH PROPERTY TAKES ACTION
TO SHORTEN THE TIME PERIOD, THIS LIEN MAY REMAIN VALID FOR ONE YEAR FROM THE
DATE OF RECORDING, AND SHALL EXPIRE AND BECOME NULL AND VOID THEREAFTER
UNLESS LEGAL PROCEEDINGS HAVE BEEN COMMENCED TO FORECLOSE OR TO DISCHARGE
THIS LIEN.

## CLAIM OF LIEN

STATE OF GEORGIA

COUNTY OF FULTON

BEFORE ME, the undersigned notary public, personally appeared JEFF CROSS, who was duly sworn and says
that he is the agent of the lienor whose name and address is **W.G. Yates & Sons Construction Company, 1200
Abernathy Road NE, Suite 300, Atlanta, Georgia 30328**, and that in accordance with a contract with **Holly Hill I
Associates, Ltd.**, lienor furnished labor, services and materials consisting of general contracting services on the
following described real property in Volusia County, Florida:

(legal description)

Attached as Exhibit "A"

owned by **Holly Hill I Associates, Ltd.** of a total value of **$143,297,979.22**, of which there remains unpaid
**$9,119,470.39**, and furnished the first of the items on **October 17, 2005**, and the last of the items on **January 7, 2008**.

W.G. YATES & SONS CONSTRUCTION COMPANY

By _____
   Senior Vice President

Name   Jeff Cross

Address   1200 Abernathy Road NE, Suite 300
          Atlanta, Georgia 30328

_____

STATE OF GEORGIA   }
COUNTY OF FULTON   }

Sworn to and subscribed before me this 8th day of March, 2008, by JEFF CROSS, as Senior
Vice President of W.G. Yates & Sons Construction Company, who is personally known to me.

(S E A L)

_____
Notary Public
Commission Number _____ exp 2/1/11

MICHAEL BERG
NOTARY
GEORGIA
EXPIRES
FEB. 01, 2011
PUBLIC
COBB COUNTY

111663.1

Instrument# 2008-049905 # 2
Book: 6203
Page: 2564
Diane M. Matousek
Volusia County, Clerk of Court

LEGAL DESCRIPTION

A PORTION OF BLOCK 6, SHORE ACRES RIVERSIDE ADDITION AS RECORDED IN MAP BOOK 11, PAGE 34 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA, AND A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

AS A POINT OF REFERENCE COMMENCE AT THE INTERSECTION OF THE EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE (A 100 FOOT RIGHT-OF-WAY) WITH THE NORTHERLY RIGHT-OF-WAY LINE OF SECOND STREET (A 100 FOOT RIGHT-OF-WAY) RUN THENCE NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE FOR A DISTANCE OF 42.08 FEET FOR THE POINT OF BEGINNING; THENCE CONTINUE NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE FOR A DISTANCE OF 718.75 FEET; THENCE NORTH 68 DEGREES 37 MINUTES 47 SECONDS EAST DEPARTING SAID EASTERLY RIGHT-OF-WAY LINE FOR A DISTANCE OF 358.61 FEET; THENCE SOUTH 21 DEGREES 23 MINUTES 41 SECONDS EAST, A DISTANCE OF 223.30 FEET; THENCE NORTH 68 DEGREES 35 MINUTES 47 SECONDS EAST, A DISTANCE OF 300.10 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 14 SECONDS EAST, A DISTANCE OF 436.56 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 345.13 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 01 SECONDS EAST FOR A DISTANCE OF 18.03 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 314.84 FEET TO POINT OF BEGINNING.

### ALSO DESCRIBED AS

MARINA GRANDE ON THE HALIFAX I, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, RECORDED IN OFFICIAL RECORDS BOOK 6136, PAGE 4670, OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA, AND ANY AMENDMENTS THERETO (COLLECTIVELY THE "DECLARATION"). TOGETHER WITH ALL OF ITS APPURTENANCES ACCORDING TO THE DECLARATION.

Exhibit A

# EXHIBIT F



**HSH NORDBANK**

New York Branch

April 3, 2008

**VIA EMAIL, FACSIMILE AND FEDERAL EXPRESS**

Holly Hill Associates, Ltd.
c/o Boca Developers
321 East Hillsboro Boulevard
Deerfield Beach, Florida 33441
Attention: Theodore Stotzer, Esq.

Re: Loan from HSH Nordbank AG New York Branch ("Administrative Agent")
and certain other Lenders ("Lenders") to Holly Hill I Associates, Ltd.
("Borrower") with respect to the construction of Marina Grande on the
Halifax (the "Loan")

Gentlemen:

 Reference is made to (i) that certain Loan Agreement dated as of December 15, 2005, among Borrower, Administrative Agent and the other Lenders, as amended by that certain First Amendment to Loan Agreement and Certain other Loan Documents dated as of March 7, 2006, that certain Second Amendment to Loan Agreement and Certain other Loan Documents dated as of May 18, 2006, and that certain Third Amendment to Loan Agreement and Certain other Loan Documents dated as of July 6, 2006 (collectively, the "Loan Agreement"), and (ii) our letters to you dated March 10, 2008, March 14, 2008 and March 19, 2008 regarding, among other things, the existence of certain Events of Default resulting from the filing of various Liens against the Project ("Existing Liens"). Capitalized terms used but not defined herein have the respective meanings given to them in the Loan Agreement.

 **YOU ARE HEREBY GIVEN NOTICE OF THE FOLLOWING:**

 (a) Interest on the Loan in the amount of **$626,913.32, together with an Administration Fee in the amount of $2,500 and a Late Payment Fee in the amount of $31,470.67,** all of which were due on April 1, 2008, have not been paid (the "April Payment Default").

 (b) The April Payment Default constitutes an Event of Default.

 (c) To our knowledge, many of the Existing Liens have not been discharged of record.

 (d) Neither Borrower nor Guarantors have given us any notice (or other indication) that they intend to cure any of the existing Events of Default.

YOU ARE HEREBY FURTHER GIVEN NOTICE THAT, BECAUSE OF THESE UNCURED EVENTS OF DEFAULT, ADMINISTRATIVE AGENT AND LENDERS HAVE ELECTED TO ACCELERATE THE LOAN EFFECTIVE AS OF [TODAY], APRIL 3, 2008 (THE "ACCELERATION DATE"). ACCORDINGLY, AS OF ACCELERATION DATE, THE ENTIRE OUTSTANDING PRINCIPAL AMOUNT OF THE LOAN OF $132,684,433.69, PLUS ALL ACCRUED INTEREST AND FEES THEREON (WHICH TOTALS $660,883.99 AS OF THE ACCELERATION DATE), AND ALL OTHER AMOUNTS DUE AND OWING TO ADMINISTRATIVE AGENT AND/OR LENDERS UNDER THE LOAN DOCUMENTS (INCLUDING, WITHOUT LIMITATION, ATTORNEYS' FEES AND DISBURSEMENTS), HAVE BECOME IMMEDIATELY DUE AND PAYABLE. IN ADDITION, AS YOU HAVE PREVIOUSLY BEEN ADVISED, INTEREST ON THE LOAN IS ACCRUING AT THE DEFAULT RATE AND WILL CONTINUE TO DO SO ON THE ENTIRE OUTSTANDING PRINCIPAL AMOUNT OF THE LOAN UNTIL THE LOAN IS FULLY REPAID.

Nothing herein is intended (or shall be deemed) to constitute a waiver of any rights and/or remedies Administrative Agent and/or Lenders may have under the Loan Agreement and/or any other Loan Documents or otherwise available to them at law or in equity, or a waiver of any known or unknown Default or Event of Default which may exist on the date hereof. Administrative Agent and Lenders reserve any and all rights and remedies available to them under the Loan Agreement and/or the other Loan Documents, or otherwise available to Administrative Agent and/or Lenders at law or in equity, all of which shall remain in full force and effect.

You are further advised that no oral communication from or on behalf of Administrative Agent and/or Lenders (or its or their advisors) shall constitute an agreement, commitment or evidence of any assurance or intention by them with respect to any aspect of the Loan. Any agreement, commitment, assurance or intention of Administrative Agent and/or Lenders with respect to any aspect of the Loan shall be effective only if set forth in writing duly executed by Administrative Agent.

Very truly yours,

HSH NORDBANK AG NEW YORK BRANCH

By: _____

Name:  Michael Carter
Title: Senior Vice President
HSH Nordbank AG, New York Branch

By: _____

Name:  Heidrun Meyer
Title: Senior Vice President

cc:

| | |
|---|---|
| Bilzin Sumberg Baena Price & Axelrod LLP<br>Wachovia Financial Center<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131<br>Attention: James Shindell, Esq. | Mr. James Cohen<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. |
| Mr. Michael Swerdlow<br>c/o Swerdlow Group<br>3390 Mary Street Suite 200<br>Coconut Grove, Florida 33133 | Mr. Brian Street<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. |
| Bank of Scotland, Miami<br>1221 Brickell Avenue, Suite 1210<br>Miami, Florida  33131<br>Attention:  Richard Grani<br>      richardgrani@bankofscotlandusa.com | Natixis<br>1251 Avenue of the Americas, 34th Fl.<br>New York, NY 10020<br>Attention:  Marie-Edith Dugeny<br>      marie-edith.dugeny@natixis.us |
| Deutsche Hypothekenbank (Actien-Gesellschaft)<br>Georgesplatz 8<br>30159 Hannover – Germany<br>Attention:     Mr. Thomas Staats<br>      Thomas.Staats@Deutche-Hypo.de | KBC Bank, NV<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attention:  Mr. Nicholas PhilippIdes<br>      Nicholas.PhilippIdes@KBC.be |
| LRP Landesbank Rheinland-Pfalz<br>c/o Landesbank Baden Wuerttemberg<br>280 Park Avenue, 31st Floor, West Building<br>New York, New York  10017<br>Attention:  Mr. Thomas Broschek<br>      Thomas.Broschek@lbbwus.com | |
| Madeleine L.L.C.<br>299 Park Avenue, 23rd Floor<br>New York, New York  10171<br>Attention:  Mr. Tom Arnold | Jill D. Block, Esq.<br>Orrick, Herrington & Sutcliffe LLP<br>666 Fifth Avenue<br>New York, NY  10103-0001 |
| Mark R. Lehrer, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 | Tina R. Patel, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 |
| Mr. Gregory Allen<br>HSH Nordbank AG, New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | Jon Karnofsky, Esq.<br>HSH Nordbank AG, New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 |

# EXHIBIT G
# (1 of 2)



# HSH NORDBANK

April 4, 2008

New York Branch

**VIA EMAIL, FACSIMILE AND FEDERAL EXPRESS**

Mr. James Cohen
c/o Boca Developers
321 Hillsboro Boulevard
Deerfield Beach, Florida 33441
Attention: Theodore Stotzer, Esq.

Mr. Michael Swerdlow
c/o Swerdlow Group
3390 Mary Street Suite 200
Coconut Grove, Florida 33133

Mr. Brian Street
c/o Boca Developers
321 Hillsboro Boulevard
Deerfield Beach, Florida 33441
Attention: Theodore Stotzer, Esq.

Re: Principal Guaranty dated July 6, 2006, by Michael Swerdlow, James Cohen and Brian Street (the "Guaranty") in connection with a Loan from HSH Nordbank AG New York Branch ("Administrative Agent") and certain other Lenders ("Lenders") to Holly Hill I Associates, Ltd. ("Borrower") with respect to the construction of Marina Grande on the Halifax (the "Loan")

Gentlemen:

Reference is made to the captioned Guaranty. Capitalized terms used but not defined herein shall have the respective meanings given to them in the Guaranty.

**YOU ARE HEREBY GIVEN NOTICE OF THE FOLLOWING:**

1.       Certain Events of Default exist and have not been cured by Borrower (see letters attached hereto as Exhibit A).

2.       As a result of those Events of Default, Administrative Agent and Lenders elected to accelerate the Loan effective as of April 3, 2008 (the "Acceleration Date") (see letter attached hereto as Exhibit B).

3.       As of the Acceleration Date, the entire outstanding principal amount of the Loan of $132,684,433.69, plus all accrued interest thereon (which totaled $660,883.99 as of the Acceleration Date), and all other amounts due and owing to Administrative Agent and/or Lenders under the Loan Documents (including, without limitation, attorneys' fees and disbursements), became immediately due and payable.

4.     Under <u>Section 1</u> of the Guaranty, each of you is jointly and severally liable for payment of the outstanding principal balance of the Loan in the amount of $40,000,000.00.

**DEMAND IS HEREBY MADE UNDER THE GUARANTY FOR THE IMMEDIATE PAYMENT OF $40,000,000.00, WHICH PAYMENT SHOULD BE PAID DIRECTLY TO ADMINISTRATIVE AGENT IN ACCORDANCE WITH THE WIRING INSTRUCTIONS ATTACHED HERETO AS <u>EXHIBIT C</u>.**

Nothing herein is intended (or shall be deemed) to constitute a waiver of any rights and/or remedies Administrative Agent and/or Lenders may have under the Guaranty and/or any other Loan Documents or otherwise available to them at law or in equity, or a waiver of any other known or unknown Default or Event of Default which may exist on the date hereof. Administrative Agent and Lenders reserve any and all rights and remedies available to them under the Guaranty and/or the other Loan Documents or otherwise available to them at law or in equity, all of which shall remain in full force and effect.

You are further advised that no oral communication from or on behalf of Administrative Agent and/or Lenders (or its or their advisors) shall constitute an agreement, commitment or evidence of any assurance or intention by them with respect to any aspect of the Loan or the Guaranty. Any agreement, commitment, assurance or intention of Administrative Agent and/or Lenders with respect to any aspect of the Loan or the Guaranty shall be effective only if set forth in a writing duly executed by Administrative Agent.

Very truly yours,

HSH NORDBANK AG NEW YORK BRANCH

By:

Name:    Michael Carter
Title:    Senior Vice President
          HSH Nordbank AG, New York Branch

By:

Name:    Gregory E. Allen
Title:    Senior Vice President
          HSH Nordbank

cc:

| | |
|---|---|
| Bilzin Sumberg Baena Price & Axelrod LLP<br>Wachovia Financial Center<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131<br>Attention: James Shindell, Esq. | |
| Bank of Scotland, Miami<br>1221 Brickell Avenue, Suite 1210<br>Miami, Florida 33131<br>Attention: Richard Grani<br>richardgrani@bankofscotlandusa.com | Natixis<br>1251 Avenue of the Americas, 34th Fl.<br>New York, NY 10020<br>Attention: Marie-Edith Dugeny<br>marie-edith.dugeny@natixis.us |

| | |
|---|---|
| Deutsche Hypothekenbank (Actien-Gesellschaft)<br>Georgesplatz 8<br>30159 Hannover – Germany<br>Attention:    Mr. Thomas Staats<br>           Thomas.Staats@Deutche-Hypo.de | KBC Bank, NV<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attention: Mr. Nicholas Philippedes<br>           Nicholas.Philippedes@KBC.be |
| LRP Landesbank Rheinland-Pfalz<br>c/o Landesbank Baden Wuerttemberg<br>280 Park Avenue, 31st Floor, West Building<br>New York, New York 10017<br>Attention: Mr. Thomas Broschek<br>           Thomas.Broschek@lbbwus.com | |
| Madeleine L.L.C.<br>299 Park Avenue, 23rd Floor<br>New York, New York 10171<br>Attention: Mr. Tom Arnold | Jill D. Block, Esq.<br>Orrick, Herrington & Sutcliffe LLP<br>666 Fifth Avenue<br>New York, NY 10103-0001 |
| Mark R. Lehrer, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 | |
| Mr. Gregory Allen<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | Jon Karnofsky, Esq.<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 |

**Exhibit A**



HSH NORDBANK

New York Branch

April 3, 2008

**VIA EMAIL, FACSIMILE AND FEDERAL EXPRESS**

Holly Hill Associates, Ltd.
c/o Boca Developers
321 East Hillsboro Boulevard
Deerfield Beach, Florida 33441
Attention: Theodore Stotzer, Esq.

Re:    Loan from HSH Nordbank AG New York Branch ("Administrative Agent")
and certain other Lenders ("Lenders") to Holly Hill I Associates, Ltd.
("Borrower") with respect to the construction of Marina Grande on the
Halifax (the "Loan")

Gentlemen:

Reference is made to (i) that certain Loan Agreement dated as of December 15, 2005, among Borrower, Administrative Agent and the other Lenders, as amended by that certain First Amendment to Loan Agreement and Certain other Loan Documents dated as of March 7, 2006, that certain Second Amendment to Loan Agreement and Certain other Loan Documents dated as of May 18, 2006, and that certain Third Amendment to Loan Agreement and Certain other Loan Documents dated as of July 6, 2006 (collectively, the "Loan Agreement"), and (ii) our letters to you dated March 10, 2008, March 14, 2008 and March 19, 2008 regarding, among other things, the existence of certain Events of Default resulting from the filing of various Liens against the Project ("Existing Liens"). Capitalized terms used but not defined herein have the respective meanings given to them in the Loan Agreement.

**YOU ARE HEREBY GIVEN NOTICE OF THE FOLLOWING:**

(a)    **Interest on the Loan in the amount of $626,913.32, together with an Administration Fee in the amount of $2,500 and a Late Payment Fee in the amount of $31,470.67,** all of which were due on April 1, 2008, have not been paid (the "April Payment Default").

(b)    The April Payment Default constitutes an Event of Default.

(c)    To our knowledge, many of the Existing Liens have not been discharged of record.

(d)    Neither Borrower nor Guarantors have given us any notice (or other indication) that they intend to cure any of the existing Events of Default.

YOU ARE HEREBY FURTHER GIVEN NOTICE THAT, BECAUSE OF THESE UNCURED EVENTS OF DEFAULT, ADMINISTRATIVE AGENT AND LENDERS HAVE ELECTED TO ACCELERATE THE LOAN EFFECTIVE AS OF [TODAY], APRIL 3, 2008 (THE "ACCELERATION DATE").    ACCORDINGLY, AS OF ACCELERATION DATE, THE ENTIRE OUTSTANDING PRINCIPAL AMOUNT OF THE LOAN OF $132,684,433.69, PLUS ALL ACCRUED INTEREST AND FEES THEREON (WHICH TOTALS $660,883.99 AS OF THE ACCELERATION DATE), AND ALL OTHER AMOUNTS DUE AND OWING TO ADMINISTRATIVE AGENT AND/OR LENDERS UNDER THE LOAN DOCUMENTS (INCLUDING, WITHOUT LIMITATION, ATTORNEYS' FEES AND DISBURSEMENTS), HAVE BECOME IMMEDIATELY DUE AND PAYABLE. IN ADDITION, AS YOU HAVE PREVIOUSLY BEEN ADVISED, INTEREST ON THE LOAN IS ACCRUING AT THE DEFAULT RATE AND WILL CONTINUE TO DO SO ON THE ENTIRE OUTSTANDING PRINCIPAL AMOUNT OF THE LOAN UNTIL THE LOAN IS FULLY REPAID.

Nothing herein is intended (or shall be deemed) to constitute a waiver of any rights and/or remedies Administrative Agent and/or Lenders may have under the Loan Agreement and/or any other Loan Documents or otherwise available to them at law or in equity, or a waiver of any known or unknown Default or Event of Default which may exist on the date hereof. Administrative Agent and Lenders reserve any and all rights and remedies available to them under the Loan Agreement and/or the other Loan Documents, or otherwise available to Administrative Agent and/or Lenders at law or in equity, all of which shall remain in full force and effect.

You are further advised that no oral communication from or on behalf of Administrative Agent and/or Lenders (or its or their advisors) shall constitute an agreement, commitment or evidence of any assurance or intention by them with respect to any aspect of the Loan. Any agreement, commitment, assurance or intention of Administrative Agent and/or Lenders with respect to any aspect of the Loan shall be effective only if set forth in writing duly executed by Administrative Agent.

Very truly yours,

HSH NORDBANK AG NEW YORK BRANCH

By: _____

Name:  Michael Carter
Title: Senior Vice President
HSH Nordbank AG, New York Branch

By: _____

Name:
Title: Senior Vice President

-2-

cc:

| | |
|---|---|
| Bilzin Sumberg Baena Price & Axelrod LLP<br>Wachovia Financial Center<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131<br>Attention: James Shindell, Esq. | Mr. James Cohen<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. |
| Mr. Michael Swerdlow<br>c/o Swerdlow Group<br>3390 Mary Street Suite 200<br>Coconut Grove, Florida 33133 | Mr. Brian Street<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. |
| Bank of Scotland, Miami<br>1221 Brickell Avenue, Suite 1210<br>Miami, Florida 33131<br>Attention: Richard Grani<br>    richardgrani@bankofscotlandusa.com | Natixis<br>1251 Avenue of the Americas, 34th Fl.<br>New York, NY 10020<br>Attention: Marie-Edith Dugeny<br>    marie-edith.dugeny@natixis.us |
| Deutsche Hypothekenbank (Actien-Gesellschaft)<br>Georgesplatz 8<br>30159 Hannover – Germany<br>Attention:    Mr. Thomas Staats<br>    Thomas.Staats@Deutsche-Hypo.de | KBC Bank, NV<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attention: Mr. Nicholas PhilippIdes<br>    Nicholas.PhilippIdes@KBC.be |
| LRP Landesbank Rheinland-Pfalz<br>c/o Landesbank Baden Wuerttemberg<br>280 Park Avenue, 31st Floor, West Building<br>New York, New York 10017<br>Attention: Mr. Thomas Broschek<br>    Thomas.Broschek@lbbwus.com | |
| Madeleine L.L.C.<br>299 Park Avenue, 23rd Floor<br>New York, New York 10171<br>Attention: Mr. Tom Arnold | Jill D. Block, Esq.<br>Orrick, Herrington & Sutcliffe LLP<br>666 Fifth Avenue<br>New York, NY 10103-0001 |
| Mark R. Lehrer, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 | Tina R. Patel, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 |
| Mr. Gregory Allen<br>HSH Nordbank AG, New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | Jon Karnofsky, Esq.<br>HSH Nordbank AG, New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 |

**Exhibit B**



HSH NORDBANK

New York Branch

March 10, 2008

<u>**VIA FACSIMILE AND FEDERAL EXPRESS**</u>

Holly Hill I Associates, Ltd.
c/o Boca Developers
321 East Hillsboro Boulevard
Deerfield Beach, Florida 33441
Attention: Theodore Stotzer, Esq.

Re:    Loan from HSH Nordbank AG New York Branch ("<u>Administrative Agent</u>") and certain
other Lenders ("<u>Lenders</u>") to Holly Hill I Associates, Ltd. ("<u>Borrower</u>") with respect to
the construction of Marina Grande on the Halifax (the "<u>Loan</u>")

Gentlemen:

    Reference is made to that certain Loan Agreement dated as of December 15, 2005,
among Borrower, Administrative Agent and the other Lenders, as amended by that certain First
Amendment to Loan Agreement and Certain other Loan Documents dated as of March 7, 2006,
that certain Second Amendment to Loan Agreement and Certain other Loan Documents dated as
of May 18, 2006, and that certain Third Amendment to Loan Agreement and Certain other Loan
Documents dated as of July 6, 2006 (collectively, the "<u>Loan Agreement</u>").  Capitalized terms
used but not defined herein shall have the respective meanings given to such terms in the Loan
Agreement.

    **YOU ARE HEREBY GIVEN NOTICE OF THE FOLLOWING:**

    (i)    We have been informed that Better Barricades, Inc. filed a Lien against the
Project on January 24, 2008; M.A. Bruder & Sons, Incorporated filed a Lien against the Project
on January 28, 2008; CWB Contractors, Inc. filed a Lien against the Project on February 7, 2008
and Metromont Corporation filed a Lien against the Project on or about March 4, 2008 (see
documents attached hereto as <u>Exhibit A</u>).  The existence of each of these Liens constitutes an
Event of Default (with the exception of the Metromont Lien, which constitutes a Default and
will, if not discharged within fifteen (15) days after the filing thereof, constitute an Event of
Default).  To our knowledge, none of these Liens have been satisfied or discharged of record.  As

such, the existence of these Liens continues to constitute an Event of Default (and, in the case of the Metromont Lien, a Default) which are required to be cured immediately by Borrower and the Guarantors.

(ii)     As expressly permitted under Section 2.4(d) of the Loan Agreement, Administrative Agent intends to apply all payments received by Administrative Agent under the Loan Documents or otherwise on account of the Loan ("Payments") in such order of priority as Administrative Agent shall determine in its sole and absolute discretion.

(iii)     It is Administrative Agent's current intention (which Administrative Agent may change at any time in its sole and absolute discretion) to apply Payments first to reduce the principal amount of the Loan before applying Payments to any other amounts due and owing to Lenders under the Loan Documents.

Nothing herein is intended (or shall be deemed) to constitute a waiver of any rights and/or remedies Administrative Agent and/or Lenders may have under the Loan Agreement and/or any other Loan Documents or otherwise available to them at law or in equity, or a waiver of any known or unknown Default or Event of Default which may exist on the date hereof. Administrative Agent and Lenders reserve any and all rights and remedies available to them under the Loan Agreement and/or the other Loan Documents, or otherwise available to Administrative Agent and/or Lenders at law or in equity, all of which shall remain in full force and effect.

You are further advised that no oral communication from or on behalf of Administrative Agent and/or Lenders (or its or their advisors) shall constitute an agreement, commitment or evidence of any assurance or intention by them with respect to any aspect of the Loan. Any agreement, commitment, assurance or intention of Administrative Agent and/or Lenders with respect to any aspect of the Loan shall be effective only if set forth in writing duly executed by Administrative Agent.

Very truly yours,

HSH NORDBANK AG NEW YORK BRANCH, as Agent for Lenders

By: _____
Name:   Michael Carter
Title:   Senior Vice President
         HSH Nordbank AG, New York Branch

By: _____
Name:   Jeffrey Genuino
Title:   Vice President
         HSH Nordbank AG, New York B

cc:

- 2 -

| | |
|---|---|
| Bilzin Sumberg Baena Price & Axelrod LLP<br>Wachovia Financial Center<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131<br>Attention: James Shindell, Esq. | |
| Mr. Michael Swerdlow<br>c/o Swerdlow Group<br>3390 Mary Street Suite 200<br>Coconut Grove, Florida 33133 | Mr. Brian Street<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. |
| Mr. James Cohen<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. | |
| Bank of Scotland, Miami<br>1221 Brickell Avenue, Suite 1210<br>Miami, Florida  33131<br>Attention:  Richard Grani<br>          Senior Vice President<br>          richardgrani@bankofscotlandusa.com | Natixis<br>1251 Avenue of the Americas, 34th Fl.<br>New York, NY  10020<br>Attention:  Marie-Edith Dugeny<br>          Managing Director<br>          marie-edith.dugeny@natixis.us |
| Deutsche Hypothekenbank (Actien-Gesellschaft)<br>Georgsplatz 8<br>30159 Hannover – Germany<br>Attention:     Mr. Thomas Staats<br>          Authorized Officer<br>          Thomas.Staats@Deutche-Hypo.de | KBC Bank, NV<br>1177 Avenue of the Americas<br>New York, NY  10036<br>Attention:  Mr. Nicholas Philippedes<br>          Vice President<br>          Nicholas.Philippedes@KBC.be |
| LRP Landesbank Rheinland-Pfalz<br>c/o Landesbank Baden Wuerttemberg<br>280 Park Avenue, 31st Floor, West Building<br>New York, New York  10017<br>Attention:  Mr. Thomas Broschek<br>          Senior Vice President<br>          Thomas.Broschek@lbbwus.com | |
| Madeleine L.L.C.<br>299 Park Avenue, 23rd Floor<br>New York, New York  10171<br>Attention:  Mr. Tom Arnold | Jill D. Block, Esq.<br>Orrick, Herrington & Sutcliffe LLP<br>666 Fifth Avenue<br>New York, NY  10103-0001 |

| | |
|---|---|
| Mark R. Lehrer, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 | Tina R. Patel, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 |
| Ms. Shelly Kellner<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | Ms. Heidrun Meyer<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 |
| Mr. Michael Carter<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | Jon Karnofsky, Esq.<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 |
| Mr. Gregory Allen<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | |

- 4 -

**EXHIBIT A**

(Notices of Lien)

Branch :SFS,User :SF13     Order: 52263957LA  Title Officer: MVP  Comment:        Station Id :FXSH



01/24/2008 02:31 PM
Instrument# 2008-015252 # 1
Book: 6184
Page: 200



*This instrument prepared by
and return after recording to:
Better Barricades, Inc.
1725 Tionia Road
New Smyrna Beach, Fl. 32168

### WARNING!

THIS LEGAL DOCUMENT REFLECTS THAT A CONSTRUCTION LIEN HAS BEEN PLACED ON THE REAL PROPERTY LISTED HEREIN. UNLESS THE OWNER OF SUCH PROPERTY TAKES ACTION TO SHORTEN THE TIME PERIOD, THIS LIEN MAY REMAIN VALID FOR ONE YEAR FROM THE DATE OF RECORDING, AND SHALL EXPIRE AND BECOME NULL AND VOID THEREATER UNLESS LEGAL PROCEEDINGS HAVE BEEN COMMENCED TO FORECLOSE OR TO DISCHARGE THIS LIEN.

### CLAIM OF LIEN

STATE OF FLORIDA
COUNTY OF VOLUSIA

Before me, the undersigned Notary Public, personally appeared Abbie D. Naff who was duly sworn and says that she is the President and authorized agent for the Lienor, Better Barricades, Inc. (the "Lienor") whose address is 1725 Tionia Road , New Smyrna Beach, FL. 32168, and that in accordance with a contract with Diversified Resources, LLC. (Ironworx) Lienor furnished labor, services, or materials consisting of striping, car stops and signing and related amenities on the following described real property in Volusia County, Florida, to wit:

Marina Grande
See Exhibit "A" attached hereto.

owned by Holly Hill I Associates, Ltd c/o Swerdlo/Boca Developers Group, LLC, 321 East Hillsboro Blvd., Deerfield Beach, Fl. 33441 for a total value of $58,728.50 of which there remains unpaid $58,728.50, together with interest, costs and Lienor's attorneys' fees, and Lienor furnished the first of the same on June 18, 2007 and the last of the same on November 26, 2007. The Lienor served it's Notice to Owner on the Owner on July 16, 2007 by Certified Mail and that the Lienor served a copy of the notice on the Contractor, W. G. Yates & Sons Construction Company on July 16, 2007.

BETTER BARRICADES, INC.

By: _____

Abbie D. Naff
Its President and
Authorized Agent

STATE OF FLORIDA
COUNTY OF VOLUSIA

The foregoing instrument was acknowledged before me on January 22, 2008 by Abbie D Naff, the President and Authorized Agent of BETTER BARRICADES, INC., a Florida corporation, on behalf of the corporation. She is personally known to me.

_____
Notary Public, State of Florida at Large

LESLEY & SHEPPARD
Notary Public - State of Florida
My Commission Expires Jul 1, 2011
Commission # DD 601604
Bonded Through National Notary Assn.

Branch :SFS,User :SF13          Order: 52263957LA  Title Officer: MVP  Comment:          Station Id :FXSH

Exhibit "A"

Instrument# 2008-015252 # 2
Book: 6184
Page: 201
Diane M. Matousek
Volusia County, Clerk of Court

## PHASE I DESCRIPTION

A PORTION OF BLOCK 6, SHORE ACRES RIVERSIDE ADDITION AS RECORDED IN MAP BOOK 11, PAGE 34 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA, AND A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

AS A POINT OF REFERENCE COMMENCE AT THE INTERSECTION OF THE EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE (A 100 FOOT RIGHT-OF-WAY) WITH THE NORTHERLY RIGHT-OF-WAY LINE OF SECOND STREET (A 100 FOOT RIGHT-OF-WAY) RUN THENCE NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE FOR A DISTANCE OF 42.08 FEET FOR THE POINT OF BEGINNING; THENCE CONTINUE NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE FOR A DISTANCE OF 716.75 FEET; THENCE NORTH 68 DEGREES 37 MINUTES 47 SECONDS EAST DEPARTING SAID EASTERLY RIGHT-OF-WAY LINE FOR A DISTANCE OF 353.81 FEET; THENCE SOUTH 21 DEGREES 23 MINUTES 41 SECONDS EAST, A DISTANCE OF 223.30 FEET; THENCE NORTH 68 DEGREES 35 MINUTES 47 SECONDS EAST, A DISTANCE OF 300.10 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 14 SECONDS EAST, A DISTANCE OF 486.56 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 345.13 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 01 SECONDS EAST FOR A DISTANCE OF 16.03 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 314.84 FEET TO POINT OF BEGINNING.

## LIFT STATION PARCEL

A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

AS A POINT OF REFERENCE COMMENCE AT THE INTERSECTION OF THE EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE (A 100 FOOT RIGHT-OF-WAY) WITH THE NORTHERLY RIGHT-OF-WAY LINE OF SECOND STREET (A 100 FOOT RIGHT-OF-WAY) RUN NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE, A DISTANCE OF 42.08 FEET; THENCE NORTH 65 DEGREES 03 MINUTES 55 SECONDS EAST FOR A DISTANCE OF 96.48 FEET TO THE POINT OF BEGINNING; THENCE NORTH 21 DEGREES 22 MINUTES 43 SECONDS WEST FOR A DISTANCE OF 34.65 FEET; THENCE NORTH 68 DEGREES 37 MINUTES 17 SECONDS EAST FOR A DISTANCE OF 34.00 FEET; THENCE SOUTH 21 DEGREES 22 MINUTES 43 SECONDS EAST FOR A DISTANCE OF 32.54 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 34.07 FEET TO THE POINT OF BEGINNING.

17803409A-1

01/28/2008 12:43 PM
Instrument# 2008-017291 # 1
Book: 6185
Page: 600

This Instrument Prepared by:
ALLEN M. LEVINE, ESQ.
BECKER & POLIAKOFF, P.A.
Post Office Box 9057
Fort Lauderdale, FL 33310-9057
(954) 985-4141

THIS CLAIM OF LIEN IS A COMMUNICATION FROM A DEBT COLLECTOR, WHO HAS BEEN HIRED TO AND IS ATTEMPTING TO COLLECT A DEBT FOR MATERIALS SUPPLIED, IN THE AMOUNT OF $167,651.35, PLUS UNPAID FINANCE CHARGES AT THE RATE OF 18% PER ANNUM, COSTS AND ATTORNEY'S FEES, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID. IF YOU NOTIFY ALLEN M. LEVINE, ESQ., OF BECKER & POLIAKOFF, P.A., IN WRITING WITHIN THE 30-DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, HE WILL OBTAIN VERIFICATION OF THE DEBT AND A COPY OF SUCH VERIFICATION WILL BE MAILED TO YOU. UPON YOUR WRITTEN REQUEST WITHIN THE 30-DAY PERIOD, ALLEN M. LEVINE, ESQ., OF BECKER & POLIAKOFF, P.A., WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

<u>WARNING!</u>
<u>THIS LEGAL DOCUMENT REFLECTS THAT A CONSTRUCTION LIEN HAS BEEN PLACED ON THE REAL PROPERTY LISTED HEREIN. UNLESS THE OWNER OF SUCH PROPERTY TAKES ACTION TO SHORTEN THE TIME PERIOD, THIS LIEN MAY REMAIN VALID FOR ONE YEAR FROM THE DATE OF RECORDING, AND SHALL EXPIRE AND BECOME NULL AND VOID THEREAFTER UNLESS LEGAL PROCEEDINGS HAVE BEEN COMMENCED TO FORECLOSE OR TO DISCHARGE THIS LIEN.</u>

<u>CLAIM OF LIEN</u>

STATE OF FLORIDA
                              SS:
COUNTY OF BROWARD

BEFORE ME, the undersigned notary public, personally appeared ALLEN M. LEVINE, who was duly sworn and says that he is the agent of the lienor herein, M. A. BRUDER & SONS, INCORPORATED, whose address is 2699 Lee Road, Suite 200, Winter Park, FL 32789, and that in accordance with a contract with TANGO IMPORTS, INC., lienor furnished labor, services, or materials consisting of paint and related painting materials for improvements on the following described real property in Volusia County, Florida:

Legal Description:    See attached Exhibit "A" (consisting of one page) and all units in the Marina Grande on the Halifax I, A Condominium, according to the Declaration thereof, which can be found in O.R. Book 6136, Page 4670, of the Public Records of Volusia County, Florida.

Instrument# 2008-017291 # 2
Book: 6185
Page: 607

owned by HOLLY HILL ASSOCIATES, LTD., a Florida limited partnership, whose general partner is BOCA HOLLY HILL GP, INC., a Florida corporation, and/or THE MARINA GRANDE ON THE HALIFAX I CONDOMINIUM ASSOCIATION, INC., a Florida non-profit corporation, and/or all unit owners in Marina Grande on the Halifax I, A Condominium, of a total value of $167,651.35, of which there remains unpaid $167,651.35, plus unpaid finance charges at the rate of 18% per annum, costs and attorney's fees, and furnished the first of the items on or about December 21, 2006, and the last of the items on or about November 30, 2007; and that the lienor served its notice to owner on or about December 21, 2006 by registered or certified mail.

M. A. BRUDER & SONS, INCORPORATED
BY: Its Attorneys
Becker & Poliakoff, P.A.

By _____
ALLEN M. LEVINE

SWORN TO AND SUBSCRIBED before me this 25 day of January, 2008, by ALLEN M. LEVINE, who is personally known to me.

My Commission Expires: _____
NOTARY PUBLIC, STATE OF FLORIDA

_____
Printed Name of Notary Public

(JOB 10)
FTL_DB: 1095565_1

LINDA KASTNER
MY COMMISSION # DD 380461
EXPIRES: January 25, 2009
Bonded Thru Budget Notary Services

Instrument# 2008-017291 #.3
Book: 6185
Page: 602
Diane M. Matousek
Volusia County, Clerk of Court

**EXHIBIT "A"**

PHASE I DESCRIPTION

A PORTION OF BLOCK 6, SHORE ACRES RIVERSIDE ADDITION AS RECORDED IN MAP BOOK 11, PAGE 34 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA, AND A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

AS A POINT OF REFERENCE COMMENCE AT THE INTERSECTION OF THE EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE (A 100 FOOT RIGHT-OF-WAY) WITH THE NORTHERLY RIGHT-OF-WAY LINE OF SECOND STREET (A 100 FOOT RIGHT-OF-WAY) RUN THENCE NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE FOR A DISTANCE OF 42.08 FEET FOR THE POINT OF BEGINNING; THENCE CONTINUE NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE FOR A DISTANCE OF 718.75 FEET; THENCE NORTH 68 DEGREES 37 MINUTES 47 SECONDS EAST DEPARTING SAID EASTERLY RIGHT-OF-WAY LINE FOR A DISTANCE OF 359.01 FEET; THENCE SOUTH 21 DEGREES 23 MINUTES 41 SECONDS EAST, A DISTANCE OF 223.30 FEET; THENCE NORTH 68 DEGREES 35 MINUTES 47 SECONDS EAST, A DISTANCE OF 300.10 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 14 SECONDS EAST, A DISTANCE OF 435.56 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 345.13 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 01 SECONDS EAST FOR A DISTANCE OF 18.03 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 314.84 FEET TO POINT OF BEGINNING.

LIFT STATION PARCEL

A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

AS A POINT OF REFERENCE COMMENCE AT THE INTERSECTION OF THE EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE (A 100 FOOT RIGHT-OF-WAY) WITH THE NORTHERLY RIGHT-OF-WAY LINE OF SECOND STREET (A 100 FOOT RIGHT-OF-WAY) RUN NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE, A DISTANCE OF 42.08 FEET; THENCE NORTH 65 DEGREES 03 MINUTES 55 SECONDS EAST FOR A DISTANCE OF 96.48 FEET TO THE POINT OF BEGINNING; THENCE NORTH 21 DEGREES 22 MINUTES 43 SECONDS WEST FOR A DISTANCE OF 34.65 FEET; THENCE NORTH 68 DEGREES 37 MINUTES 17 SECONDS EAST FOR A DISTANCE OF 34.00 FEET; THENCE SOUTH 21 DEGREES 22 MINUTES 43 SECONDS EAST FOR A DISTANCE OF 32.54 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 34.07 FEET, TO THE POINT OF BEGINNING.

Full Parcel ID No. 37-15-33-34-06-001

RETURN TO: CWB Contractors, Inc. ←
2445 County Rd 2006
Bunnell, FL 32110
386-672-0133

02/07/2008 02:49 PM
Instrument# 2008-026133 # 1
Book: 6190
Page: 583

PREPARED BY: *Christine Trudel*
2445 County Rd 2006 Bunnell, FL 32110 (person filling out this document)

### WARNING!

**THIS LEGAL DOCUMENT REFLECTS THAT A CONSTRUCTION LIEN HAS BEEN PLACED ON THE REAL PROPERTY LISTED HEREIN. UNLESS THE OWNER OF SUCH PROPERTY TAKES ACTION TO SHORTEN THE TIME PERIOD, THIS LIEN MAY REMAIN VALID FOR ONE YEAR FROM THE DATE OF RECORDING, AND SHALL EXPIRE AND BECOME NULL AND VOID THEREAFTER UNLESS LEGAL PROCEEDINGS HAVE BEEN COMMENCED TO FORCLOSE OR TO DISCHARGE THIS LIEN.**

STATE OF FLORIDA
COUNTY OF VOLUSIA

### CLAIM OF LIEN

BEFORE ME, the undersigned Notary Public, personally appeared *Clinton Baylor* says that he/she is the agent of the lienor herein, CWB CONTRACTORS, INC. 2445 County Rd 2006 Bunnell, FL 32110, Phone 386-672-0133, and that pursuant to a contract with W. G. YATES & SONS CONSTRUCTION (ATLANTA), 1200 Abernathy Rd. NE. Ste 300, Atlanta, GA 330328, lienor did furnish labor, equipment and materials for site work, underground utilities, tree trimming, dot sidewalks and related service to property located in Volusia County further described as:

231-241 Riverside Dr. Holly Hill        Parcel No. 37-15-33-34-06-0010

All units, common areas and all condominium parcels in proportion for which the owners are liable for common expenses of the Marina Grande on the Haliax Condominium, a condominium per Declaration recorded in O.R. Book 6136, Page 4563, Public Records of Volusia County, Florida, and all valid amendments thereof, consisting of two 25 story condominium towers containing 486 residential condominium units at 231 and 241 Riverside Drive, together with retail shopping center space and together with related amenities and appurtenance, being situate on a portion of Block 6, Shores Acres Riverside Addition as recorded in Map Book 11, Page 34, Public Records of Volusia County, Florida, and a portion of Section 37, Township 15 South, Range 33 East, Volusia County, Florida, per Deeds recorded in O.R. Book 5363, Page 3482, O.R. Book 5726, Page 3054, and O.R. Book 6069, Page 1169, and Notice of Commencement recorded in O.R. Book 5728, Page 2384, all in the Public Records of Volusia County, Florida.

Owned by HOLLY HILL I ASSO LTD/THEODORE STOTZER/SWERDLOW/BOCA DEV GRP LLC, for a total contract dollar amount of $1,009,317.90, of which there remains unpaid $135,9.21.74, Lienor furnished the first of said labor/materials on 10/6/2006, and the last of the same, 1/8/2008 and (if the lien is claimed by one not in privity with the owner) that lienor served his notice on owner on 10/16/2006, by certified mail, and (if the lien is claimed by one in privity with the contractor) that the lienor mailed a copy of his notice on the contractor on 10/11/2006, by regular mail, and on the subcontractor (if applicable) on, (Not applicable).

CWB Contractors, Inc.

BY: *Clinton Baylor*
(owner of officer signature)

*Clinton Baylor* Pres
(print legal name of signer and title)

STATE OF FLORIDA
COUNTY OF VOLUSIA

Sworn to (or affirmed and subscribed before me, the foregoing instrument was acknowledged before me this 4th day of Feb, 2008, by Clinton Baylor personally known to me or who did furnish the following identification _____

*James E. Crews*  2-4-08
Notary Public

JAMES E. CREWS III
MY COMMISSION # DD 351535
EXPIRES September 7, 2008
Bonded Thru Notary Public Underwriters
NOTARY PUBLIC, STATE OF FLORIDA

# EXHIBIT G
# (2 of 2)

# EXHIBIT H
## (1 of 2)

# EXHIBIT H
# (2 of 2)

Instrument# 2005-351417 # 4
Book: 5728
Page: 2387
Diane M. Matousek
Volusia County, Clerk of Court

Instrument# 2008-026133 # 2
Book: 6190
Page: 584
Diane M. Matousek
Volusia County, Clerk of Court.

## PHASE I DESCRIPTION

A PORTION OF BLOCK 6, SHORE ACRES RIVERSIDE ADDITION AS RECORDED IN MAP BOOK 11, PAGE 34 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA, AND A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

AS A POINT OF REFERENCE COMMENCE AT THE INTERSECTION OF THE EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE (A 100 FOOT RIGHT-OF-WAY) WITH THE NORTHERLY RIGHT-OF-WAY LINE OF SECOND STREET (A 100 FOOT RIGHT-OF-WAY) RUN THENCE NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE FOR A DISTANCE OF 42.08 FEET FOR THE POINT OF BEGINNING; THENCE CONTINUE NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE FOR A DISTANCE OF 718.75 FEET; THENCE NORTH 68 DEGREES 37 MINUTES 47 SECONDS EAST DEPARTING SAID EASTERLY RIGHT-OF-WAY LINE FOR A DISTANCE OF 358.81 FEET; THENCE SOUTH 21 DEGREES 23 MINUTES 41 SECONDS EAST, A DISTANCE OF 223.30 FEET; THENCE NORTH 68 DEGREES 35 MINUTES 47 SECONDS EAST, A DISTANCE OF 300.10 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 14 SECONDS EAST, A DISTANCE OF 436.56 FEET; THENCE SOUTH 85 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 345.13 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 01 SECONDS EAST FOR A DISTANCE OF 18.03 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 314.84 FEET TO A POINT OF BEGINNING.

## LIFT STATION PARCEL

A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

AS A POINT OF REFERENCE COMMENCE AT THE INTERSECTION OF THE EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE (A 100 FOOT RIGHT-OF-WAY) WITH THE NORTHERLY RIGHT-OF-WAY LINE OF SECOND STREET (A 100 FOOT RIGHT-OF-WAY) RUN NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE, A DISTANCE OF 42.08 FEET; THENCE NORTH 65 DEGREES 03 MINUTES 55 SECONDS EAST FOR A DISTANCE OF 96.48 FEET TO THE POINT OF BEGINNING; THENCE NORTH 21 DEGREES 22 MINUTES 43 SECONDS WEST FOR A DISTANCE OF 34.65 FEET; THENCE NORTH 68 DEGREES 37 MINUTES 17 SECONDS EAST FOR A DISTANCE OF 34.00 FEET; THENCE SOUTH 21 DEGREES 22 MINUTES 43 SECONDS EAST FOR A DISTANCE OF 32.54 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 34.07 FEET TO THE POINT OF BEGINNING.

17603405A-1

This Instrument was Prepared by, and After Recording Return to:

David D. Hallock, Jr., Esq.
Gray Robinson, P.A.
P. O. Box 3
One Lake Morton Drive
Lakeland, Florida 33802-0003
(863) 284-2200

_____

*(Recording Data Above)*

## WARNING!

THIS LEGAL DOCUMENT REFLECTS THAT A CONSTRUCTION LIEN HAS BEEN PLACED ON THE REAL PROPERTY LISTED HEREIN. UNLESS THE OWNER OF SUCH PROPERTY TAKES ACTION TO SHORTEN THE TIME PERIOD, THIS LIEN MAY REMAIN VALID FOR ONE YEAR FROM THE DATE OF RECORDING, AND SHALL EXPIRE AND BECOME NULL AND VOID THEREAFTER UNLESS LEGAL PROCEEDINGS HAVE BEEN COMMENCED TO FORECLOSE OR TO DISCHARGE THIS LIEN.

### CLAIM OF LIEN

STATE OF SOUTH CAROLINA

COUNTY OF GREENVILLE

Before me, the undersigned Notary Public, personally appeared James H. Medders, who being duly sworn, says that he or she is the Vice President of Metromont Corporation, a South Carolina corporation, the Lienor herein, whose address is 2802 White Horse Road, Greenville, South Carolina; that in accordance with a contract with W.G. Yates & Sons Construction Company, whose address is P.O. Box 456, 1 Gully Avenue, Philadelphia, Mississippi, Lienor furnished labor, services or materials to construct a precast concrete parking garage and bridge work on the real property described in the attached Exhibit "A" located in Volusia County, Florida, which is owned by Holly Hill I Associates, Ltd, a Florida limited partnership of total value of $4,737,595 of which there remains unpaid $363,539.63, and furnished the first of the items on January 31, 2006 and the last of the items on December 7, 2007; and that the Lienor served its Notice to Owner on January 13, 2006 by certified mail.

# 557795 v1

METROMONT CORPORATION

By: _____

Print Name: _James H. Medders_

Title: _VP, CFO_

The foregoing instrument was acknowledged, sworn to and subscribed before me this _29_ day of _February_, 2008, by James H. Medders, as Vice President of Metromont Corporation, a South Carolina corporation ( ) who is personally known to me or ( ) who has produced a valid _South Carolina_ drivers license.

(AFFIX NOTARY SEAL)

_Theairl N. Davis_

NOTARY PUBLIC, State at Large

_Theairl N. Davis_

*(Type or print name of Notary)*

My commission expires: _12-03-12_



EXHIBIT "A"

PHASE 1 PARCEL

A PORTION OF BLOCK 6, SHORE ACRES RIVERSIDE ADDITION AS RECORDED
IN MAP BOOK 11, PAGE 34 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY,
FLORIDA, AND A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33
EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

FROM THE INTERSECTION OF THE EASTERLY RIGHT OF WAY LINE OF
RIVERSIDE DRIVE WITH THE NORTHERLY RIGHT OF WAY LINE OF SECOND
STREET AS THE POINT OF BEGINNING, RUN NORTH 21 DEGREES 24 MINUTES
01 SECONDS WEST ALONG SAID EASTERLY RIGHT OF WAY LINE OF
RIVERSIDE DRIVE, A DISTANCE OF 760.83 FEET; THENCE DEPARTING SAID
EASTERLY RIGHT OF WAY LINE, RUN NORTH 68 DEGREES 37 MINUTES 47
SECONDS EAST, A DISTANCE OF 358.61 FEET; THENCE SOUTH 21 DEGREES
23 MINUTES 41 SECONDS EAST, A DISTANCE OF 223.30 FEET; THENCE
NORTH 68 DEGREES 35 MINUTES 47 SECONDS EAST, A DISTANCE OF 300.10
FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 13 SECONDS EAST, A
DISTANCE OF 496.68 FEET TO THE NORTHERLY RIGHT OF WAY LINE OF
SAID SECOND STREET EXTENDED; THENCE SOUTH 65 DEGREES 03 MINUTES
55 SECONDS WEST ALONG SAID NORTHERLY RIGHT OF WAY LINE, A
DISTANCE OF 659.97 FEET TO THE POINT OF BEGINNING.

LESS AND EXCEPT therefrom the following:

DESCRIPTION - SECOND STREET ADDITION

THE SOUTHERLY 42.00 FEET OF THE WESTERLY 314.84 FEET AS MEASURED
ALONG THE NORTH LINE OF SECOND STREET, AND THE SOUTHERLY 60.00
FEET OF THE EASTERLY 345.16 FEET AS MEASURED ALONG THE NORTH LINE
OF SECOND STREET, OF THE FOLLOWING DESCRIBED PARCEL:

BEGIN AT THE INTERSECTION OF THE EASTERLY LINE OF THE DIXIE
HIGHWAY (NOW CALLED BEACH STREET) WITH THE SOUTHERLY LINE OF
WISCONSIN AVENUE (NOW CALLED THIRD STREET) AS SAID STREETS ARE
SHOWN ON THE PLAT OF SHORE ACRES - RIVERSIDE ADDITION, ACCORDING
TO THE PLAT THEREOF RECORDED IN MAP BOOK 11, PAGE 34, OF THE
PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA; THENCE GO SOUTHERLY
ALONG THE EASTERLY LINE OF BEACH STREET TO THE NORTHERLY LINE OF
SECOND STREET; THENCE EASTERLY ALONG THE NORTHERLY LINE OF
SECONDS STREET EXTENDED 660 FEET; THENCE NORTHERLY PARALLEL WITH
THE WESTERLY LINE OF BEACH STREET TO THE POINT OF INTERSECTION
WITH THE SOUTHERLY LINE OF THIRD STREET EXTENDED; THENCE WESTERLY
ALONG THE SOUTHERLY LINE OF THIRD STREET EXTENDED TO THE POINT OF
BEGINNING.

BEING THE SAME PROPERTY CONVEYED BY WARRANTY DEED GIVEN BY PUBLIX
SUPER MARKETS, INC., A FLORIDA CORPORATION, TO LIFE INSURANCE
COMPANY OF GEORGIA, A GEORGIA CORPORATION, DATED MARCH 13, 1959,
FILED MARCH 16, 1959, RECORDED IN OFFICIAL RECORDS BOOK 183, PAGE
584, PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA.

AND ALSO less and except therefrom:

LIFT STATION PARCEL

A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST,
VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

FROM THE INTERSECTION OF THE EASTERLY RIGHT OF WAY LINE OF
RIVERSIDE DRIVE WITH THE NORTHERLY RIGHT OF WAY LINE OF SECOND
STREET AS THE POINT OF REFERENCE, RUN NORTH 21 DEGREES 24 MINUTES
01 SECONDS WEST ALONG SAID EASTERLY RIGHT OF WAY LINE OF
RIVERSIDE DRIVE, A DISTANCE OF 42.08 FEET; THENCE NORTH 65
DEGREES 03 MINUTES 55 SECONDS EAST, A DISTANCE OF 96.48 FEET TO
THE POINT OF BEGINNING; THENCE NORTH 21 DEGREES 22 MINUTES 43
SECONDS WEST, A DISTANCE OF 34.65 FEET; THENCE NORTH 68 DEGREES
37 MINUTES 17 SECONDS EAST, A DISTANCE OF 34.00 FEET; THENCE
SOUTH 21 DEGREES 22 MINUTES 43 SECONDS EAST, A DISTANCE OF 32.54
FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST, A
DISTANCE OF 34.07 FEET TO THE POINT OF BEGINNING.



HSH NORDBANK

New York Branch

March 14, 2008

<u>**VIA FACSIMILE AND FEDERAL EXPRESS**</u>

Holly Hill I Associates, Ltd.
c/o Boca Developers
321 East Hillsboro Boulevard
Deerfield Beach, Florida 33441
Attention:  Theodore Stotzer, Esq.

Re:    Loan from HSH Nordbank AG New York Branch ("<u>Administrative Agent</u>") and certain
other Lenders ("<u>Lenders</u>") to Holly Hill I Associates, Ltd. ("Borrower") with respect to
the construction of Marina Grande on the Halifax (the Loan")

Gentlemen:

        Reference is made to that certain Loan Agreement dated as of December 15, 2005,
among Borrower, Administrative Agent and the other Lenders, as amended by that certain First
Amendment to Loan Agreement and Certain other Loan Documents dated as of March 7, 2006,
that certain Second Amendment to Loan Agreement and Certain other Loan Documents dated as
of May 18, 2006, and that certain Third Amendment to Loan Agreement and Certain other Loan
Documents dated as of July 6, 2006 (collectively, the "<u>Loan Agreement</u>"), and our letter to you
dated March 10, 2008 regarding, among other things, the existence of certain Events of Default
and a Default resulting from the filing of various Liens against the Project ("<u>Existing Liens</u>").
Capitalized terms used but not defined herein shall have the respective meanings given to them
in the Loan Agreement.

        **YOU ARE HEREBY GIVEN NOTICE OF THE FOLLOWING**

        (i)    We have been informed that Sienna Woodworks Classics filed a Lien against the
Project on March 4, 2008; JPR Metal Framing  Inc. filed a Lien against the Project on February
28, 2008 and Von Plumbing, Inc. filed two (2) separate liens against the Project on March 3,
2008.  (see documents attached hereto as <u>Exhibit A</u>.)  The existence of each of these Liens
constitutes a Default, which will, if not cured within fifteen (15) days after the filing thereof,
constitute an Event of Default.

(ii)    In addition, to our knowledge, the Existing Liens have not been satisfied or discharged of record.  Accordingly, the existence of each of these Existing Liens continues to constitute an Event of Default.

(iii)    As we advised you in our letter dated March 10, 2008, as expressly permitted under Section 2.4(d) of the Loan Agreement, Administrative Agent may apply all payments received by Administrative Agent under the Loan Documents or otherwise on account of the Loan ("Payments") in such order of priority as Administrative Agent shall determine in its sole and absolute discretion; and it is Administrative Agent's current intention (which Administrative Agent may change at any time in its sole and absolute discretion) to apply Payments first to reduce the principal amount of the Loan before applying Payments to any other amounts due and owing to Lenders under the Loan Documents.

Nothing herein is intended (or shall be deemed) to constitute a waiver of any rights and/or remedies Administrative Agent and/or Lenders may have under the Loan Agreement and/or any other Loan Documents or otherwise available to them at law or in equity, or a waiver of any known or unknown Default or Event of Default which may exist on the date hereof. Administrative Agent and Lenders reserve any and all rights and remedies available to them under the Loan Agreement and/or the other Loan Documents, or otherwise available to Administrative Agent and/or Lenders at law or in equity, all of which shall remain in full force and effect.

You are further advised that no oral communication from or on behalf of Administrative Agent and/or Lenders (or its or their advisors) shall constitute an agreement, commitment or evidence of any assurance or intention by them with respect to any aspect of the Loan.  Any agreement, commitment, assurance or intention of Administrative Agent and/or Lenders with respect to any aspect of the Loan shall be effective only if set forth in writing duly executed by Administrative Agent.

Very truly yours,

HSH NORDBANK AG NEW YORK BRANCH, as Agent for Lenders

By:
Name: Michael Carter
     Senior Vice President
Title: HSH Nordbank AG, New York Branch

By:
Name: Heidrun Meyer
Title: Senior Vice President

cc:

| Bilzin Sumberg Baena Price & Axelrod LLP | Mr. James Cohen |
|---|---|
| Wachovia Financial Center | c/o Boca Developers |
| 200 South Biscayne Boulevard, Suite 2500 | 321 Hillsboro Boulevard |
| Miami, Florida 33131 | Deerfield Beach, Florida 33441 |

- 2 -

| | |
|---|---|
| Attention: James Shindell, Esq. | Attention: Theodore Stotzer, Esq. |
| Mr. Michael Swerdlow<br>c/o Swerdlow Group<br>3390 Mary Street Suite 200<br>Coconut Grove, Florida 33133 | Mr. Brian Street<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. |
| Bank of Scotland, Miami<br>1221 Brickell Avenue, Suite 1210<br>Miami, Florida 33131<br>Attention:  Richard Grani<br>         Senior Vice President<br>         richardgrani@bankofscotlandusa.com | Natixis<br>1251 Avenue of the Americas, 34th Fl.<br>New York, NY  10020<br>Attention:  Marie-Edith Dugeny<br>         Managing Director<br>         marie-edith.dugeny@natixis.us |
| Deutsche Hypothekenbank (Actien-Gesellschaft)<br>Georgesplatz 8<br>30159 Hannover – Germany<br>Attention:      Mr. Thomas Staats<br>         Authorized Officer<br>         Thomas.Staats@Deutche-Hypo.de | KBC Bank, NV<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attention:  Mr. Nicholas Philippedes<br>         Vice President<br>         Nicholas.Philippedes@KBC.be |
| LRP Landesbank Rheinland-Pfalz<br>c/o Landesbank Baden Wuerttemberg<br>280 Park Avenue, 31st Floor, West Building<br>New York, New York  10017<br>Attention:  Mr. Thomas Broschek<br>         Senior Vice President<br>         Thomas.Broschek@lbbwus.com | |
| Madeleine L.L.C.<br>299 Park Avenue, 23rd Floor<br>New York, New York 10171<br>Attention:  Mr. Tom Arnold | Jill D. Block, Esq.<br>Orrick, Herrington & Sutcliffe LLP<br>666 Fifth Avenue<br>New York, NY  10103-0001 |
| Mark R. Lehrer, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 | Tina R. Patel, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 |
| Mr. Gregory Allen<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | Jon Karnofsky, Esq.<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 |

## **EXHIBIT A**

(Notices of Lien)

Exhibit A

03/03/2008 12:49 PM
Instrument# 2008-043490 # 1
Book : 6199
Page : 4891

## CLAIM OF LIEN

### WARNING!

THIS LEGAL DOCUMENT REFLECTS THAT A CONSTRUCTION LIEN HAS BEEN PLACED ON THE REAL PROPERTY LISTED HEREIN. UNLESS THE OWNER OF SUCH PROPERTY TAKES ACTION TO SHORTEN THE TIME PERIOD, THIS LIEN MAY REMAIN VALID FOR ONE YEAR FROM THE DATE OF RECORDING, AND SHALL EXPIRE AND BECOME NULL AND VOID THEREAFTER UNLESS LEGAL PROCEEDINGS HAVE BEEN COMMENCED TO FORECLOSE OR TO DISCHARGE THIS LIEN.

STATE OF FLORIDA )
             SS:
COUNTY OF VOLUSIA )

    BEFORE ME, the undersigned Notary Public, personally appeared Robert Von Kaas, who was duly sworn and says that he is the President of Von Plumbing, Inc., lienor herein, whose address is 909 Carswell Ave., Holly Hill, Florida 32117 and that in accordance with a contract with W.G. Yates & Sons Construction Company, lienor furnished labor, services or materials consisting of plumbing materials and labor on the following described property in Volusia County, Florida:

        Marina Grande on the Halifax (Phase 1)
        (See Exhibit "A" attached hereto)

owned by Holly Hill Associates, LTD, for a total value of $548,269.62, of which there remains unpaid $54,218.67, and furnished the first of the items on January 25, 2006 and the last of the items on January 23, 2008, and that the lienor served his notice on owner on Holly Hill Associates, LTD by Certified Mail #7003-1010-0003-6472-8749 on February 14, 2006, and that the lienor served copies of the notice on the contractor, W.G. Yates and Sons Construction Company on February 14, 2006 by certified mail No. 7003-1010-0003-6472-8787.

                         *Robert Von Kaas*

                         Robert Von Kaas, President
                         Von Plumbing, Inc.

Sworn to and subscribed before me this 6th day of February, 2008 by Robert Von Kaas.

*Linda A. DuBois*
NOTARY PUBLIC,
State of Florida at Large
Commission No. _____
My Commission Expires:

                  Linda A. DuBois
                  Commission #DD502109
                  Expires April 27, 2010
                  Bonded Thru Troy Fain Insurance, Inc. 800-385-7019

Personally Known ☐    Produced ID ☑    ☐
DL ☐   PASSPORT ☐   MILITARY ☐   Other ☐ _____

Best Available Image

Instrument# 2008-043490 # 2
Book: 6199
Page: 4892
Diane M. Matousek Volusia County,
Clerk of Court

**EXHIBIT "A"**

**PHASE 1 PARCEL**

A PORTION OF BLOCK 6, SHORE ACRES RIVERSIDE ADDITION AS RECORDED IN MAP BOOK 11, PAGE 34 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA, AND A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

FROM THE INTERSECTION OF THE EASTERLY RIGHT OF WAY LINE OF RIVERSIDE DRIVE WITH THE NORTHERLY RIGHT OF WAY LINE OF SECOND STREET AS THE POINT OF BEGINNING, RUN NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT OF WAY LINE OF RIVERSIDE DRIVE, A DISTANCE OF 760.83 FEET; THENCE DEPARTING SAID EASTERLY RIGHT OF WAY LINE, RUN NORTH 68 DEGREES 37 MINUTES 47 SECONDS EAST, A DISTANCE OF 858.61 FEET; THENCE SOUTH 21 DEGREES 23 MINUTES 43 SECONDS EAST, A DISTANCE OF 229.30 FEET; THENCE NORTH 68 DEGREES 35 MINUTES 47 SECONDS EAST, A DISTANCE OF 300.10 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 15 SECONDS EAST, A DISTANCE OF 495.68 FEET TO THE NORTHERLY RIGHT OF WAY LINE OF SAID SECOND STREET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST ALONG SAID NORTHERLY RIGHT OF WAY LINE, A DISTANCE OF 659.97 FEET TO THE POINT OF BEGINNING.

LESS AND EXCEPT therefrom the following:

DESCRIPTION - SECOND STREET ADDITION

THE SOUTHERLY 42.00 FEET OF THE WESTERLY 514.84 FEET AS MEASURED ALONG THE NORTH LINE OF SECOND STREET, AND THE SOUTHERLY 60.00 FEET OF THE EASTERLY 545.16 FEET AS MEASURED ALONG THE NORTH LINE OF SECOND STREET, OF THE FOLLOWING DESCRIBED PARCEL:

BEGIN AT THE INTERSECTION OF THE EASTERLY LINE OF THE DIXIE HIGHWAY (NOW CALLED BEACH STREET) WITH THE SOUTHERLY LINE OF WISCONSIN AVENUE (NOW CALLED THIRD STREET) AS SAID STREETS ARE SHOWN ON THE PLAT OF SHORE ACRES - RIVERSIDE ADDITION, ACCORDING TO THE PLAT THEREOF RECORDED IN MAP BOOK 11, PAGE 34, OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA; THENCE GO SOUTHERLY ALONG THE EASTERLY LINE OF BEACH STREET TO THE NORTHERLY LINE OF SECOND STREET; THENCE EASTERLY ALONG THE NORTHERLY LINE OF SECOND STREET EXTENDED 650 FEET; THENCE NORTHERLY PARALLEL WITH THE WESTERLY LINE OF BEACH STREET TO THE POINT OF INTERSECTION WITH THE SOUTHERLY LINE OF THIRD STREET EXTENDED; THENCE WESTERLY ALONG THE SOUTHERLY LINE OF THIRD STREET EXTENDED TO THE POINT OF BEGINNING.

BEING THE SAME PROPERTY CONVEYED BY WARRANTY DEED GIVEN BY PUBLIX SUPER MARKETS, INC., A FLORIDA CORPORATION, TO LIFE INSURANCE COMPANY OF GEORGIA, A GEORGIA CORPORATION, DATED MARCH 13, 1959, FILED MARCH 16, 1959, RECORDED IN OFFICIAL RECORDS BOOK 383, PAGE 584, PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA.

AND ALSO less and except therefrom:

LIFT STATION PARCEL

A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

FROM THE INTERSECTION OF THE EASTERLY RIGHT OF WAY LINE OF RIVERSIDE DRIVE WITH THE NORTHERLY RIGHT OF WAY LINE OF SECOND STREET AS THE POINT OF REFERENCE; RUN NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT OF WAY LINE OF RIVERSIDE DRIVE, A DISTANCE OF 42.08 FEET; THENCE NORTH 65 DEGREES 03 MINUTES 55 SECONDS EAST, A DISTANCE OF 96.48 FEET TO THE POINT OF BEGINNING; THENCE NORTH 21 DEGREES 22 MINUTES 43 SECONDS WEST, A DISTANCE OF 34.65 FEET; THENCE NORTH 68 DEGREES 37 MINUTES 17 SECONDS EAST, A DISTANCE OF 34.00 FEET; THENCE SOUTH 21 DEGREES 22 MINUTES 43 SECONDS EAST, A DISTANCE OF 32.54 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST, A DISTANCE OF 34.07 FEET TO THE POINT OF BEGINNING.

| Copies To: | Certified Nos. |
|---|---|
| Holly Hill Associates, LTD | 7003 1010 0003 6472 8749 |
| Boca Land Holdings, Inc. | |

03/03/2008 12:49 PM
Instrument # 2008-043491 # 1
Book: 6199
Page: 4893

## CLAIM OF LIEN

### WARNING!

THIS LEGAL DOCUMENT REFLECTS THAT A CONSTRUCTION LIEN HAS BEEN PLACED ON THE REAL PROPERTY LISTED HEREIN. UNLESS THE OWNER OF SUCH PROPERTY TAKES ACTION TO SHORTEN THE TIME PERIOD, THIS LIEN MAY REMAIN VALID FOR ONE YEAR FROM THE DATE OF RECORDING, AND SHALL EXPIRE AND BECOME NULL AND VOID THEREAFTER UNLESS LEGAL PROCEEDINGS HAVE BEEN COMMENCED TO FORECLOSE OR TO DISCHARGE THIS LIEN.

STATE OF FLORIDA )
      SS:
COUNTY OF VOLUSIA )

  BEFORE ME, the undersigned Notary Public, personally appeared Robert Von Kaas, who was duly sworn and says that he is the President of Von Plumbing, Inc., lienor herein, whose address is 909 Carswell Ave., Holly Hill, Florida 32117 and that in accordance with a contract with W.G. Yates & Sons Construction Company, lienor furnished labor, services or materials consisting of plumbing materials and labor on the following described property in Volusia County, Florida:

    Marina Grande on the Halifax (Phase II)
    (See Exhibit "A" attached hereto)

owned by Holly Hill Associates, LTD, for a total value of $3,046,736.24, of which there remains unpaid $265,036.78, and furnished the first of the items on May 3, 2006 and the last of the items on January 23, 2008, and that the lienor served his notice to owner on Holly Hill Associates, LTD by Certified Mail #7003-1010-0003-6472-8800 on April 13, 2006, and that the lienor served copies of the notice on the contractor, W.G. Yates and Sons Construction Company on April 13, 2006 by certified mail No. 7003-1010-0003-6472-8817.

           _____
           Robert Von Kaas, President
           Von Plumbing, Inc.

Sworn to and subscribed before me this 6th day of February, 2008 by Robert Von Kaas.

_____
NOTARY PUBLIC,
State of Florida at Large
Commission No. _____
My Commission Expires:
Personally Known ☒ Produced ID ☐
DL ☐ PASSPORT ☐ MILITARY ☐ Other ☐ _____

Linda A. DuBois
Commission # DD502103
Expires April 27, 2010

Best Available Image

Instrument# 2006-043097 #2
Book: 6199
Page: 4894
Diane M. Matousek
Volusia County, Clerk of Court

PHASE 1 PARCEL

EXHIBIT "A"

A PORTION OF BLOCK 6, SHORE ACRES RIVERSIDE ADDITION AS RECORDED IN MAP BOOK 11, PAGE 34 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA, AND A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

FROM THE INTERSECTION OF THE EASTERLY RIGHT OF WAY LINE OF RIVERSIDE DRIVE WITH THE NORTHERLY RIGHT OF WAY LINE OF SECOND STREET AS THE POINT OF BEGINNING, RUN NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT OF WAY LINE OF RIVERSIDE DRIVE, A DISTANCE OF 760.83 FEET; THENCE DEPARTING SAID EASTERLY RIGHT OF WAY LINE, RUN NORTH 68 DEGREES 35 SECONDS EAST, A DISTANCE OF 358.61 FEET; THENCE SOUTH 21 DEGREES 27 MINUTES 41 SECONDS EAST, A DISTANCE OF 229.30 FEET; THENCE NORTH 68 DEGREES 35 MINUTES 47 SECONDS EAST, A DISTANCE OF 300.10 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 12 SECONDS EAST, A DISTANCE OF 496.68 FEET TO THE NORTHERLY RIGHT OF WAY LINE OF SAID SECOND STREET EXTENDED; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST ALONG SAID NORTHERLY RIGHT OF WAY LINE, A DISTANCE OF 659.97 FEET TO THE POINT OF BEGINNING.

LESS AND EXCEPT therefrom the following:

DESCRIPTION - SECOND STREET ADDITION

THE SOUTHERLY 42.00 FEET OF THE WESTERLY 314.84 FEET AS MEASURED ALONG THE NORTH LINE OF SECOND STREET, AND THE SOUTHERLY 60.00 FEET OF THE EASTERLY 345.16 FEET AS MEASURED ALONG THE NORTH LINE OF SECOND STREET, OF THE FOLLOWING DESCRIBED PARCEL:

BEGIN AT THE INTERSECTION OF THE EASTERLY LINE OF THE DIXIE HIGHWAY (NOW CALLED BEACH STREET) WITH THE SOUTHERLY LINE OF WISCONSIN AVENUE (NOW CALLED THIRD STREET) AS SAID STREETS ARE SHOWN ON THE PLAT OF SHORE ACRES - RIVERSIDE ADDITION, ACCORDING TO THE PLAT THEREOF RECORDED IN MAP BOOK 11, PAGE 34, OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA; THENCE GO SOUTHERLY ALONG THE EASTERLY LINE OF BEACH STREET TO THE NORTHERLY LINE OF SECOND STREET; THENCE EASTERLY ALONG THE NORTHERLY LINE OF SECOND STREET EXTENDED 660 FEET; THENCE NORTHERLY PARALLEL WITH THE WESTERLY LINE OF BEACH STREET TO THE POINT OF INTERSECTION WITH THE SOUTHERLY LINE OF THIRD STREET EXTENDED; THENCE WESTERLY ALONG THE SOUTHERLY LINE OF THIRD STREET EXTENDED TO THE POINT OF BEGINNING.

BEING THE SAME PROPERTY CONVEYED BY WARRANTY DEED GIVEN BY PUBLIX SUPER MARKETS, INC., A FLORIDA CORPORATION, TO LIFE INSURANCE COMPANY OF GEORGIA, A GEORGIA CORPORATION, DATED MARCH 13, 1959, FILED MARCH 16, 1959, RECORDED IN OFFICIAL RECORDS BOOK 1837, PAGE 584, PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA.

AND ALSO less and except therefrom:

LIFT STATION PARCEL

A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

FROM THE INTERSECTION OF THE EASTERLY RIGHT OF WAY LINE OF RIVERSIDE DRIVE WITH THE NORTHERLY RIGHT OF WAY LINE OF SECOND STREET AS THE POINT OF REFERENCE, RUN NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT OF WAY LINE OF RIVERSIDE DRIVE, A DISTANCE OF 42.06 FEET; THENCE NORTH 65 DEGREES 03 MINUTES 55 SECONDS EAST, A DISTANCE OF 98.42 FEET TO THE POINT OF BEGINNING; THENCE NORTH 21 DEGREES 22 MINUTES 43 SECONDS WEST, A DISTANCE OF 34.65 FEET; THENCE NORTH 68 DEGREES 37 MINUTES 17 SECONDS EAST, A DISTANCE OF 34.00 FEET; THENCE SOUTH 21 DEGREES 22 MINUTES 43 SECONDS EAST, A DISTANCE OF 32.54 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST, A DISTANCE OF 34.07 FEET TO THE POINT OF BEGINNING.

Copies To:                          Certified Nos.

Holly Hill Associates, LTD          7003 1010 0003 6472 8749
Boca Land Holdings, Inc.            7003 1010 0003 6472 8756

RETURN TO: JPR Metal Framing, Inc.
2051 S Peninsula Dr.
Daytona Beach, FL 32118
4924899

02/28/2008 12:06 PM
Instrument # 2008-041315 # 1
Book: 6198
Page: 3575

PREPARED BY: _____
2051 Peninsula Dr. Daytona Beach, FL 32118  (person filling out this document)

**WARNING!**

THIS LEGAL DOCUMENT REFLECTS THAT A CONSTRUCTION LIEN HAS BEEN PLACED ON THE REAL PROPERTY LISTED HEREIN. UNLESS THE OWNER OF SUCH PROPERTY TAKES ACTION TO SHORTEN THE TIME PERIOD, THIS LIEN MAY REMAIN VALID FOR ONE YEAR FROM THE DATE OF RECORDING, AND SHALL EXPIRE AND BECOME NULL AND VOID THEREAFTER UNLESS LEGAL PROCEEDINGS HAVE BEEN COMMENCED TO FORECLOSE OR TO DISCHARGE THIS LIEN.

STATE OF FLORIDA
COUNTY OF VOLUSIA

**CLAIM OF LIEN**

BEFORE ME, the undersigned Notary Public, personally appeared _____ says that he/she is the agent of the lienor herein, JPR METAL FRAMING, INC. 2051 S Peninsula Dr. Daytona Beach, FL 32118, Phone 4924899, and that pursuant to a contract with W. G. YATES & SONS CONSTRUCTION (ATLANTA), 1200 Abernathy Rd. NE. Ste 300, Atlanta, GA 330328, lienor did furnish labor materials and equipment to perform drywall installation and finishing, metal framing and related services and materials. to property located in Volusia County further described as:

231-241 Riverside Dr. Holly Hill          Parcel No. 37-15-33-34-06-0010/0014

All units, common areas and all condominium parcels in proportion for which the owners are liable for common expenses of the Marina Grande on the Halifax Condominium, a condominium per Declaration recorded in O.R. Book 6136, Page 4563, Public Records of Volusia County, Florida, and Marina Grande on the Halifax I, a Condominium per Declaration recorded in O.R. Book 6136, Page 4670, Public Records of Volusia County, Florida, and all valid amendments thereof, consisting of two 25 story condominium towers containing 486 residential condominium units at 231 and 241 Riverside Drive, together with retail shopping center space and together with related amenities and appurtenances, being situate on a portion of Block 6, Shores Acres Riverside Addition as recorded in Map Book 11, Page 34, Public Records of Volusia County, Florida, and a portion of Section 37, Township 15 South, Range 33 East, Volusia County, Florida, per Deeds recorded in O.R. Book 5363, Page 3482, O.R. Book 5726, Page 3054, and O.R. Book 6069, Page 1169, and Notice of Commencement recorded in O.R. Book 5728, Page 2384, all in the Public Records of Volusia County, Florida, as more particularly described in attached legal descriptions.

Owned by HOLLY HILL I ASSO LTD/THEODORE STOTZER/SWERDLOW/BOCA DEV GRP LLC, for a total contract dollar amount of $ 563,370 ⁰⁰ of which there remains unpaid $ 152,600 ⁰⁰. Lienor furnished the first of said labor/materials on JULY 9/2007 , and the last of the same, Dec. 4-2007 , and (if the lien is claimed by one not in privity with the owner) that lienor served his notice to owner on 8/17/2007, by certified mail, and (if the lien is claimed by one in privity with the contractor) that the lienor mailed a copy of his notice on the contractor on 8/18/2007, by certified mail, and on the subcontractor (if applicable) on, (Not applicable).

JPR Metal Framing, Inc.

BY: _____  General Manager  (owner or officer signature)

JUAN R. PALACIO
(print legal name of signer and title)

STATE OF FLORIDA
COUNTY OF VOLUSIA

Sworn to (or affirmed and subscribed before me, the foregoing instrument was acknowledged before me this 28th day of Feb 2008 by JUAN R. PALACIO personally known to me or who did furnish the following identification FL DL

_____
Notary Public          ALICE T. PAUL

ALICE T. PAUL
Notary Public - State of Florida
My Commission Expires Nov 20, 2010
Commission # DD 603690
Bonded Through National Notary Assn.

Best Available Image

Instrument# 2008-041315 # 2
Book: 6198
Page: 3576

## MARINA GRANDE ON THE HALIFAX I BUILDINGS 1 AND 2

Instrument# 2007-226348 # 55
Book: 6136
Page: 4724

Legal Description:     Halifax I: Buildings 1 and 2:

A portion of Block 6, SHORES ACRES RIVERSIDE ADDITION, recorded in Map Book 11, Page 34 of the Public Records of Volusia County, Florida, and a portion of Section 37, Township 15 South, Range 33 East, Volusia County, Florida, described as follows:

As a Point of Reference Commence at the intersection of the Easterly Right-of-Way Line of Riverside Drive (a 100 foot Right-of-Way) with the Northerly Right-of-Way Line of Second Street (a 100 foot Right-of-Way) as shown on the plat of said SHORES ACRES RIVERSIDE ADDITION; thence North 21°22'57" West, (all bearings are based upon North 21°22'57" West along the Easterly Right-of-Way Line of Riverside Drive), along the Easterly Right-of-Way Line of said Riverside Drive, a distance of 42.08 feet; thence North 65°04'58" East, along a line 92.00 feet North of the centerline of Second Street (a.k.a. Forest Aveune), a distance of 314.84 feet; thence North 21°22'58" West, a distance of 18.03 feet to a point 110.00 feet North of the centerline of said Second Street; thence North 65°04'58" East, along a line 110.00 feet North of said centerline, a distance of 44.38 feet to the Point of Beginning of this description; thence North 21°22'37" West, a distance of 194.53 feet; thence South 68°37'23" West, a distance of 41.65 feet; thence North 21°22'37" West, a distance of 71.50 feet; thence North 68°37'23" East, a distance of 41.65 feet; thence North 21°22'37" West, a distance of 174.05 feet; thence North 68°36'51" East, a distance of 275.41 feet; thence South 21°29'06" East, a distance of 423.04 feet to a point 110.00 feet North of the centerline of said Second Street; thence South 65°04'58" West, along a line 110.00 feet North of said centerline, a distance of 276.74 feet to the Point of Beginning of this description.

Said lands situate, lying and being in Volusia County, Florida

Containing 2.801 acres, more or less.

legals/Halifax I Buildings 1 and 2 Sep 07

PREPARED BY:
DAVIS & PURMORT, INC.
845 S.E. 8TH AVENUE
DEERFIELD BEACH, FLORIDA 33441
PHONE (954) 421-9101

HALIFAX I
LEGAL DESCRIPTION
SHEET 3 OF 237
SEPTEMBER 06, 2007

Best Available Image

Best Available Image

Instrument# 2008-041315 # 3
Book: 6198
Page: 3577

Instrument# 2007-226846 # 47
Book: 6136
Page: 4609

## HALIFAX I:
## CONDOMINIUM AND COMMON AREAS

Legal Description:   Halifax I: Condominium and Common Areas

A portion of Block 6, SHORES ACRES RIVERSIDE ADDITION, recorded in Map Book 11, Page 34 of the Public Records of Volusia County, Florida, and a portion of Section 37, Township 15 South, Range 33 East, Volusia County, Florida, described as follows:

As a Point of Reference Commence at the intersection of the Easterly Right-of-Way Line of Riverside Drive (a 100 foot Right-of-Way) with the Northerly Right-of-Way Line of Second Street (a 100 foot Right-of-Way) as shown on the plat of said SHORES ACRES RIVERSIDE ADDITION, thence North 21°22'57" West, (all bearings are based upon North 21°22'57" West along the Easterly Right-of-Way Line of Riverside Drive), along the Easterly Right-of-Way Line of said Riverside Drive, a distance of 42.08 feet to the Point of Beginning of this description; thence continue North 21°22'57" West, along the Easterly Right-of-Way Line of said Riverside Drive, a distance of 718.75 feet; thence North 68°38'51" East, a distance of 358.61 feet; thence South 21°22'37" East, a distance of 223.30 feet; thence North 68°36'51" East, a distance of 300.10 feet; thence South 21°22'09" East, a distance of 436.56 feet to a point 110.00 feet North of the Easterly projection of the centerline of Second Street (a.k.a Forest Avenue); thence South 21°21'40" East, along said Easterly projection, a distance of 345.13 feet; thence South 21°22'58" East, a distance of 18.03 feet to a point 92.00 feet North of the centerline of said Second Street; thence South 65°04'58" West, along a line 92.00 feet North of said centerline, a distance of 314.84 feet to the Point of Beginning of this description.

lcptb/Halifax I Overall Sep 07

TOGETHER WITH THE FOLLOWING DESCRIBED PARCEL:

A portion of Section 37, Township 15 South, Range 33 East, Volusia County, Florida, described as follows:

As a Point of Reference Commence at the intersection of the Easterly Right-of-Way Line of Riverside Drive (a 100 foot Right-of-Way) with the Northerly Right-of-Way Line of Second Street (a 100 foot Right-of-Way) as said streets are shown on the plat

PREPARED BY:
DAVIS & PURMORT, INC.
843 S.E. 8TH AVENUE
DEERFIELD BEACH, FLORIDA 33441
PHONE (954) 421-9101

HALIFAX I
BOUNDARY DESCRIPTION
SHEET 1 OF 11
SEPTEMBER 21, 2007

Best Available Image

Best Available Image

Instrument# 2008-041315 # 4
Book: 6198
Page: 3578

Instrument# 2007-228348 # 48
Book: 6136
Page: 4610

## HALIFAX I:
## CONDOMINIUM AND COMMON AREAS

of SHORES ACRES RIVERSIDE ADDITION, thence North 21°22'57" West, along the Easterly Right-of-Way Line of said Riverside Drive, a distance of 42.08 feet; thence North 65°04'58" East, a distance of 172.16 feet to the Point of Beginning of this description; thence continue North 65°04'58" East, a distance of 23.00 feet; thence South 24°57'02" East, a distance of 34.00 feet; thence South 65°04'58" West, a distance of 23.00 feet; thence North 24°57'02" West, a distance of 34.00 feet to the Point of Beginning of this description.

legals/Halifax I Notch Sep 07

LESS AND EXCEPT THE FOLLOWING DESCRIBED PARCEL:

A portion of Section 37, Township 15 South, Range 33 East, Volusia County, Florida, described as follows:

As a Point of Reference Commence at the intersection of the Easterly Right-of-Way Line of Riverside Drive (a 100 foot Right-of-Way) with the Northerly Right-of-Way Line of Second Street (a 100 foot Right-of-Way) as said streets are shown on the plat of SHORES ACRES RIVERSIDE ADDITION, thence North 21°22'57" West, along the Easterly Right-of-Way Line of said Riverside Drive, a distance of 42.08 feet; thence North 65°04'58" East, a distance of 96.48 feet to the Point of Beginning of this description; thence North 21°21'40" West, a distance of 34.65 feet; thence North 68°30'30" East, a distance of 34.00 feet; thence South 21°21'40" East, a distance of 32.54 feet; thence South 65°04'58" West, a distance of 34.07 feet to the Point of Beginning of this description.

Said lands situate, lying and being in Volusia County, Florida

legals/Halifax I Lift Station Sep 07

LESS AND EXCEPT THE FOLLOWING DESCRIBED PARCEL:

A portion of Section 37, Township 15 South, Range 33 East, Volusia County, Florida, described as follows:

PREPARED BY:
DAVIS & PURMORT, INC.
843 S.E. 8TH AVENUE
DEERFIELD BEACH, FLORIDA 33441
PHONE (954) 421-9101

HALIFAX I
BOUNDARY DESCRIPTION
SHEET 2 OF 11
SEPTEMBER 21, 2007

Best Available Image

Best Available Image

Instrument# 2008-041315 # 5
Book: 6196
Page: 3579

Instrument# 2007-226846 # 49
Book: 6136
Page: 4611

# HALIFAX I:
# CONDOMINIUM AND COMMON AREAS

As a Point of Reference Commence at the intersection of the Easterly Right-of-Way Line of Riverside Drive (a 100 foot Right-of-Way) with the Northerly Right-of-Way Line of Second Street (a 100 foot Right-of-Way) as shown on the plat of said SHORES ACRES RIVERSIDE ADDITION, thence North 21°22'57" West, (all bearings are based upon North 21°22'57" West along the Easterly Right-of-Way Line of Riverside Drive), along the Easterly Right-of-Way Line of said Riverside Drive, a distance of 42.08 feet; thence North 65°04'58" East, along a line 92.00 feet North of the centerline of Second Street (a.k.a Forest Avenue), a distance of 314.84 feet; thence North 21°22'58" West, a distance of 18.03 feet to a point 110.00 feet North of the centerline of said Second Street; thence North 65°04'58" East, along a line 110.00 feet North of said centerline, a distance of 345.13 feet to the Point of Beginning of this description; thence North 21°29'06" West, a distance of 438.04 feet; thence North 68°36'51" East, a distance of 24.72 feet; thence South 21°23'09" East, a distance of 436.56 feet to a 110.00 feet North of the Easterly projection of said Second Street; thence South 65°04'58" West, along a line 110.00 feet North of said centerline, a distance of 24.09 feet to the Point of Beginning of this description.

Said lands situate, lying and being in Volusia County, Florida

legals/Halifax I Submerged Lands Sep 07

LESS AND EXCEPT THE FOLLOWING DESCRIBED PARCEL:

A portion of Block 6, SHORES ACRES RIVERSIDE ADDITION, recorded in Map Book 11, Page 34 of the Public Records of Volusia County, Florida, described as follows:

As a Point of Reference Commence at the intersection of the Easterly Right-of-Way Line of Riverside Drive (a 100 foot Right-of-Way) with the Northerly Right-of-Way Line of Second Street (a 100 foot Right-of-Way) as shown on the plat of said SHORES ACRES RIVERSIDE ADDITION, thence North 21°22'57" West, (all bearings are based upon North 21°22'57" West along the Easterly Right-of-Way Line of Riverside Drive), along the Easterly Right-of-Way Line of said Riverside

PREPARED BY:
DAVIS & PURMORT, INC.
843 S.E. 8TH AVENUE
DEERFIELD BEACH, FLORIDA 33441
PHONE (954) 421-9101

HALIFAX I
BOUNDARY DESCRIPTION
SHEET 3 OF 11
SEPTEMBER 21, 2007

Best Available Image

Instrument# 2008-041315 # 6
Book: 6198
Page: 3580

## HALIFAX I:

Instrument# 2007-228848 # 50
Book: 6136
Page: 4612

## CONDOMINIUM AND COMMON AREAS

Drive, a distance of 42.08 feet to the Point of Beginning of this description; thence continue North 21°22'57" West, along the Easterly Right-of-Way Line of said Riverside Drive, a distance of 456.31 feet; thence North 68°36'25" East, a distance of 84.54 feet to a point 0.10 feet West of the existing West wall of a parking garage; thence South 21°23'35" East, along a line 0.10 feet West of and parallel with said existing West wall, a distance of 16.40 feet to a point, said point being 0.10 feet West of and 0.10 feet South of said existing wall; thence North 68°36'25" East, a distance of 0.65 feet to a point 0.10 feet West of said West wall of the parking garage; thence South 21°23'35" East, along a line 0.10 feet West of and parallel with said existing West wall, a distance of 358.64 feet to a point 0.10 feet West of and South of said existing wall; thence North 68°36'35" East, a distance of 2.17 feet to a point 0.10 feet East of an existing wall; thence South 21°23'35" East, along a line 0.10 East of said existing wall, a distance of 75.88 feet to a point 92.00 feet North the centerline of said Second Street; thence South 65°04'58" West, along a line 92.00 feet North of said centerline, a distance of 87.61 feet to the Point of Beginning of this description.

legals/Halifax I Commercial Site Sep 07

Said lands situate, lying and being in Volusia County, Florida

legals/Halifax I Condominium and Common Areas Sep 07

PREPARED BY:
DAVIS & PURMORT, INC.
843 S.E. 8TH AVENUE
DEERFIELD BEACH, FLORIDA 33441
PHONE (954) 421-9101

HALIFAX I
BOUNDARY DESCRIPTION
SHEET 4 OF 11
SEPTEMBER 21, 2007

Best Available Image

Instrument# 2008-041315 # 7
Book: 6198
Page: 3581
Diane M. Matousek
Volusia County, Clerk of Court

Instrument# 2005-351417 # 4
Book: 5728
Page: 2387
Diane M. Matousek
Volusia County, Clerk of Court

## PHASE I DESCRIPTION

A PORTION OF BLOCK 6, SHORE ACRES RIVERSIDE ADDITION AS RECORDED IN MAP BOOK 11, PAGE 34 OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA, AND A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

AS A POINT OF REFERENCE COMMENCE AT THE INTERSECTION OF THE EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE (A 100 FOOT RIGHT-OF-WAY) WITH THE NORTHERLY RIGHT-OF-WAY LINE OF SECOND STREET (A 100 FOOT RIGHT-OF-WAY) RUN THENCE NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE FOR A DISTANCE OF 42.08 FEET FOR THE POINT OF BEGINNING; THENCE CONTINUE NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE FOR A DISTANCE OF 718.75 FEET; THENCE NORTH 68 DEGREES 37 MINUTES 47 SECONDS EAST DEPARTING SAID EASTERLY RIGHT-OF-WAY LINE FOR A DISTANCE OF 358.61 FEET; THENCE SOUTH 21 DEGREES 23 MINUTES 41 SECONDS EAST, A DISTANCE OF 223.30 FEET; THENCE NORTH 68 DEGREES 35 MINUTES 47 SECONDS EAST, A DISTANCE OF 300.10 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 14 SECONDS EAST, A DISTANCE OF 438.56 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 345.13 FEET; THENCE SOUTH 21 DEGREES 24 MINUTES 01 SECONDS EAST FOR A DISTANCE OF 18.03 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 314.84 FEET TO POINT OF BEGINNING.

## LIFT STATION PARCEL

A PORTION OF SECTION 37, TOWNSHIP 15 SOUTH, RANGE 33 EAST, VOLUSIA COUNTY, FLORIDA, DESCRIBED AS FOLLOWS:

AS A POINT OF REFERENCE COMMENCE AT THE INTERSECTION OF THE EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE (A 100 FOOT RIGHT-OF-WAY) WITH THE NORTHERLY RIGHT-OF-WAY LINE OF SECOND STREET (A 100 FOOT RIGHT-OF-WAY) RUN NORTH 21 DEGREES 24 MINUTES 01 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE OF RIVERSIDE DRIVE, A DISTANCE OF 42.08 FEET; THENCE NORTH 65 DEGREES 03 MINUTES 55 SECONDS EAST FOR A DISTANCE OF 98.48 FEET TO THE POINT OF BEGINNING; THENCE NORTH 21 DEGREES 22 MINUTES 43 SECONDS WEST FOR A DISTANCE OF 34.65 FEET; THENCE NORTH 68 DEGREES 37 MINUTES 17 SECONDS EAST FOR A DISTANCE OF 34.00 FEET; THENCE SOUTH 21 DEGREES 22 MINUTES 43 SECONDS EAST FOR A DISTANCE OF 32.54 FEET; THENCE SOUTH 65 DEGREES 03 MINUTES 55 SECONDS WEST FOR A DISTANCE OF 34.07 FEET TO THE POINT OF BEGINNING.

17220400M-1

02/27/2009  15:37  9S43467985                                         PAGE 02/02

Return to:   Sienna Woodwork Classics, Inc.
             450 SE 7th Street, Unit #273
             Dania Beach, FL 33004

                                                    03/04/2008 02:24 PM
                                                    Instrument# 2008-049953 # 1
Prepared by: Joseph G. Weil                         Book: 6200
             Sienna Woodwork Classics, Inc.         Page: 3864
             450 SE 7th Street, Unit #273           Diane H. Matusek
             Dania Beach, FL 33004                  Volusia County, Clerk of Court

                          **Claim of Lien**

State of Florida
County of  Volusia

                              **WARNING!**
        THIS LEGAL DOCUMENT REFLECTS THAT A CONSTRUCTION LIEN HAS BEEN
        PLACED ON THE REAL PROPERTY LISTED HEREIN. UNLESS THE OWNER OF
        SUCH PROPERTY TAKES ACTION TO SHORTEN THIS TIME PERIOD, THIS LIEN
        MAY REMAIN VALID FOR ONE YEAR FROM THE DATE OF RECORDING, AND
        SHALL EXPIRE AND BECOME NULL AND VOID THEREAFTER UNLESS LEGAL
        PROCEEDINGS HAVE BEEN COMMENCED TO FORECLOSE OR TO DISCHARGE
        THIS LIEN.

Before me, the undersigned notary public, personally appeared           Joseph G. Weil
who was duly sworn and says that he is the agent of the lienor herein,  Sienna Woodwork Classics,
whose address is           450 SE 7th Street  Unit #273  Dania Beach, FL 33004
and that in accordance with a contract with    Hollywood Woodwork, Inc.
whose address is           1351 South 30th Ave.  Hollywood, FL 33020
the lienor furnished labor, materials, and/or services consisting of
installation of millwork and casework and related labor & materials
on the following described real property located in   Volusia           County, Florida:

Marina Grand on the Halifax Condominium Consisting of 2  28 Story Condominium Towers
231 & 241 (237)  Riverside Drive · Holly Hill ·Folio#37-15-33-34-00-001 NCC;5728-2384
A Portion of Block 6 Shore Acres Riverside Addn  NB 11 Pg 34  Sec 37-15-33

which property is owned by:
             Holly Hill I Associates, Ltd.
             Attn: Theodore Slotzer, Esq. C/O Swartlow/Boca Developers Group, LLC.
             321 E. Hillsboro Blvd
             Deerfield Beach, FL 33441

             Said labor, materials, and/or services were of a total value of     $812,824.00
of which there remains unpaid      $59,459.73  The first of said labor, materials, and/or
services was furnished on   June 26, 2007              and the last on   January 19, 2008
and (if the lien is claimed by one not in privity with the owner) that Lienor served his
Notice to Owner on        July 25, 2007               by certified mail   70082150000076574994
and (if required) that the lienor served copies of the Notice to Owner on the contractor
on        July 25, 2007                                by certified mail   70082150000076574991
and on the subcontractor on    N/A                    by certified mail   N/A

                              Lienor:   Sienna Woodwork Classics, Inc.
State of Florida
County of                     By:      Joseph G. Weil   V.P.

             Sworn to and subscribed before me this   5   day of  March , 20 08
by  Joseph G. Weil  , who is personally known to me or who has produced
                 as identification

                                                    **Ann Mittelman**
             NOTARY PUBLIC                           Commission # DD442673
                                                     Expires July 21, 2009
             (print, type, or stamp commissioned name of Notary Public)

**Exhibit C**

Wiring Instruction

| | |
|---|---|
| To: | JP Morgan Chase, NYC |
| ABA #: | 021-000-021 |
| Account Name: | HSH Nordbank AG New York Branch |
| Account Number: | 400949687 |
| Ref: | Holly Hill I Associates, Ltd. |
| Attention: | Loan Operations – Gary Jermansky |

# EXHIBIT I



**HSH NORDBANK**

April 9, 2008

New York Branch

**VIA EMAIL, FACSIMILE AND FEDERAL EXPRESS**

Holly Hill Associates, Ltd.
c/o Boca Developers
321 East Hillsboro Boulevard
Deerfield Beach, Florida 33441
Attention: Theodore Stotzer, Esq.

> Re:    Loan from HSH Nordbank AG New York Branch ("Administrative Agent") and certain other Lenders ("Lenders") to Holly Hill I Associates, Ltd. ("Borrower") with respect to the construction of Marina Grande on the Halifax (the "Loan")

Gentlemen:

Reference is made to (i) that certain Loan Agreement dated as of December 15, 2005, among Borrower, Administrative Agent and the other Lenders, as amended by that certain First Amendment to Loan Agreement and Certain other Loan Documents dated as of March 7, 2006, that certain Second Amendment to Loan Agreement and Certain other Loan Documents dated as of May 18, 2006, and that certain Third Amendment to Loan Agreement and Certain other Loan Documents dated as of July 6, 2006 (collectively, the "Loan Agreement"), and (ii) our letters to you dated March 10, 2008, March 14, 2008, March 19, 2008 and April 3, 2008 regarding, among other things, the existence of certain Events of Default and the acceleration of the Loan. Capitalized terms used but not defined herein have the respective meanings given to them in the Loan Agreement.

**YOU ARE HEREBY GIVEN NOTICE THAT (A) TO MAINTAIN CONTINUITY OF INSURANCE PROTECTION FOR THE PROJECT AS REQUIRED UNDER THE LOAN AGREEMENT, LENDERS WILL BE REQUIRED TO MAKE A PROTECTIVE ADVANCE (AS AUTHORIZED UNDER SECTION 7.10 OF THE LOAN AGREEMENT) ON THURSDAY, APRIL 10, 2008, IN THE AMOUNT OF $38,545.91, FOR THE PURPOSE OF PAYING THE INSURANCE PREMIUMS NOTED AS DUE ON THE INVOICE FOR INSURANCE COVERAGE FROM MARCH 30, 2008 ATTACHED TO THIS LETTER AS EXHIBIT A (THE "PREMIUM PAYMENT"); AND (B) THE PREMIUM PAYMENT IS A GUARANTEED OBLIGATION UNDER THE PAYMENT GUARANTY, GIVEN BY THE GUARANTORS FOR THE BENEFIT OF ADMINISTRATIVE AGENT AND LENDERS.**

Nothing herein is intended (or shall be deemed) to constitute a waiver of any rights and/or remedies Administrative Agent and/or Lenders may have under the Loan Agreement

and/or any other Loan Documents or otherwise available to them at law or in equity, or a waiver of any known or unknown Default or Event of Default which may exist on the date hereof. Administrative Agent and Lenders reserve any and all rights and remedies available to them under the Loan Agreement and/or the other Loan Documents, or otherwise available to Administrative Agent and/or Lenders at law or in equity, all of which shall remain in full force and effect.

You are further advised that no oral communication from or on behalf of Administrative Agent and/or Lenders (or its or their advisors) shall constitute an agreement, commitment or evidence of any assurance or intention by them with respect to any aspect of the Loan. Any agreement, commitment, assurance or intention of Administrative Agent and/or Lenders with respect to any aspect of the Loan shall be effective only if set forth in writing duly executed by Administrative Agent.

Very truly yours,

HSH NORDBANK AG NEW YORK BRANCH

By: _____
Name:     Michael Carter
Title:     Senior Vice President
        HSH Nordbank AG, New York Branch

By: _____
Name:     Jeffrey Genuino
Title:     Vice President
        HSH Nordbank AG, New York Branch

- 2 -

cc:

| | |
|---|---|
| Bilzin Sumberg Baena Price & Axelrod LLP<br>Wachovia Financial Center<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131<br>Attention: James Shindell, Esq. | Mr. James Cohen<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. |
| Mr. Michael Swerdlow<br>c/o Swerdlow Group<br>3390 Mary Street Suite 200<br>Coconut Grove, Florida 33133 | Mr. Brian Street<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. |
| Bank of Scotland, Miami<br>1221 Brickell Avenue, Suite 1210<br>Miami, Florida  33131<br>Attention:  Richard Grani<br>         Senior Vice President<br>         richardgrani@bankofscotlandusa.com | Natixis<br>1251 Avenue of the Americas, 34th Fl.<br>New York, NY  10020<br>Attention:  Marie-Edith Dugeny<br>         Managing Director<br>         marie-edith.dugeny@natixis.us |
| Deutsche Hypothekenbank (Actien-Gesellschaft)<br>Georgesplatz 8<br>30159 Hannover – Germany<br>Attention:    Mr. Thomas Staats<br>           Authorized Officer<br>           Thomas.Staats@Deutche-Hypo.de | KBC Bank, NV<br>1177 Avenue of the Americas<br>New York, NY  10036<br>Attention:  Mr. Nicholas Philippedes<br>         Vice President<br>         Nicholas.Philippedes@KBC.be |
| LRP Landesbank Rheinland-Pfalz<br>c/o Landesbank Baden Wuerttemberg<br>280 Park Avenue, 31st Floor, West Building<br>New York, New York  10017<br>Attention:  Mr. Thomas Broschek<br>         Senior Vice President<br>         Thomas.Broschek@lbbwus.com | |
| Mark R. Lehrer, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 | Tina R. Patel, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 |

| Mr. Michael Carter<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | Jon Karnofsky, Esq.<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 |
|---|---|
| Mr. Gregory Allen<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | Ms. Shelly Kellner<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 |

Michael Carter /78/HSH
Nordbank/DE@HSHNB

04/09/2008 12:39 PM

To   shelly.kellner@hsh-nordbank.com

cc

bcc

Subject   Fw: Intent to Cancel (Marina Grande on the Halifax I Condo
Association, Inc Acct: 205-070927-110346 Policy:
FBP2320827 6010091710 6010091715 6010091712
GLO0005421 CFP1027947 CFP 1028699 00 18 UM5612283
SAA554382150710 EPP97148840)

----- Forwarded by Michael Carter/78/HSH Nordbank/DE on 04/09/2008 12:38 PM -----

"Christopher L . Pappas"
<c.pappas@thecontinentalgroupinc .com
>

04/04/2008 11:27 AM

To   <michael.carter@hsh-nordbank.com>

cc

Subj FW: Intent to Cancel (Marina Grande on the Halifax I Condo Association, Inc Acct:
ect 205-070927-110346 Policy: FBP2320827 6010091710 6010091715 6010091712
GLO0005421 CFP1027947 CFP 1028699 00 18 UM5612283 SAA554382150710
EPP97148840)

Please respond to
<cpappas@thecontinentalgroupinc.com
>

As per our conversation.

Christopher L. Pappas - C.A.M.
Senior Vice President
Property Management Division
The Continental Group, Inc.
(561) 640-1556 Direct Line
(561) 640-1801 Fax
CPappas@thecontinentalgroupinc.com
www.thecontinentalgroupinc.com

This message is confidential.  It may also be privileged or otherwise protected by work product immunity or other
legal rules.  If you have received it by mistake, please let us know by e-mail reply and delete it from your system.
If you are not the intended recipient, you may not copy this message or disclose its contents to anyone.  Please
note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the
contents of this message or any attachments may not have been produced by the sender.

 Please consider the environment before printing this e-mail

**From:** Olivia Jackson [mailto:ojackson@thecontinentalgroupinc.com]
**Sent:** Wednesday, April 02, 2008 12:43 PM
**To:** 'Shawn Johnson'; 'Sherry Baloff'
**Cc:** 'Diane Martinez'; 'Jennifer Waller'; cpappas@thecontinentalgroupinc.com
**Subject:** FW: Intent to Cancel (Marina Grande on the Halifax I Condo Association, Inc Acct:
205-070927-110346 Policy: FBP2320827 6010091710 6010091715 6010091712 GLO0005421 CFP1027947
CFP 1028699 00 18 UM5612283 SAA554382150710 EPP97148840)
**Importance:** High

Shawn,

I do know that March 2008 premium as well as April 2008 premium are due for the Condo Association.
Each totaling $30,534.01. There is roughly $16,000. in the Condo Association Operating Account.

How would you like me to proceed with this?

Olivia

---

**From:** Patti Ann Dresback [mailto:pdresback@beacongroupinc.com]
**Sent:** Wednesday, April 02, 2008 11:28 AM
**To:** 'Olivia Jackson'
**Cc:** 'Diane Martinez'
**Subject:** FW: Intent to Cancel (Marina Grande on the Halifax I Condo Association, Inc Acct:
205-070927-110346 Policy: FBP2320827 6010091710 6010091715 6010091712 GLO0005421 CFP1027947
CFP 1028699 00 18 UM5612283 SAA554382150710 EPP97148840)
**Importance:** High

Good Morning Olivia,
Can you please check on the payment status for the financed premium? Please keep me posted as to the
status on this account.
Thank you!
Patti-Ann

Patti Ann Dresback
Beacon Group, Inc.
6001 Broken Sound Pkwy NW #500
Boca Raton, FL 33487
561.994.9994 Ext 134
561.997.7087 Fax
pdresback@beacongroupinc.com
www.beacongroupinc.com

*Confidentiality Notice:*
*This e-mail transmission may contain confidential or legally privileged information that is intended only for the individual or entity named in the e-mail address. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents of this e-mail is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender, so that The Beacon Group, Inc. can arrange for proper delivery, and then please delete the message from your Inbox. Thank you.*

-----Original Message-----
**From:** Betsy Nawrocki [mailto:bnawrocki@beacongroupinc.com]
**Sent:** Wednesday, April 02, 2008 8:35 AM
**To:** 'Patti Ann Dresback'
**Subject:** FW: Intent to Cancel (Marina Grande on the Halifax I Condo Association, Inc Acct: 205-070927-110346 Policy: FBP2320827 6010091710 6010091715 6010091712 GLO0005421 CFP1027947 CFP 1028699 00 18 UM5612283 SAA554382150710 EPP97148840)
**Importance:** High

Betsy Nawrocki
Beacon Group Inc.
6001 Broken Sound Pkwy NW #500
Boca Raton, FL 33487-2730
Phone 1-561-994-9994 ext. 105
Fax 1-561-997-7087
bnawrocki@beacongroupinc.com
-----Original Message-----
**From:** customerservice@USPremiumFinance.com [mailto:customerservice@USPremiumFinance.com]
**Sent:** Tuesday, April 01, 2008 5:18 PM
**To:** bnawrocki@beacongroupinc.com
**Subject:** Intent to Cancel (Marina Grande on the Halifax I Condo Association, Inc Acct: 205-070927-110346 Policy: FBP2320827 6010091710 6010091715 6010091712 GLO0005421 CFP1027947 CFP 1028699 00 18 UM5612283 SAA554382150710 EPP97148840)
**Importance:** High

------------------------------------------------------------------
Premium Financing By U.S. Premium Finance, Inc.
------------------------------------------------------------------

To Insured:
Marina Grande on the Halifax I Condo Association, Inc
C/O Boca Developers
321 E Hillsboro Blvd
Deerfield Beach FL 33441

From:
U.S. Premium Finance, Inc.
1255 Lakes Pkwy Bldg 200 Ste 250 (Zip 30043)
PO Box 1110
Lawrenceville, GA 30046
Ph. 678-376-3236 Fax 678-376-4517
customerservice@USPremiumFinance.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOTICE OF INTENT TO CANCEL 4/1/2008

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AccountNumber: 205-070927-110346

Policy Numbers: FBP2320827 6010091710 6010091715 6010091712 GLO0005421
CFP1027947 CFP 1028699 00 18 UM5612283 SAA554382150710 EPP97148840

Our records indicate that this account is now past due. If we do not receive payment within 10
days from the date of this notice, we will request cancellation of this policy(s) to be effective on
4/11/2008 at 12:01 a.m. standard time. If there are any questions, please call: 678-376-3236.

Include late charge if payment will reach our office after:
4/1/2008

Due Date: 3/27/2008
Amount Due: $31,749.21
Late Charges: $1,526.70

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CC:
Agent:
The Beacon Group Inc.
6001 Broken Sound Pkwy, NW #500

Boca Raton FL 33487
Ph:561-994-9994
Fax:561-997-7087
bnawrocki@beacongroupinc.com

---

This message may contain confidential information. If you are not the intended recipient please promptly inform the sender and
delete this email. Any other unauthorized access or unauthorized forwarding, copy creation, publication or any other action in this
connection is prohibited. As we cannot guarantee the genuineness or completeness of the information contained in this message,
the statements set forth above are not legally binding. Please be aware of the possibility of secure email exchange with HSH
Nordbank AG. More information you can find here http://www.hsh-nordbank.de/secure_email/en

**NEXT DOCUMENT**

# NORDBANK

April 21, 2008

<u>**VIA EMAIL, FACSIMILE AND FEDERAL EXPRESS**</u>

Holly Hill Associates, Ltd.
c/o Boca Developers
321 East Hillsboro Boulevard
Deerfield Beach, Florida 33441
Attention: Theodore Stotzer, Esq.

> Re:   Loan from HSH Nordbank AG New York Branch ("<u>Administrative Agent</u>")
> and certain other Lenders ("<u>Lenders</u>") to Holly Hill I Associates, Ltd.
> ("<u>Borrower</u>") with respect to the construction of Marina Grande on the
> Halifax (the "Loan")

Gentlemen:

Reference is made to (i) that certain Loan Agreement dated as of December 15, 2005, among Borrower, Administrative Agent and the other Lenders, as amended by that certain First Amendment to Loan Agreement and Certain other Loan Documents dated as of March 7, 2006, that certain Second Amendment to Loan Agreement and Certain other Loan Documents dated as of May 18, 2006, and that certain Third Amendment to Loan Agreement and Certain other Loan Documents dated as of July 6, 2006 (collectively, the "<u>Loan Agreement</u>"), and (ii) our letters to you dated March 10, 2008, March 14, 2008, March 19, 2008 and April 3, 2008 regarding, among other things, the existence of certain Events of Default and the acceleration of the Loan. Capitalized terms used but not defined herein have the respective meanings given to them in the Loan Agreement.

**YOU ARE HEREBY GIVEN NOTICE THAT (A) TO ASSURE CONTINUITY OF ESSENTIAL SERVICES TO AND AT THE PROJECT, LENDERS INTEND TO MAKE A PROTECTIVE ADVANCE ON OR ABOUT APRIL 21, 2008, IN THE AMOUNT OF $237,586.40, FOR THE PURPOSE OF PAYING THE EXPENSES OF THE PROJECT NOTED ON <u>EXHIBIT A</u> ATTACHED HERETO (THE "<u>PROTECTIVE ADVANCE</u>"); AND (B) THE EXPENSES TO BE FUNDED BY THE PROTECTIVE ADVANCE ARE GUARANTEED OBLIGATIONS UNDER THE PAYMENT GUARANTY GIVEN BY THE GUARANTORS FOR THE BENEFIT OF ADMINISTRATIVE AGENT AND LENDERS.**

Nothing herein is intended (or shall be deemed) to constitute a waiver of any rights and/or remedies Administrative Agent and/or Lenders may have under the Loan Agreement and/or any other Loan Documents or otherwise available to them at law or in equity, or a waiver of any known or unknown Default or Event of Default which may exist on the date hereof. Administrative Agent and Lenders reserve any and all rights and remedies available to them

under the Loan Agreement and/or the other Loan Documents, or otherwise available to Administrative Agent and/or Lenders at law or in equity, all of which shall remain in full force and effect.

You are further advised that no oral communication from or on behalf of Administrative Agent and/or Lenders (or its or their advisors) shall constitute an agreement, commitment or evidence of any assurance or intention by them with respect to any aspect of the Loan. Any agreement, commitment, assurance or intention of Administrative Agent and/or Lenders with respect to any aspect of the Loan shall be effective only if set forth in writing duly executed by Administrative Agent.

Very truly yours,

HSH NORDBANK AG NEW YORK BRANCH

By: _____
     Name:        Gregory E. Alica
     Title:        Senior Vice President
                   HSH Nordbank

By: _____
     Name:
     Title:        Heidrun Meyer
                   Senior Vice President

- 2 -

cc:

| | |
|---|---|
| Bilzin Sumberg Baena Price & Axelrod LLP<br>Wachovia Financial Center<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131<br>Attention: James Shindell, Esq. | Mr. James Cohen<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. |
| Mr. Michael Swerdlow<br>c/o Swerdlow Group<br>3390 Mary Street Suite 200<br>Coconut Grove, Florida 33133 | Mr. Brian Street<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. |
| Bank of Scotland, Miami<br>1221 Brickell Avenue, Suite 1210<br>Miami, Florida 33131<br>Attention: Richard Grani<br>      Senior Vice President<br>      richardgrani@bankofscotlandusa.com | Natixis<br>1251 Avenue of the Americas, 34th Fl.<br>New York, NY 10020<br>Attention: Marie-Edith Dugeny<br>      Managing Director<br>      marie-edith.dugeny@natixis.us |
| Deutsche Hypothekenbank (Actien-Gesellschaft)<br>Georgesplatz 8<br>30159 Hannover – Germany<br>Attention:   Mr. Thomas Staats<br>      Authorized Officer<br>      Thomas.Staats@Deutche-Hypo.de | KBC Bank, NV<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attention: Mr. Nicholas Philippedes<br>      Vice President<br>      Nicholas.Philippedes@KBC.be |
| LRP Landesbank Rheinland-Pfalz<br>c/o Landesbank Baden Wuerttemberg<br>280 Park Avenue, 31st Floor, West Building<br>New York, New York 10017<br>Attention: Mr. Thomas Broschek<br>      Senior Vice President<br>      Thomas.Broschek@lbbwus.com | |
| Mark R. Lehrer, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 | Tina R. Patel, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 |

| Mr. Michael Carter | Jon Karnofsky, Esq. |
|---|---|
| HSH Nordbank AG | HSH Nordbank AG |
| New York Branch | New York Branch |
| 230 Park Avenue, 32nd Floor | 230 Park Avenue, 32nd Floor |
| New York, NY 10169-0005 | New York, NY 10169-0005 |
| Mr. Gregory Allen | Ms. Shelly Kellner |
| HSH Nordbank AG | HSH Nordbank AG |
| New York Branch | New York Branch |
| 230 Park Avenue, 32nd Floor | 230 Park Avenue, 32nd Floor |
| New York, NY 10169-0005 | New York, NY 10169-0005 |

Exhibit A

Current Holly Hill I Associates, Ltd. Condominium Association Payables

| | Service | Master Association | Condo Association | Total Due |
|---|---|---|---|---|
| Utility Bills due Florida Power & Light | Power | 835.38 | 15,598.41 | 16,433.79 |
| Utility Bills due TECO | Gas | 0.00 | 12,343.69 | 12,343.69 |
| City of Holly Hill | Water, Etc. | 9,590.67 | 14,362.94 | 23,953.61 |
| US Premium Finance | Insurance | 6,830.49 | 30,534.01 | 37,364.50 |
| Beacon Group | Insurance (Pool) | 0.00 | 165.00 | 165.00 |
| Citizens Property Insurance | Insurance | 0.00 | 5,992.00 | 5,992.00 |
| Securitas | Security | 141,333.81 | 0.00 | 141,333.81 |
| TOTAL | | | | 237,586.40 |

**NEXT DOCUMENT**

# NORDBANK

May 1, 2008

**VIA EMAIL, FACSIMILE AND FEDERAL EXPRESS**

Holly Hill Associates, Ltd.
c/o Boca Developers
321 East Hillsboro Boulevard
Deerfield Beach, Florida 33441
Attention: Theodore Stotzer, Esq.

> Re:     Loan from HSH Nordbank AG New York Branch ("Administrative Agent")
> and certain other Lenders ("Lenders") to Holly Hill I Associates, Ltd.
> ("Borrower") with respect to the construction of Marina Grande on the
> Halifax (the "Loan")

Gentlemen:

Reference is made to (i) that certain Loan Agreement dated as of December 15, 2005, among Borrower, Administrative Agent and the other Lenders, as amended by that certain First Amendment to Loan Agreement and Certain other Loan Documents dated as of March 7, 2006, that certain Second Amendment to Loan Agreement and Certain other Loan Documents dated as of May 18, 2006, and that certain Third Amendment to Loan Agreement and Certain other Loan Documents dated as of July 6, 2006 (collectively, the "Loan Agreement"), and (ii) our letters to you dated March 10, 2008, March 14, 2008, March 19, 2008 and April 3, 2008 regarding, among other things, the existence of certain Events of Default and the acceleration of the Loan. Capitalized terms used but not defined herein have the respective meanings given to them in the Loan Agreement.

**YOU ARE HEREBY GIVEN NOTICE THAT (A) TO ASSURE CONTINUITY OF ESSENTIAL SERVICES TO AND AT THE PROJECT, LENDERS INTEND TO MAKE A PROTECTIVE ADVANCE ON OR ABOUT MAY 1, 2008, IN THE AMOUNT OF $450,673.67, FOR THE PURPOSE OF PAYING THE EXPENSES OF THE PROJECT NOTED ON EXHIBIT A ATTACHED HERETO (THE "PROTECTIVE ADVANCE"); AND (B) THE EXPENSES TO BE FUNDED BY THE PROTECTIVE ADVANCE ARE GUARANTEED OBLIGATIONS UNDER THE PAYMENT GUARANTY GIVEN BY THE GUARANTORS FOR THE BENEFIT OF ADMINISTRATIVE AGENT AND LENDERS.**

Nothing herein is intended (or shall be deemed) to constitute a waiver of any rights and/or remedies Administrative Agent and/or Lenders may have under the Loan Agreement and/or any other Loan Documents or otherwise available to them at law or in equity, or a waiver of any known or unknown Default or Event of Default which may exist on the date hereof. Administrative Agent and Lenders reserve any and all rights and remedies available to them

under the Loan Agreement and/or the other Loan Documents, or otherwise available to Administrative Agent and/or Lenders at law or in equity, all of which shall remain in full force and effect.

You are further advised that no oral communication from or on behalf of Administrative Agent and/or Lenders (or its or their advisors) shall constitute an agreement, commitment or evidence of any assurance or intention by them with respect to any aspect of the Loan. Any agreement, commitment, assurance or intention of Administrative Agent and/or Lenders with respect to any aspect of the Loan shall be effective only if set forth in writing duly executed by Administrative Agent.

Very truly yours,

HSH NORDBANK AG NEW YORK BRANCH

By: _____
Name:    Michael Carter
Title:    Senior Vice President
         HSH Nordbank AG, New York Branch

By: _____
Name:    Gregory E. Allen
Title:    Senior Vice President
         HSH Nordbank

- 2 -

cc:

| | |
|---|---|
| Bilzin Sumberg Baena Price & Axelrod LLP<br>Wachovia Financial Center<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131<br>Attention: James Shindell, Esq. | Mr. James Cohen<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. |
| Mr. Michael Swerdlow<br>c/o Swerdlow Group<br>3390 Mary Street Suite 200<br>Coconut Grove, Florida 33133 | Mr. Brian Street<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. |
| Bank of Scotland, Miami<br>1221 Brickell Avenue, Suite 1210<br>Miami, Florida 33131<br>Attention: Richard Grani<br>        Senior Vice President<br>        richardgrani@bankofscotlandusa.com | Natixis<br>1251 Avenue of the Americas, 34th Fl.<br>New York, NY 10020<br>Attention: Marie-Edith Dugeny<br>        Managing Director<br>        marie-edith.dugeny@natixis.us |
| Deutsche Hypothekenbank (Actien-Gesellschaft)<br>Georgesplatz 8<br>30159 Hannover – Germany<br>Attention:     Mr. Thomas Staats<br>        Authorized Officer<br>        Thomas.Staats@Deutche-Hypo.de | KBC Bank, NV<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attention: Mr. Nicholas Philippedes<br>        Vice President<br>        Nicholas.Philippedes@KBC.be |
| LRP Landesbank Rheinland-Pfalz<br>c/o Landesbank Baden Wuerttemberg<br>280 Park Avenue, 31st Floor, West Building<br>New York, New York 10017<br>Attention: Mr. Thomas Broschek<br>        Senior Vice President<br>        Thomas.Broschek@lbbwus.com | |
| Mark R. Lehrer, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 | Tina R. Patel, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 |

| | |
|---|---|
| Mr. Michael Carter<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | Jon Karnofsky, Esq.<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 |
| Mr. Gregory Allen<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | Ms. Shelly Kellner<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 |

Exhibit A

| | Service | Master Association | Condo Association | Past Due Amounts | Total Due |
|---|---|---|---|---|---|
| Utility Bills due Florida Power & Light | Power | 13.13 | 30,321.79 | 0.00 | 30,334.92 |
| Utility Bills due TECO | Gas | 0.00 | 4,482.22 | 0.00 | 4,482.22 |
| AW Pro | Janitorial | 0.00 | 0.00 | 27,999.99 | 27,999.99 |
| Blue Water Pool Supplies | Pool Maint. | 0.00 | 0.00 | 2,413.91 | 2,413.91 |
| Dave's Pest Control | Pest Control | 0.00 | 0.00 | 692.23 | 692.23 |
| City of Holly Hill | Water, Etc. | 10,226.07 | 13,199.55 | 0.00 | 23,425.62 |
| **SUBTOTAL** | | $10,239.20 | $48,003.56 | $31,106.13 | $89,348.89 |
| Continental Group | Management Fee | 130,338.79 | 230,985.99 | 361,324.78 | 361,324.78 |
| **TOTAL** | | $392,430.91 | | | $450,673.67 |

# NEXT DOCUMENT

# NORDBANK

May 27, 2008

**VIA EMAIL, FACSIMILE AND FEDERAL EXPRESS**

Holly Hill Associates, Ltd.
c/o Boca Developers
321 East Hillsboro Boulevard
Deerfield Beach, Florida 33441
Attention: Theodore Stotzer, Esq.

> Re:  Loan from HSH Nordbank AG New York Branch ("Administrative Agent")
> and certain other Lenders ("Lenders") to Holly Hill 1 Associates, Ltd.
> ("Borrower") with respect to the construction of Marina Grande on the
> Halifax (the "Loan")

Gentlemen:

Reference is made to (i) that certain Loan Agreement dated as of December 15, 2005, among Borrower, Administrative Agent and the other Lenders, as amended by that certain First Amendment to Loan Agreement and Certain other Loan Documents dated as of March 7, 2006, that certain Second Amendment to Loan Agreement and Certain other Loan Documents dated as of May 18, 2006, and that certain Third Amendment to Loan Agreement and Certain other Loan Documents dated as of July 6, 2006 (collectively, the "Loan Agreement"), and (ii) our letters to you dated March 10, 2008, March 14, 2008, March 19, 2008 and April 3, 2008 regarding, among other things, the existence of certain Events of Default and the acceleration of the Loan. Capitalized terms used but not defined herein have the respective meanings given to them in the Loan Agreement.

**YOU ARE HEREBY GIVEN NOTICE THAT (A) TO ASSURE CONTINUITY OF ESSENTIAL SERVICES TO AND AT THE PROJECT, LENDERS INTEND TO MAKE A PROTECTIVE ADVANCE ON OR ABOUT MAY 1, 2008, IN THE AMOUNT OF $120,440.97, FOR THE PURPOSE OF PAYING THE EXPENSES OF THE PROJECT NOTED ON EXHIBIT A ATTACHED HERETO (THE "PROTECTIVE ADVANCE"); AND (B) THE EXPENSES TO BE FUNDED BY THE PROTECTIVE ADVANCE ARE GUARANTEED OBLIGATIONS UNDER THE PAYMENT GUARANTY GIVEN BY THE GUARANTORS FOR THE BENEFIT OF ADMINISTRATIVE AGENT AND LENDERS.**

Nothing herein is intended (or shall be deemed) to constitute a waiver of any rights and/or remedies Administrative Agent and/or Lenders may have under the Loan Agreement and/or any other Loan Documents or otherwise available to them at law or in equity, or a waiver of any known or unknown Default or Event of Default which may exist on the date hereof. Administrative Agent and Lenders reserve any and all rights and remedies available to them

under the Loan Agreement and/or the other Loan Documents, or otherwise available to Administrative Agent and/or Lenders at law or in equity, all of which shall remain in full force and effect.

You are further advised that no oral communication from or on behalf of Administrative Agent and/or Lenders (or its or their advisors) shall constitute an agreement, commitment or evidence of any assurance or intention by them with respect to any aspect of the Loan. Any agreement, commitment, assurance or intention of Administrative Agent and/or Lenders with respect to any aspect of the Loan shall be effective only if set forth in writing duly executed by Administrative Agent.

Very truly yours,

HSH NORDBANK AG NEW YORK BRANCH

By: _____
Name:
Title:
Michael Carter
Senior Vice President
HSH Nordbank AG, New York Branch

By: _____
Name:
Title:
Gregory E. Allen
Senior Vice Presiden
HSH Nordbank

- 2 -

cc:

| | |
|---|---|
| Bilzin Sumberg Baena Price & Axelrod LLP<br>Wachovia Financial Center<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131<br>Attention: James Shindell, Esq. | Mr. James Cohen<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. |
| Mr. Michael Swerdlow<br>c/o Swerdlow Group<br>3390 Mary Street Suite 200<br>Coconut Grove, Florida 33133 | Mr. Brian Street<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. |
| Bank of Scotland, Miami<br>1221 Brickell Avenue, Suite 1210<br>Miami, Florida 33131<br>Attention: Richard Grani<br>  Senior Vice President<br>  richardgrani@bankofscotlandusa.com | Natixis<br>1251 Avenue of the Americas, 34th Fl.<br>New York, NY 10020<br>Attention: Marie-Edith Dugeny<br>  Managing Director<br>  marie-edith.dugeny@natixis.us |
| Deutsche Hypothekenbank (Actien-Gesellschaft)<br>Georgesplatz 8<br>30159 Hannover – Germany<br>Attention: Mr. Thomas Staats<br>  Authorized Officer<br>  Thomas.Staats@Deutche-Hypo.de | KBC Bank, NV<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attention: Mr. Nicholas Philippedes<br>  Vice President<br>  Nicholas.Philippedes@KBC.be |
| LRP Landesbank Rheinland-Pfalz<br>c/o Landesbank Baden Wuerttemberg<br>280 Park Avenue, 31st Floor, West Building<br>New York, New York 10017<br>Attention: Mr. Thomas Broschek<br>  Senior Vice President<br>  Thomas.Broschek@lbbwus.com | |
| Mark R. Lehrer, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 | Tina R. Patel, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 |

| | |
|---|---|
| Mr. Michael Carter<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | Jon Karnofsky, Esq.<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 |
| Mr. Gregory Allen<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | Ms. Shelly Kellner<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 |

Holly Hill I Associates, Ltd. Protective Advance 5/27/08

Exhibit A

| | Service | Master Association | Condo Association | Past Due Amounts | Total Due | Due Date |
|---|---|---|---|---|---|---|
| Dave's Pest Control | Pest Control | 0.00 | 346.13 | 0.00 | 346.13 | June 12, 2008 |
| Schindler Elevator Company | Elevator | 0.00 | 734.08 | 0.00 | 734.08 | June 7, 2008 |
| Volusia County Health Department | Pool Operating Permit | 0.00 | 200.00 | 0.00 | 200.00 | June 1, 2008 |
| US Premium Finance | Insurance | 6,830.49 | 30,534.01 | 0.00 | 37,364.50 | May 27, 2008 |
| Luke Brothers | Landscaping | 4,583.50 | 0.00 | 17,188.13 | 21,771.63 | Past Due |
| AW Pro Services | Janitor | 0.00 | 9,333.33 | 0.00 | 9,333.33 | May 31, 2008 |
| Securitas | Security | 16,207.63 | 0.00 | 0.00 | 16,207.63 | June 1, 2008 |
| City of Holly Hill | Water, Etc. | 6,658.11 | 12,825.56 | 0.00 | 19,483.67 | June 3, 2008 |
| Marina Permit (estimate) | Permitting | 0.00 | 15,000.00 | 0.00 | 15,000.00 | May 29, 2008 |
| TOTAL | | $34,279.73 | $68,973.11 | $17,188.13 | $120,440.97 | |

**NEXT DOCUMENT**

# NORDBANK

June 9, 2008

**VIA EMAIL, FACSIMILE AND FEDERAL EXPRESS**

Holly Hill I Associates, Ltd.
c/o Boca Developers
321 East Hillsboro Boulevard
Deerfield Beach, Florida 33441
Attention: Theodore Stotzer, Esq.

> Re:     Loan from HSH Nordbank AG New York Branch ("Administrative Agent")
> and certain other Lenders ("Lenders") to Holly Hill I Associates, Ltd.
> ("Borrower") with respect to the construction of Marina Grande on the
> Halifax (the "Loan")

Gentlemen:

Reference is made to (i) that certain Loan Agreement dated as of December 15, 2005, among Borrower, Administrative Agent and the other Lenders, as amended by that certain First Amendment to Loan Agreement and Certain other Loan Documents dated as of March 7, 2006, that certain Second Amendment to Loan Agreement and Certain other Loan Documents dated as of May 18, 2006, and that certain Third Amendment to Loan Agreement and Certain other Loan Documents dated as of July 6, 2006 (collectively, the "Loan Agreement"), and (ii) our letters to you dated March 10, 2008, March 14, 2008, March 19, 2008 and April 3, 2008 regarding, among other things, the existence of certain Events of Default and the acceleration of the Loan. Capitalized terms used but not defined herein have the respective meanings given to them in the Loan Agreement.

**YOU ARE HEREBY GIVEN NOTICE THAT (A) TO ASSURE CONTINUITY OF ESSENTIAL SERVICES TO AND AT THE PROJECT, LENDERS INTEND TO MAKE A PROTECTIVE ADVANCE ON OR ABOUT JUNE 9, 2008, IN THE AMOUNT OF $81,523.91 FOR THE PURPOSE OF PAYING THE EXPENSES OF THE PROJECT NOTED ON EXHIBIT A ATTACHED HERETO (THE "PROTECTIVE ADVANCE"); AND (B) THE EXPENSES TO BE FUNDED BY THE PROTECTIVE ADVANCE ARE GUARANTEED OBLIGATIONS UNDER THE PAYMENT GUARANTY GIVEN BY THE GUARANTORS FOR THE BENEFIT OF ADMINISTRATIVE AGENT AND LENDERS.**

Nothing herein is intended (or shall be deemed) to constitute a waiver of any rights and/or remedies Administrative Agent and/or Lenders may have under the Loan Agreement and/or any other Loan Documents or otherwise available to them at law or in equity, or a waiver of any known or unknown Default or Event of Default which may exist on the date hereof. Administrative Agent and Lenders reserve any and all rights and remedies available to them

under the Loan Agreement and/or the other Loan Documents, or otherwise available to Administrative Agent and/or Lenders at law or in equity, all of which shall remain in full force and effect.

You are further advised that no oral communication from or on behalf of Administrative Agent and/or Lenders (or its or their advisors) shall constitute an agreement, commitment or evidence of any assurance or intention by them with respect to any aspect of the Loan. Any agreement, commitment, assurance or intention of Administrative Agent and/or Lenders with respect to any aspect of the Loan shall be effective only if set forth in writing duly executed by Administrative Agent.

Very truly yours,

HSH NORDBANK AG NEW YORK BRANCH

By: _____
Name: Michael Carter
Title: Senior Vice President
HSH Nordbank AG, New York Branch

By: _____
Name: Gregory E. Allen
Title: Senior Vice Presid...
HSH Nordban...

- 2 -

cc:

| | |
|---|---|
| Bilzin Sumberg Baena Price & Axelrod LLP<br>Wachovia Financial Center<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131<br>Attention: James Shindell, Esq. | Mr. James Cohen<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. |
| Mr. Michael Swerdlow<br>c/o Swerdlow Group<br>3390 Mary Street Suite 200<br>Coconut Grove, Florida 33133 | Mr. Brian Street<br>c/o Boca Developers<br>321 Hillsboro Boulevard<br>Deerfield Beach, Florida 33441<br>Attention: Theodore Stotzer, Esq. |
| Bank of Scotland, Miami<br>1221 Brickell Avenue, Suite 1210<br>Miami, Florida 33131<br>Attention: Richard Grani<br>　　　　Senior Vice President<br>　　　　richardgrani@bankofscotlandusa.com | Natixis<br>1251 Avenue of the Americas, 34th Fl.<br>New York, NY 10020<br>Attention: Marie-Edith Dugeny<br>　　　　Managing Director<br>　　　　marie-edith.dugeny@natixis.us |
| Deutsche Hypothekenbank (Actien-Gesellschaft)<br>Georgesplatz 8<br>30159 Hannover – Germany<br>Attention:　Mr. Thomas Staats<br>　　　　Authorized Officer<br>　　　　Thomas.Staats@Deutche-Hypo.de | KBC Bank, NV<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attention: Mr. Nicholas Philippedes<br>　　　　Vice President<br>　　　　Nicholas.Philippedes@KBC.be |
| LRP Landesbank Rheinland-Pfalz<br>c/o Landesbank Baden Wuerttemberg<br>280 Park Avenue, 31st Floor, West Building<br>New York, New York 10017<br>Attention: Mr. Thomas Broschek<br>　　　　Senior Vice President<br>　　　　Thomas.Broschek@lbbwus.com | |
| Mark R. Lehrer, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 | Tina R. Patel, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 |

| Mr. Gregory Allen | Jon Karnofsky, Esq. |
|---|---|
| HSH Nordbank AG | HSH Nordbank AG |
| New York Branch | New York Branch |
| 230 Park Avenue, 32nd Floor | 230 Park Avenue, 32nd Floor |
| New York, NY 10169-0005 | New York, NY 10169-0005 |
|  |  |

Holly Hill I Associates, Ltd. Protective Advance 6/9/08

Exhibit A

| Service | Master Association | Condo Association | Past Due Amounts | Total Due |
|---|---|---|---|---|
| The Beacon Group | Interior Insurance | 0.00 | 0.00 | 44,282.89 | 44,282.89 |
| Florida Power & Light | Power | 12.65 | 29,782.47 | 0.00 | 29,795.12 |
| TECO | Gas | 0.00 | 2,955.26 | 0.00 | 2,955.26 |
| Dept. of Business & Professional Regulation | Annual Condo Fees | 0.00 | 0.00 | 4,490.64 | 4,490.64 |
| **TOTAL** | | $12.65 | $32,737.73 | $48,773.53 | $81,523.91 |

# EXHIBIT J

# NORDBANK

May 16, 2008

**VIA EMAIL, FACSIMILE AND FEDERAL EXPRESS**

Mr. James Cohen
c/o Boca Developers
321 Hillsboro Boulevard
Deerfield Beach, Florida 33441
Attention: Theodore Stotzer, Esq.

Mr. Michael Swerdlow
c/o Swerdlow Group
3390 Mary Street Suite 200
Coconut Grove, Florida 33133

Mr. Brian Street
c/o Boca Developers
321 Hillsboro Boulevard
Deerfield Beach, Florida 33441
Attention: Theodore Stotzer, Esq.

Re:     Loan from HSH Nordbank AG New York Branch ("Administrative Agent") and certain other Lenders ("Lenders") to Holly Hill I Associates, Ltd. ("Borrower") with respect to the construction of Marina Grande on the Halifax (the "Loan")

Gentlemen:

Reference is made to (i) that certain Loan Agreement dated as of December 15, 2005, among Borrower, Administrative Agent and the other Lenders, as amended by that certain First Amendment to Loan Agreement and Certain other Loan Documents dated as of March 7, 2006, that certain Second Amendment to Loan Agreement and Certain other Loan Documents dated as of May 18, 2006, and that certain Third Amendment to Loan Agreement and Certain other Loan Documents dated as of July 6, 2006 (collectively, the "Loan Agreement"), and (ii) our letters to you as the joint and several guarantors of the Loan, both dated April 4, 2008 (the "Guaranty Demand Letters"). Copies of the Guaranty Demand Letters are attached hereto as Exhibits A and B, respectively.

**YOU ARE HEREBY GIVEN NOTICE OF THE FOLLOWING:**

1.     You are in default under the Guaranties by virtue of your failure to comply with the demands made upon you in the Guaranty Demand Letters.

2.     You are in default under the Joinder attached to the Loan Agreement by virtue of your failure to comply with the provisions of Section 2(d) of the Joinder which require you "to furnish timely (or cause to be furnished timely) to Administrative Agent the financial statements required . . . under Section 11.3" of the Loan Agreement.

1760524O.V-1

**DEMAND IS HEREBY MADE UNDER THE JOINDER THAT YOU IMMEDIATELY PROVIDE TO ADMINISTRATIVE AGENT THE FINANCIAL STATEMENTS REQUIRED FROM EACH OF YOU UNDER SECTION 11.3 OF THE LOAN AGREEMENT (A COPY OF WHICH IS ATTACHED HERETO AS EXHIBIT C FOR YOUR REFERENCE).**

Nothing herein is intended (or shall be deemed) to constitute a waiver of any rights and/or remedies Administrative Agent and/or Lenders may have under the Guaranties, the Joinder and/or any other Loan Documents or otherwise available to them at law or in equity, or a waiver of any other known or unknown Default or Event of Default which may exist on the date hereof. Administrative Agent and Lenders reserve any and all rights and remedies available to them under the Guaranties, the Joinder and/or the other Loan Documents or otherwise available to them at law or in equity, all of which shall remain in full force and effect.

You are further advised that no oral communication from or on behalf of Administrative Agent and/or Lenders (or its or their advisors) shall constitute an agreement, commitment or evidence of any assurance or intention by them with respect to any aspect of the Loan or the Guaranties or the Joinder. Any agreement, commitment, assurance or intention of Administrative Agent and/or Lenders with respect to any aspect of the Loan, the Guaranties or the Joinder shall be effective only if set forth in a writing duly executed by Administrative Agent.

Very truly yours,

HSH NORDBANK AG NEW YORK BRANCH

By: _____

Name:  Michael Carter
Title: Senior Vice President
HSH Nordbank AG, New York Branch

By: _____

Name:  Gregory E. Allen
Title: Senior Vice President
       HSH Nordbank

cc:

| Bilzin Sumberg Baena Price & Axelrod LLP<br>Wachovia Financial Center<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131<br>Attention: James Shindell, Esq. | |
|---|---|
| | |

- 2 -

| | |
|---|---|
| Bank of Scotland, Miami<br>1221 Brickell Avenue, Suite 1210<br>Miami, Florida 33131<br>Attention: Richard Grani<br>      Senior Vice President<br>      richardgrani@bankofscotlandusa.com | Natixis<br>1251 Avenue of the Americas, 34th Fl.<br>New York, NY 10020<br>Attention: Marie-Edith Dugeny<br>      Managing Director<br>      marie-edith.dugeny@natixis.us |
| Deutsche Hypothekenbank (Actien-Gesellschaft)<br>Georgesplatz 8<br>30159 Hannover – Germany<br>Attention: Mr. Thomas Staats<br>      Authorized Officer<br>      Thomas.Staats@Deutsche-Hypo.de | KBC Bank, NV<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attention: Mr. Nicholas Philippides<br>      Vice President<br>      Nicholas.Philippides@KBC.be |
| LRP Landesbank Rheinland-Pfalz<br>c/o Landesbank Baden Wuerttemberg<br>280 Park Avenue, 31st Floor, West Building<br>New York, New York 10017<br>Attention: Mr. Thomas Broschek<br>      Senior Vice President<br>      Thomas.Broschek@lbbwus.com | |
| Madeleine L.L.C.<br>299 Park Avenue, 23rd Floor<br>New York, New York 10171<br>Attention: Mr. Tom Arnold | Jill D. Block, Esq.<br>Orrick, Herrington & Sutcliffe LLP<br>666 Fifth Avenue<br>New York, NY 10103-0001 |
| Mark R. Lehrer, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 | Tina R. Patel, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 |
| Mr. Gregory Allen<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | Jon Karnofsky, Esq.<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 |

**Exhibit A**



April 4, 2008                                                    New York Branch

<u>VIA EMAIL, FACSIMILE AND FEDERAL EXPRESS</u>

Mr. James Cohen                          Mr. Michael Swerdlow
c/o Boca Developers                      c/o Swerdlow Group
321 Hillsboro Boulevard                  3390 Mary Street Suite 200
Deerfield Beach, Florida 33441           Coconut Grove, Florida 33133
Attention: Theodore Stotzer, Esq.

Mr. Brian Street
c/o Boca Developers
321 Hillsboro Boulevard
Deerfield Beach, Florida 33441
Attention: Theodore Stotzer, Esq.

Re:   Guaranty of Payment dated December 15, 2005, as same may have been
      amended by a certain First Amendment to Loan Agreement and Certain other
      Loan Documents dated March 7, 2006, a certain Second Amendment to Loan
      Agreement dated June 1, 2006, and a certain Third Amendment to Loan
      Agreement dated July 6, 2006 (collectively, the "Guaranty")

Gentlemen:

Reference is made to the captioned Guaranty. Capitalized terms used but not defined
herein shall have the respective meanings given to them in the Guaranty.

YOU ARE HEREBY GIVEN NOTICE OF THE FOLLOWING:

1.      Certain Events of Default exist and have not been cured by Borrower (see letters
attached hereto as <u>Exhibit A</u>).

2.      As a result of those Events of Default, Administrative Agent and Lenders elected
to accelerate the Loan effective as of April 3, 2008 (the "<u>Acceleration Date</u>") (see letters attached
hereto as <u>Exhibit B</u>).

3.      As of Acceleration Date, the entire outstanding principal amount of the Loan of
$132,684,433.69, plus all accrued interest and fees thereon (which totaled $660,883.99 as of the
Acceleration Date), and all other amounts due and owing to Administrative Agent and/or
Lenders under the Loan Documents (including, without limitation, attorneys' fees and
disbursements), became immediately due and payable.

4.    Under <u>Section 1</u> of the Guaranty, each of you is jointly and severally liable for the full payment when due of all interest on the Loan.

**DEMAND IS HEREBY MADE UNDER THE GUARANTY FOR THE IMMEDIATE PAYMENT OF ALL INTEREST DUE AND FEES ON THE LOAN, WHICH (A) AS OF THE DATE HEREOF EQUALS $660,883.99, AND (B) CONTINUES TO ACCRUE AT THE DEFAULT RATE (SUBJECT TO CHANGE AS PROVIDED IN THE LOAN AGREEMENT). ALL INTEREST SHOULD BE PAID DIRECTLY TO ADMINISTRATIVE AGENT IN ACCORDANCE WITH THE WIRING INSTRUCTIONS ATTACHED HERETO AS <u>EXHIBIT C</u>.**

Nothing herein is intended (or shall be deemed) to constitute a waiver of any rights and/or remedies Administrative Agent and/or Lenders may have under the Guaranty and/or any other Loan Documents or otherwise available to them at law or in equity, or a waiver of any other known or unknown Default or Event of Default which may exist on the date hereof. Administrative Agent and Lenders reserve any and all rights and remedies available to them under the Guaranty and/or the other Loan Documents or otherwise available to them at law or in equity, all of which shall remain in full force and effect.

You are further advised that no oral communication from or on behalf of Administrative Agent and/or Lenders (or its or their advisors) shall constitute an agreement, commitment or evidence of any assurance or intention by them with respect to any aspect of the Loan or the Guaranty. Any agreement, commitment, assurance or intention of Administrative Agent and/or Lenders with respect to any aspect of the Loan or the Guaranty shall be effective only if set forth in a writing duly executed by Administrative Agent.

Very truly yours,

HSH NORDBANK AG NEW YORK BRANCH

By: _____

Name: Gregory E. Allen
Title: Senior Vice President
HSH Nordbank

By: _____

Name: Michael Carter
Title: Senior Vice President
HSH Nordbank AG, New York Branch

cc:

| Bilzin Sumberg Baena Price & Axelrod LLP | |
| Wachovia Financial Center | |
| 200 South Biscayne Boulevard, Suite 2500 | |
| Miami, Florida 33131 | |
| Attention: James Shindell, Esq. | |

- 2 -

| | |
|---|---|
| Bank of Scotland, Miami<br>1221 Brickell Avenue, Suite 1210<br>Miami, Florida 33131<br>Attention: Richard Grani<br>richardgrani@bankofscotlandusa.com | Natixis<br>1251 Avenue of the Americas, 34th Fl.<br>New York, NY 10020<br>Attention: Marie-Edith Dugeny<br>marie-edith.dugeny@natixis.us |
| Deutsche Hypothekenbank (Actien-Gesellschaft)<br>Georgesplatz 8<br>30159 Hannover – Germany<br>Attention:     Mr. Thomas Staats<br>Thomas.Staats@Deutche-Hypo.de | KBC Bank, NV<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attention: Mr. Nicholas Philippedes<br>Nicholas.Philippedes@KBC. |
| LRP Landesbank Rheinland-Pfalz<br>c/o Landesbank Baden Wuerttemberg<br>280 Park Avenue, 31st Floor, West Building<br>New York, New York 10017<br>Attention: Mr. Thomas Broschek<br>Thomas.Broschek@lbbwus.com | |
| Madeleine L.L.C.<br>299 Park Avenue, 23rd Floor<br>New York, New York 10171<br>Attention: Mr. Tom Arnold | Jill D. Block, Esq.<br>Orrick, Herrington & Sutcliffe LLP<br>666 Fifth Avenue<br>New York, NY 10103-0001 |
| Mark R. Lehrer, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 | |
| Mr. Gregory Allen<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | Jon Karnofsky, Esq.<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 |

**Exhibit B**



HSH NORDBANK

April 4, 2008                                                    New York Branch

<u>VIA EMAIL, FACSIMILE AND FEDERAL EXPRESS</u>

Mr. James Cohen                          Mr. Michael Swerdlow
c/o Boca Developers                      c/o Swerdlow Group
321 Hillsboro Boulevard                  3390 Mary Street Suite 200
Deerfield Beach, Florida 33441           Coconut Grove, Florida 33133
Attention: Theodore Stotzer, Esq.

Mr. Brian Street
c/o Boca Developers
321 Hillsboro Boulevard
Deerfield Beach, Florida 33441
Attention: Theodore Stotzer, Esq.

Re:    Principal Guaranty dated July 6, 2006, by Michael Swerdlow, James Cohen
       and Brian Street (the "<u>Guaranty</u>") in connection with a Loan from HSH Nordbank
       AG New York Branch ("<u>Administrative Agent</u>") and certain other Lenders
       ("<u>Lenders</u>") to Holly Hill I Associates, Ltd. ("<u>Borrower</u>") with respect to the
       <u>construction of Marina Grande on the Halifax (the "Loan")</u>

Gentlemen:

       Reference is made to the captioned Guaranty. Capitalized terms used but not defined
herein shall have the respective meanings given to them in the Guaranty.

       **YOU ARE HEREBY GIVEN NOTICE OF THE FOLLOWING:**

       1.      Certain Events of Default exist and have not been cured by Borrower (see letters
attached hereto as <u>Exhibit A</u>).

       2.      As a result of those Events of Default, Administrative Agent and Lenders elected
to accelerate the Loan effective as of April 3, 2008 (the "<u>Acceleration Date</u>") (see letter attached
hereto as <u>Exhibit B</u>).

       3.      As of the Acceleration Date, the entire outstanding principal amount of the Loan
of $132,684,433.69, plus all accrued interest thereon (which totaled $660,883.99 as of the
Acceleration Date), and all other amounts due and owing to Administrative Agent and/or
Lenders under the Loan Documents (including, without limitation, attorneys' fees and
disbursements), became immediately due and payable.

4.    Under <u>Section 1</u> of the Guaranty, each of you is jointly and severally liable for payment of the outstanding principal balance of the Loan in the amount of $40,000,000.00.

**DEMAND IS HEREBY MADE UNDER THE GUARANTY FOR THE IMMEDIATE PAYMENT OF $40,000,000.00, WHICH PAYMENT SHOULD BE PAID DIRECTLY TO ADMINISTRATIVE AGENT IN ACCORDANCE WITH THE WIRING INSTRUCTIONS ATTACHED HERETO AS <u>EXHIBIT C</u>.**

Nothing herein is intended (or shall be deemed) to constitute a waiver of any rights and/or remedies Administrative Agent and/or Lenders may have under the Guaranty and/or any other Loan Documents or otherwise available to them at law or in equity, or a waiver of any other known or unknown Default or Event of Default which may exist on the date hereof. Administrative Agent and Lenders reserve any and all rights and remedies available to them under the Guaranty and/or the other Loan Documents or otherwise available to them at law or in equity, all of which shall remain in full force and effect.

You are further advised that no oral communication from or on behalf of Administrative Agent and/or Lenders (or its or their advisors) shall constitute an agreement, commitment or evidence of any assurance or intention by them with respect to any aspect of the Loan or the Guaranty. Any agreement, commitment, assurance or intention of Administrative Agent and/or Lenders with respect to any aspect of the Loan or the Guaranty shall be effective only if set forth in a writing duly executed by Administrative Agent.

Very truly yours,

HSH NORDBANK AG NEW YORK BRANCH

By:

Name:  Michael Carter
Title:  Senior Vice President
HSH Nordbank AG, New York Branch

By:

Name:  Gregory E. Allen
Title:  Senior Vice President
HSH Nordbank

cc:

| | |
|---|---|
| Bilzin Sumberg Baena Price & Axelrod LLP<br>Wachovia Financial Center<br>200 South Biscayne Boulevard, Suite 2500<br>Miami, Florida 33131<br>Attention: James Shindell, Esq. | |
| Bank of Scotland, Miami<br>1221 Brickell Avenue, Suite 1210<br>Miami, Florida 33131<br>Attention: Richard Grani<br>richardgrani@bankofscotlandusa.com | Natixis<br>1251 Avenue of the Americas, 34th Fl.<br>New York, NY 10020<br>Attention: Marie-Edith Dugeny<br>marie-edith.dugeny@natixis.us |

- 2 -

| | |
|---|---|
| Deutsche Hypothekenbank (Actien-Gesellschaft)<br>Georgesplatz 8<br>30159 Hannover – Germany<br>Attention:     Mr. Thomas Staats<br>                   Thomas.Staats@Deutsche-Hypo.de | KBC Bank, NV<br>1177 Avenue of the Americas<br>New York, NY  10036<br>Attention:  Mr. Nicholas Philippedes<br>                   Nicholas.Philippedes@KBC.be |
| LRP Landesbank Rheinland-Pfalz<br>c/o Landesbank Baden Wuerttemberg<br>280 Park Avenue, 31st Floor, West Building<br>New York, New York  10017<br>Attention:  Mr. Thomas Broschek<br>                   Thomas.Broschek@lbbwus.com | |
| Madeleine L.L.C.<br>299 Park Avenue, 23rd Floor<br>New York, New York  10171<br>Attention:  Mr. Tom Arnold | Jill D. Block, Esq.<br>Orrick, Herrington & Sutcliffe LLP<br>666 Fifth Avenue<br>New York, NY  10103-0001 |
| Mark R. Lehrer, Esq.<br>Sonnenschein Nath & Rosenthal LLP<br>1221 Avenue of the Americas<br>New York, New York 10020 | |
| Mr. Gregory Allen<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 | Jon Karnofsky, Esq.<br>HSH Nordbank AG<br>New York Branch<br>230 Park Avenue, 32nd Floor<br>New York, NY 10169-0005 |

**Exhibit C**

certifications of Borrower, the General Contractor or the Architect or Engineer(s) under this Agreement or any of the other Loan Documents or any other facts, information or reports furnished to either Administrative Agent or Lenders by Borrower hereunder.

### 11.3    Financial Reporting.

Borrower shall deliver or cause to be delivered to Administrative Agent:

(a)    within twenty (20) days after the end of each calendar month, Borrower shall provide to Administrative Agent a Condominium Unit sales report (the "**Monthly Sales Report**") setting forth, among other information, monthly and cumulative Gross Sales Proceeds and Net Sales Proceeds figures, for the Project as of the prior month, Condominium Unit Contract signings and closings for the prior month and on a cumulative basis, all in form and substance reasonably satisfactory to Administrative Agent;

(b)    within one hundred twenty (120) days after the end of the second and fourth quarters of each calendar year, Borrower shall cause the Guarantors to deliver to Administrative Agent a certificate, in form reasonably acceptable to Administrative Agent, certifying that the Guarantors are in compliance with the Financial Covenants.

(c)    within one hundred twenty (120) days after the end of each calendar year, Borrower shall furnish to Administrative Agent a current (as of the end of such calendar year) balance sheet and a detailed operating statement setting forth Gross Sales Proceeds, Net Sales Proceeds, Operating Revenues, Operating Expenses, Net Operating Income and Net Cash Flow for each of Borrower and the Project. Each such annual financial statement shall be audited and certified, without qualification, by an independent public accountant satisfactory to Administrative Agent (it being understood that Sharff, Wittmer, Kurtz & Jackson, P.A. is acceptable to Administrative Agent);

(d)    within one hundred twenty (120) days after the end of each calendar year, Borrower shall cause each Guarantor to furnish to Administrative Agent a current (as of the end of such calendar year) balance sheet and financial statement of such Guarantor prepared by a certified public accountant in Borrower's financing department or by Brody & Associates, P.A. or another independent public accountant satisfactory to Administrative Agent, certifying as to such Guarantor's net worth, net cash flow, liquidity, contingent liabilities and compliance with the Financial Covenants, in scope and detail satisfactory to Administrative Agent;

(e)    as and when executed, copies of all Condominium Unit Contracts (or prior to execution thereof, if Administrative Agent's approval of any such contract is required under this Agreement); and

(f)    within twenty (20) days after the end of each calendar month, Borrower shall provide, or cause Escrow Agent to provide, to Administrative Agent a monthly written report (the "**Monthly Purchase Deposit Report**") setting forth: (i) a schedule by purchaser and Condominium Unit of all Purchase Deposits received or released by Escrow Agent during such month and (ii) a schedule by purchaser and Condominium Unit of the total amount of all Purchase Deposits received and held (or released) by Escrow Agent.

Each of the foregoing financial statements shall be in scope and detail reasonably satisfactory to Administrative Agent and shall be accompanied by a certificate of the relevant principal of Borrower or Guarantor, as the case may be, stating that such financial statement(s) are true, correct and complete and that, to the best of his knowledge, no Default or Event of Default has occurred, or if a Default or Event of Default has occurred, specifying the nature thereof and the action proposed to be taken with respect thereto. All financial statements of (x) Borrower shall be prepared in accordance with the accrual basis of accounting currently used by Borrower for federal income tax purposes (which is a comprehensive basis of accounting) and (y) each Guarantor shall be prepared in accordance with sound accounting principles.

### 11.4    Additional Information.

Borrower will:

(i)    promptly supply Administrative Agent with such information concerning the affairs and property of Borrower relating to the development and operation of the Project as Administrative Agent may hereafter reasonably request from time to time;

(ii)    promptly notify Administrative Agent of any Default or Event of Default of which it is aware under this Agreement or under any of the Loan Documents, including any event or circumstance which results in the information which has been provided by it to Administrative Agent or Lenders including an untrue statement of material fact or omitting to state any material fact or any fact necessary to make the statements therein, in the light of the circumstances under which they were made, not misleading and in such event Borrower shall promptly furnish to Administrative Agent updated or revised information which will correct such untrue statement or include such omitted fact;

(iii)    promptly notify Administrative Agent of any event or circumstance resulting in, or which could reasonably be expected to result in, a Material Adverse Effect;

(iv)    promptly notify Administrative Agent of any materially adverse financial change in connection with the development or operation of the Project;

(v)    at any time during regular business hours upon prior notice, permit Administrative Agent, Lenders or any of their respective agents or representatives to have access to and examine all of Borrower's books and records, including, without limitation, those relating to the ownership, development, management, leasing, operation and/or Construction of the Project;

(vi)    permit Administrative Agent to copy and make abstracts from any and all of Borrower's and each Guarantor's books and records relating to the Project;

(vii)    from and after the occurrence of an Event of Default, annually cause each Guarantor to allow representatives of Administrative Agent and any Lender(s) to inspect his financial records, including records of entities in which he may have an equity interest, at each Guarantor's office, and to supply Administrative Agent and/or any such Lender(s) with such factual information as it and/or they may request in order to develop a schedule of each Guarantor's assets, liabilities, liquid net worth, cash flow, and contingent liabilities. Each

63