UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
HSH NORDBANK AG NEW YORK BRANCH, as     :
Administrative Agent for Itself and     :
Certain Lenders,                        :
                    Plaintiff,          :    08 Civ. 6131 (DLC)
                                        :
              -v-                       :    MEMORANDUM OPINION
                                        :         & ORDER
MICHAEL SWERDLOW, BRIAN STREET, and     :
JAMES COHEN,                            :
                    Defendants.         :
                                        :
----------------------------------------X
APPEARANCES:

For plaintiff:

Michael H. Barr
Justin N. Kattan
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, New York 10020

For defendants:

Raymond N. Hannigan
Ross L. Hirsch
Herrick, Feinstein LLP
2 Park Avenue
New York, New York 10016

John K. Shubin
Jeffrey S. Bass
Shubin & Bass P.A.
46 S.W. 1st Street, 3rd Floor
Miami, Florida 33130

DENISE COTE, District Judge:

    This action concerns the liability of three guarantors of a

loan agreement between a consortium of lenders, for which

plaintiff HSH Nordbank AG New York Branch ("plaintiff") served
as administrative agent, and a real estate development entity
previously controlled by the guarantors.  On November 23, 2009,
summary judgment was granted to plaintiff.  See HSH Nordbank AG
New York Branch v. Swerdlow, 672 F. Supp. 2d 409 (S.D.N.Y.
2009).[1]  On March 26, 2010, judgment was entered against the
guarantors, defendants Michael Swerdlow, Brian Street, and James
Cohen ("defendants"), in the amount of $75,623,164.62 (the
"Judgment").  Defendants are jointly and severally liable for
the entire amount of the Judgment.

On April 13, plaintiff moved for an order pursuant to 28
U.S.C. § 1963 to register the Judgment in the United States
District Court for the Southern District of Florida.  On April
19, defendants filed a notice of appeal from the Judgment.  On
April 29, defendants filed their opposition to plaintiff's
motion pursuant to 28 U.S.C. § 1963.  The motion became fully
submitted on May 6.

28 U.S.C. § 1963 provides that "[a] judgment in an action
for the recovery of money or property entered in any . . .
district court" may be registered for enforcement in another

---

[1] Defendants' motions for reconsideration of the November 23,
2009 Opinion granting summary judgment to plaintiff were denied
on March 24, 2010.  See HSH Nordbank AG New York Branch v.
Swerdlow, 08 Civ 6131 (DLC), 2010 WL 1141142, at *4 (S.D.N.Y.
Mar. 24, 2010) (emphasis added).

judicial district "when the judgment has become final by appeal or expiration of the time for appeal or <u>when ordered by the court that entered the judgment for good cause shown</u>." (emphasis added.)  "'Good cause' is established upon a mere showing that the party against whom the judgment has been entered has substantial property in the other foreign district and insufficient property in the rendering district to satisfy the judgment.'"  <u>Owen v. Soundview Fin. Group, Inc.</u>, 71 F. Supp. 2d 278, 279 (S.D.N.Y. 1999) (citation omitted).  A court may rely on affidavits and other documentary evidence in order to determine whether good cause has been shown.  <u>See, e.g.</u>, <u>id.</u>

Plaintiff has submitted sufficient evidence to demonstrate "good cause."  An asset search performed by plaintiff revealed that each of the defendants has real property and personal assets located in Florida and few, if any, assets located in New York.  In addition, plaintiff has submitted defendants' own deposition testimony showing that they own property in Florida.  Tellingly, defendants have not submitted sworn affidavits or any other evidence to controvert plaintiff's evidence that: (1) defendants lack assets sufficient to satisfy the Judgment in New York; and (2) defendants have substantial assets in Florida.  Plaintiff has therefore met its burden of showing that there is "good cause" to register the Judgment in Florida.

3

Defendants' primary objection to plaintiff's motion is that plaintiff has yet to foreclose on its collateral under the loan agreement. As was found previously, however, "[u]nder the Guaranties, the defendants waived any requirement that [plaintiff] 'exhaust any right or take any action against Borrower or any other person or entity or any collateral' prior to seeking payment from the Guarantors." See HSH Nordbank, 2010 WL 1141142, at *4 (emphasis added). Defendants also complain that plaintiff submitted its evidence concerning defendants' assets through the affidavit of its attorney. Defendants do not, however, dispute plaintiff's counsel's factual assertions concerning their lack of assets in New York and the availability of assets in Florida. Defendants' objections are thus without merit.

## CONCLUSION

Plaintiff's April 13 motion for an order pursuant to 28 U.S.C. § 1963 to register the March 26, 2010 Judgment in the United States District Court for the Southern District of Florida is granted.

SO ORDERED:

Dated:   New York, New York
         May 14, 2010

                                    DENISE COTE
                          United States District Judge

4